# Exhibit 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR TAXPAYER RIGHTS et al., *Plaintiffs*, v. INTERNAL REVENUE SERVICE et al., *Defendants*. | Civil Action No. 25-cv-457-CKK |

### DECLARATION OF JOHN A. KOSKINEN

I, John A. Koskinen, declare under penalty of perjury, under 28 U.S.C. § 1746, that the following is true and correct:

1. I served as Commissioner of the Internal Revenue Service ("IRS") from December 2013 through November 2017, under the Obama and Trump Administrations.

2. In my earlier roles in government service I also gained experience working with the agency. As the Deputy Director for Office of Management and Budget ("OMB") for management from 1994 to 1997 I worked with the IRS on the agency's implementation of information technology which involved coordination with the IRS's newly-appointed Chief Information Officer. Later, as the chairman of the President's Council on Y2K, 2000 Conversion, I continued work with the IRS relevant to Y2K's potential impacts on the agency's information technology.

3. As Commissioner of the IRS, I was statutorily responsible for administering, managing, conducting, directing, and supervising the application of the tax code. This included its provisions related to privacy and its provisions on taxpayer rights, including the implementation of the Taxpayer Bill of Rights. It was my statutory responsibility to ensure that employees of the IRS were familiar with taxpayer rights, including the right to privacy. *See* 26 U.S.C. § 7803.[1]

4. The IRS has long treated sensitive taxpayer information as highly confidential and accessible and shareable only in the limited instances in which an IRS employee requires the information for tax administration purposes or another agency meets one of the specific requirements for sharing of taxpayer data.

5. Even as the Commissioner, I was repeatedly trained in the IRS's policies concerning the treatment of sensitive taxpayer information. In these annual trainings, the agency emphasizes to every employee, from the Commissioner on down, the sanctity of the IRS's confidential treatment of taxpayer information and the agency's policy of protecting access to and limiting the sharing of taxpayer information on pain of agency discipline and criminal prosecution.

6. The IRS has treated the confidential nature, and strictly limited sharing, of taxpayers' information as a core principle of agency policy and of compliance with the requirements of the Internal Revenue Code.

7. In addition to the legal requirements to tightly protect taxpayer information from unnecessary sharing and disclosure, the IRS has sought to protect this data as a matter of policy for several important reasons. *First*, the agency has long assessed that it is critical

---

[1] https://www.law.cornell.edu/uscode/text/26/7803.

to assure taxpayers that their sensitive information is protected and secure to support the integrity of the tax system and to encourage taxpayers to file returns and pay their taxes. *Second*, the confidentiality and limited sharing of taxpayer data is critical to preventing tax filing fraud by criminal actors using taxpayer information. This fraudulent use of taxpayers' information in the past cost billions of dollars annually in the form of fraudulent refunds and greatly burdened affected taxpayers.

8. As a part of the IRS's confidential treatment of taxpayer information, the agency has strictly controlled its sharing of taxpayer information with other agencies and worked to share information only under circumstances where the taxpayers' data would be protected after it was shared.

9. For example, the IRS shares information with the Department of Education under a specific provision of the Internal Revenue Code for the purpose of administering federal student aid. In doing so, the IRS has historically adhered strictly to the limits on such sharing and has worked to ensure that the Department of Education has sufficient protections in place for taxpayer information once it is received from the IRS.

10. The IRS has similarly carefully shared taxpayers' information with other federal agencies for the purposes of criminal investigation in a manner that complies with the Internal Revenue Code's protections and ensures the protection of sensitive information. The IRS has, consequently, historically required the U.S. Department of Justice to request taxpayer data for its criminal matters by providing specific information about the relevant criminal matter. The IRS then has determined whether and how to share information for these criminal matters on a case-by-case basis, applying an individualized assessment of the request. Under these circumstances, there were no mass requests for sensitive

taxpayer information. Any request for the provision of such information en masse would constitute a clear break with IRS's longstanding approach to sharing information requested for the purposes of criminal law enforcement.

11. The IRS has historically, as a matter of both law and policy, not shared taxpayers' information with immigration authorities for the purpose of locating individuals suspected to be present in the country illegally. There is no provision of the Internal Revenue Code that provides for sharing taxpayers' information for the purposes of such immigration action. And, as a matter of policy, the IRS has long strictly protected the taxpayer information of immigrant tax filers as a matter of policy. Protecting immigrant taxpayers' data encourages them to file tax returns and pay taxes and bolsters the integrity of the tax system. Immigrant filers who may be concerned about the sharing of their information with immigration authorities have historically paid tens of billions of dollars annually in taxes as a result, at least in part, of the trust engendered by this policy.

12. In short, the IRS has long had a policy of strictly protecting taxpayer information both to conform with the requirements of the Internal Revenue Code and to further the policy aims of the agency to engender trust in the tax system and encourage the filing of tax returns and the paying of taxes. Under this policy, sharing with other agencies was undertaken carefully and requests for taxpayers' information related to criminal matters was handled on a case-by-case basis strictly in accordance with the law.

13. The information sharing contemplated now, from the outside, does not appear to be consistent with how the IRS approached privacy, confidentiality, and data sharing during my time as Commissioner. It raises concerns about the legality and the policy implications for the tax system to propose and effectuate such data sharing.

Washington, DC 20015

Executed on August 14, 2025

*John A. Koskinen* (signature)

John A. Koskinen