IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR TAXPAYER RIGHTS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-457-CKK |

**NOTICE REGARDING THE COURT'S SEPTEMBER 5, 2025 MINUTE ORDER**

Defendants respectfully provide notice to the Court regarding information their counsel learned on October 22, 2025.[1] Defendants state the following:

1.  On September 5, 2025, this Court held a hearing on Plaintiffs' Motion for Preliminary Injunction, ECF No. 30. After that hearing, the Court said, "Counsel for Defendants committed to notifying the Court within 24 hours if, while the Plaintiffs' motion is pending, the IRS either receives another request for information from DHS/ICE or makes plans to share additional information with DHS/ICE," and then ordered Defendants to make such notification. *See* Minute Order (D.D.C. Sept. 5, 2025).

2.  On October 22, 2025, the Department of the Treasury notified Defendants' counsel that, on October 21, 2025, it learned of a request from the U.S. Customs and Border Protection ("CBP")—a subcomponent of the Department of Homeland Security ("DHS"), but not part of the U.S. Immigration and Customs Enforcement ("ICE"). Defendants have assessed and do not

---

[1] Undersigned counsel endeavored to file this notice on October 22 before departing on a cross country flight but was delayed and unable to file it until completing said travel.

believe that the request falls within the ambit of the Court's order but are providing the information to the Court out of an abundance of caution.

3.  On or around September 11, 2025, the IRS received a request from CBP for certain corporate return information pursuant to 26 U.S.C. § 6103(l)(14). That provision of the Internal Revenue Code permits the IRS to share return information with CBP for the purposes of ascertaining the correctness of audits under the Tariff Act of 1930 or other actions to recover loss of revenue, collect duties, taxes, and fees determined to be due and owing pursuant to such audits under the Tariff Act.

4.  No individual tax return information was requested, and there is no authority for CBP to redisclose any tax return information obtained under section 6103(l)(14) of the Internal Revenue Code to ICE for any immigration enforcement or any other purpose.

5.  Further, no action has been taken on the request at this time.

Dated: October 23, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*J. Stephen Tagert*
J. Stephen Tagert
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L ST. N.W.
Washington, DC 20005
Tel: (202) 305-5486
stephen.tagert@usdoj.gov

*Counsel for Defendants*