**From:** Pandya Kaschit <Kaschit.Pandya@irs.gov>
**Sent:** Tuesday, July 1, 2025 10:39 AM
**To:** McMaster, Hunter <George.McMaster@treasury.gov>; Badgley, Tyler <Tyler.Badgley@treasury.gov>; [PII]
[PII] @IRSCOUNSEL.TREAS.GOV>
**Cc:** Pilkerton, Christopher <Christopher.Pilkerton@treasury.gov>; [PII]
[PII] @treasury.gov>
**Subject:** RE: Letter from ICE

We have not shared anything back with ICE per the direction from Andrew (De Mello) and [PII]

Sincerely,

Kaschit Pandya
Chief Information Officer / Chief Technology Officer
[PII]

For appointments, please reach out to [PII] @irs.gov)

---

**From:** George.McMaster@treasury.gov <George.McMaster@treasury.gov>
**Sent:** Tuesday, July 1, 2025 10:34 AM
**To:** Tyler.Badgley@treasury.gov; [PII] @IRSCOUNSEL.TREAS.GOV>; Pandya Kaschit <Kaschit.Pandya@irs.gov>
**Cc:** Christopher.Pilkerton@treasury.gov; [PII] @treasury.gov
**Subject:** RE: Letter from ICE

Kaschit – Can you please confirm whether information sharing is taking place? We need an update within the next hour.

Feel free to call me M: [PII]


Contents in my emails are considered draft or pre-decisional unless otherwise noted.

---

**From:** Badgley, Tyler <Tyler.Badgley@treasury.gov>
**Sent:** Tuesday, July 1, 2025 9:59 AM
**To:** [PII] @IRSCOUNSEL.TREAS.GOV>; Pandya, Kaschit (IRS) <Kaschit.Pandya@irs.gov>
**Cc:** Pilkerton, Christopher <Christopher.Pilkerton@treasury.gov>; McMaster, Hunter <George.McMaster@treasury.gov>
**Subject:** RE: Letter from ICE

It looks like [PII] is out this week. Kaschit, do you have some time to connect this afternoon? I'm free from 2-3 and 4-4:30.

Tyler

---

**From:** Badgley, Tyler
**Sent:** Monday, June 30, 2025 9:35 AM
**To:** [PII] @IRSCOUNSEL.TREAS.GOV>; Pandya, Kaschit (IRS) <Kaschit.Pandya@irs.gov>
**Cc:** Pilkerton, Christopher <Christopher.Pilkerton@treasury.gov>; McMaster, Hunter <George.McMaster@treasury.gov>
**Subject:** RE: Letter from ICE

Thanks, [PII] Can someone let us know when we expect to send back the first data?

Tyler

---

**From:** [PII] @IRSCOUNSEL.TREAS.GOV>
**Sent:** Friday, June 27, 2025 5:27 PM
**To:** Badgley, Tyler <Tyler.Badgley@treasury.gov>; Pandya, Kaschit (IRS) <Kaschit.Pandya@irs.gov>
**Cc:** Pilkerton, Christopher <Christopher.Pilkerton@treasury.gov>; McMaster, Hunter <George.McMaster@treasury.gov>
**Subject:** RE: Letter from ICE

Thanks, Tyler.  We are working on processing ICE's requests.

**PII**

Senior Technician Reviewer
Internal Revenue Service
Office of Chief Counsel (Procedure & Administration)
1111 Constitution Ave., NW
Washington, D.C. 20224

**PII**

---

**From:** Tyler.Badgley@treasury.gov <Tyler.Badgley@treasury.gov>
**Sent:** Friday, June 27, 2025 3:32 PM
**To:** Pandya Kaschit <Kaschit.Pandya@irs.gov>; [PII] @IRSCOUNSEL.TREAS.GOV>
**Cc:** Christopher.Pilkerton@treasury.gov; George.McMaster@treasury.gov
**Subject:** Letter from ICE

Kaschit and [PII]

Please see the attached letter from Todd Lyons, the Acting Director of ICE, providing  the required additional  information needed to begin  processing the request for information  sharing pursuant to the MOU.  We understand that this letter coupled with the data file comply with the requirements of the MOU and statute, and so IRS should begin processing and sharing information  back to ICE.  Please let me know if that is not the case for any reason.

Thank you,

Tyler

**Tyler S. Badgley**
Deputy General Counsel
U.S. Department of the Treasury
Tyler.Badgley@Treasury.gov |   **PII**

**From:**    Pandya Kaschit [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=ECE3A5115C7449F9A2856A92A5B2E6D7- [ PII ]
**Sent:**    7/7/2025 6:13:17 PM
**To:**    Long William H II [william.h.longii@irs.gov]; George.McMaster@treasury.gov [george.mcmaster@treasury.gov]; Christopher.Pilkerton@treasury.gov [christopher.pilkerton@treasury.gov]
**CC:**    Elleson Benjamin D [benjamin.d.elleson@irs.gov]
**Subject:**    DHS Data Analysis

CIR/Hunter/Chris,

Below is the breakdown of the 99 that didn't match. Please let me know if you have any questions. Thank you.

- No match found by name – **85**
- Name matches, but the address does not match (DHE sends address and should be used in matching, per the MOU) – **7**
- The SSN given by DHS exists but the name does not match – **7**

Sincerely,

Kaschit Pandya
Chief Information Officer / Chief Technology Officer
[ PII ] (C)

For appointments, please reach out to [ PII ] @irs.gov)

| From: | Pandya Kaschit [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=ECE3A5115C7449F9A2856A92A5B2E6D7- **PII** |
|---|---|
| Sent: | 7/14/2025 1:25:27 PM |
| To: | Pandya Kaschit [kaschit.pandya@irs.gov]; **PII** @hsi.dhs.gov]; **PII** **PII** @hsi.dhs.gov]; **PII** h@irscounsel.treas.gov]; **PII** **PII** @hsi.dhs.gov]; **PII** @associates.hsi.dhs.gov]; **PII** **PII** @hsi.dhs.gov]; **PII** @associates.hsi.dhs.gov]; **PII** )@hsi.dhs.gov]; **PII** @ice.dhs.gov]; **PII** **PII** @ice.dhs.gov]; **PII** @hsi.dhs.gov] |
| CC: | Morris Audrey M [audrey.m.morris@irscounsel.treas.gov]; Butler Paul T [paul.t.butler@irscounsel.treas.gov]; Kies Kenneth J [kenneth.j.kies@irscounsel.treas.gov]; Goldman Richard G [richard.g.goldman@irscounsel.treas.gov] |
| Subject: | Data Exchange |
| Location: | Microsoft Teams Meeting |
| Start: | 7/14/2025 3:00:00 PM |
| End: | 7/14/2025 3:30:00 PM |
| Show Time As: | Tentative |

| Required Attendees: | Pandya Kaschit; **PII** **PII** **PII** **PII** |
|---|---|
| Optional Attendees: | Morris Audrey M; Butler Paul T; Kies Kenneth J; Goldman Richard G |

-----Original Appointment-----
**From:** Pandya Kaschit <Kaschit.Pandya@irs.gov>
**Sent:** Saturday, July 12, 2025 3:26 PM
**To:** Pandya Kaschit; Pandya Kaschit; **PII**

**PII**

**Cc:** Morris Audrey M; Butler Paul T; Kies Kenneth J
**Subject:** Data Exchange
**When:** Monday, July 14, 2025 11:00 AM-11:30 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Microsoft Teams Meeting

-----Original Appointment-----
**From:** Pandya Kaschit <Kaschit.Pandya@irs.gov>
**Sent:** Saturday, July 12, 2025 1:25 PM
**To:** Pandya Kaschit; **PII** **PII** **PII** **PII**
**Subject:** Data Exchange
**When:** Monday, July 14, 2025 11:00 AM-11:30 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Microsoft Teams Meeting

_____

# Microsoft Teams  Need help?

# Join the meeting now

Meeting ID: ████████████

Passcode: ████████

---

## Dial in by phone

+███████████████ United States, Georgetown

[Find a local number](#)

Phone conference ID: ████████

For organizers: [Meeting options](#) | [Reset dial-in PIN](#)

Meeting hosts (organizers, co-organizers) hold responsibility for controlling the meeting environment, such as removing unauthorized parties, muting audio or video when appropriate to protect privacy, giving notice and getting consent for recording, promoting others as presenters or co-organizers to help moderate the meeting and chat, and setting meeting options. Please refer to IRM 10.5.1.6.18.2 for more information.

_____

| | |
|---|---|
| **From:** | [PII][/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=628F1998BAEB401BB3BDAB3B2007180[PII] |
| **Sent:** | 7/9/2025 9:24:31 PM |
| **To:** | [PII]@irscounsel.treas.gov]; Morris Audrey M [audrey.m.morris@irscounsel.treas.gov]; Paul William M [william.m.paul@irscounsel.treas.gov]; Butler Paul T [paul.t.butler@irscounsel.treas.gov]; Goldman Richard G [richard.g.goldman@irscounsel.treas.gov]; Wearing Robert T [robert.t.wearing@irscounsel.treas.gov]; Lesniak Emily M [emily.m.lesniak@irscounsel.treas.gov]; Kies Kenneth [Kenneth.Kies@treasury.gov]; Kies Kenneth J [kenneth.j.kies@irscounsel.treas.gov]; Pandya Kaschit [kaschit.pandya@irs.gov] |
| **CC:** | [PII]@treasury.gov]; [PII]@treasury.gov]; [PII] [PII]@irscounsel.treas.gov]; Elleson Benjamin D [benjamin.d.elleson@irs.gov] |
| **Subject:** | DHS MOU Implementation |
| **Location:** | Microsoft Teams Meeting; and in-person, IRS ROOM 3026 |
| **Start:** | 7/15/2025 2:30:00 PM |
| **End:** | 7/15/2025 3:00:00 PM |
| **Show Time As:** | Tentative |
| **Required Attendees:** | [PII] Morris Audrey M; Paul William M; Butler Paul T; Goldman Richard G; Wearing Robert T; Lesniak Emily M; Kies Kenneth; Kies Kenneth J; Pandya Kaschit |
| **Optional Attendees:** | [PII], [PII]@treasury.gov; [PII]; Elleson Benjamin D |

```
7/14/2025 Rescheduled from Friday, July 11th.  Thanks [PII]

Microsoft Teams

Need help? https://aka.ms/JoinTeamsMeeting?omkt=en-US

Join the meeting now: ███████████████████████
████████████████████████████████████████████████

Meeting ID: ████████████████
Passcode: ██████████

Dial in by phone

+1 ████████████████████

Find a local number: https://dialin.teams.microsoft.com██████████████████████

Phone Conference ID: ██████████████


For organizers:

Meeting options: ████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████


Meeting hosts (organizers, co-organizers) hold responsibility for controlling the meeting environment,
such as removing unauthorized parties, muting audio or video when appropriate to protect privacy, giving
notice and getting consent for recording, promoting others as presenters or co-organizers to help
moderate the meeting and chat, and setting meeting options. Please refer to IRM 10.5.1.6.18.2 for more
information.
```

| From: | Morris Audrey M [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=5435A48E757B47DB9FAA0073CDE6DB1B ⟦PII⟧ |
|---|---|
| Sent: | 7/18/2025 12:03:18 PM |
| To: | Morris Audrey M [audrey.m.morris@irscounsel.treas.gov]; Kies Kenneth J [kenneth.j.kies@irscounsel.treas.gov]; Kenneth.Kies@treasury.gov [kenneth.kies@treasury.gov]; Butler Paul T [paul.t.butler@irscounsel.treas.gov]; Goldman Richard G [richard.g.goldman@irscounsel.treas.gov]; Pandya Kaschit [kaschit.pandya@irs.gov] ⟦PII⟧ ⟦PII⟧ @irs.gov] |
| CC: | ⟦PII⟧ @irscounsel.treas.gov]; ⟦PII⟧ @treasury.gov;Paul William M [william.m.paul@irscounsel.treas.gov]; ⟦PII⟧ @irs.gov]; ⟦PII⟧ ⟦PII⟧ @irs.gov];Walker John J [john.j.walker@irs.gov]; Romo Dottie A [dottie.a.romo@irs.gov] |
| Subject: | DHS MOU |
| Location: | Microsoft Teams Meeting; and in-person IRS Room 3026 |
| | |
| Start: | 7/18/2025 6:30:00 PM |
| End: | 7/18/2025 7:00:00 PM |
| Show Time As: | Busy |
| | |
| Required Attendees: | Kies Kenneth J; Kenneth.Kies@treasury.gov; Butler Paul T; Goldman Richard G; Pandya Kaschit ⟦PII⟧ |
| Optional Attendees: | ⟦PII⟧ @treasury.gov; Paul William M; ⟦PII⟧ ⟦PII⟧ Walker John J; Romo Dottie A |

---

**From:** Morris Audrey M
**Sent:** Tuesday, July 15, 2025 2:28:48 PM
**To:** Morris Audrey M <Audrey.M.Morris@IRSCOUNSEL.TREAS.GOV>; Kies Kenneth J <Kenneth.J.Kies@irscounsel.treas.gov>; Kenneth.Kies@treasury.gov <kenneth.kies@treasury.gov>; Butler Paul T <Paul.T.Butler@IRSCOUNSEL.TREAS.GOV>; Goldman Richard G <Richard.G.Goldman@IRSCOUNSEL.TREAS.GOV>; Pandya Kaschit <Kaschit.Pandya@irs.gov>; ⟦PII⟧ @irs.gov>
**Cc:** ⟦PII⟧ @irscounsel.treas.gov>; ⟦PII⟧ @treasury.gov; ⟦PII⟧ @treasury.gov>; Paul William M <William.M.Paul@IRSCOUNSEL.TREAS.GOV>; Walker John J <John.J.Walker@irs.gov>; ⟦PII⟧ @irs.gov>; ⟦PII⟧ @irs.gov>; Keith James D <James.D.KeithJr@irs.gov>; ⟦PII⟧ @irs.gov>; ⟦PII⟧ ⟦PII⟧ @irs.gov>
**Subject:** DHS MOU
**When:** Friday, July 18, 2025 2:30 PM-3:00 PM.
**Where:** Microsoft Teams Meeting; and in-person IRS Room 3026

---

-----Original Appointment-----
**From:** Morris Audrey M <Audrey.M.Morris@IRSCOUNSEL.TREAS.GOV>
**Sent:** Tuesday, July 15, 2025 11:22 AM
**To:** Morris Audrey M; Kies Kenneth J; Kenneth.Kies@treasury.gov; Butler Paul T; Goldman Richard G; Pandya Kaschit; ⟦PII⟧
**Cc:** ⟦PII⟧ ⟦PII⟧ @treasury.gov; Paul William M
**Subject:** DHS MOU
**When:** Friday, July 18, 2025 2:30 PM-3:00 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Microsoft Teams Meeting; and in-person IRS Room 3026

# Microsoft Teams Need help?

## Join the meeting now

Meeting ID ████████████

Passcode ███████

---

**Dial in by phone**

+1 7██████████ United States, Georgetown

Find a local number

Phone conference ID: ████████

For organizers: Meeting options | Reset dial-in PIN

Meeting hosts (organizers, co-organizers) hold responsibility for controlling the meeting environment, such as removing unauthorized parties, muting audio or video when appropriate to protect privacy, giving notice and getting consent for recording, promoting others as presenters or co-organizers to help moderate the meeting and chat, and setting meeting options. Please refer to IRM 10.5.1.6.18.2 for more information.

---

**DHS-ICE Data Exchange Overview**

**Step 1 - IRS receives input file from DHS**
- The input file is delivered via Kiteworks to IRS.
- Upon receipt, the file is downloaded to one of the Integrated Customer Communication Environment (ICCE) servers for pre-processing.
- The input file is in CSV format. It contains 21 data columns (see Appendix for the full list).

**Step 2- Preprocessing task**
- **Purpose:** The pre-processing task ensures data quality and requested business rules before proceeding to the next processing step.
- **Data Validation:** The preprocessing step validates specific data elements such as CIVID, LName, FNname, FINAL_ORDER_DATE, EARM_ADDRESS, CRIMINAL STATUTE, TAXABLE PERIOD, ICE-POC.
- **Specific Validation Rules:**
  - CIVID: Must not be empty.
  - LName: Must not be empty. Required for processing
  - FNname: Must not be empty. Required for processing
  - TAXABLE PERIOD: Must not be empty. Required for processing
  - FINAL_ORDER_DATE: Must not be empty. Must be valid date and over 90 days from the current date.
  - EARM_ADDRESS: Must not be empty and must contain zip code.
  - CRIMINAL STATUTE: Must not be empty, and must contain the specific value (8 U.S.C. Â§ 1253(a)(1))
  - ICE-POC: Must not be empty.
- **Rejecting Records:** If any record fails any of the above validation rules, the record is rejected and not processed further.
  - When a record is rejected, the REJECT_REASON is captured in the internal review file (Step 4(a)). This is for internal tracking and quality checks only and not shared with DHS.
- Once the preprocessing completes the records are ready to be processed and the file is transmitted to the EDP for processing.

**Step 3- Finding the last known address main process**
**Goal:** Process input records based on the input data fields.
**Process:**
- **SSN-Based Lookup**: If a record has an SSN, perform a lookup using SSN and name to identify the individual.
- **Name & Address-Based Processing**: If an SSN isn't available, process the record using the name and address.

**Step - 3a) SSN-Based Lookup:**
**SSN-Based Lookup Process Overview**

The SSN-Based Lookup is utilized only when the SSN is provided in the input file. It will retrieve the most recent address data for a taxpayer by comparing input records with the CADE2 database using a multi-step validation process.

**Lookup Logic and Matching Criteria**

1. SSN Matching:
   - Search by SSN in the CADE2 database for the specified tax period range.
2. Name Verification:
   - If a matching SSN record is found within the tax periods window:
     - The last name and first name from the input file are compared against all the names that exists in CADE2 for that SSN.
     - Hyphens are ignored during the name comparison.
     - If the taxpayer has multi-word names (e.g., first and/or last names composed of two words), both first and last names must have a match on at least one of the words.
     - A successful name match proceeds to the address retrieval step (Step 3c).
3. When a record is MATCHED additional details are captured for internal review Ex: MATCHED ON PARTIAL NAME AND SSN when its partial name match.

**SSN Availability**

- Approximately 10% of the input data has the SSN based on the last file we received

---

**Step -3b) Name & Address-Based Processing:**

Address-Based Matching is applied when there is no SSN on the input record but the record contains both Name and Address fields. This process attempts to validate and match taxpayer data using name and address details against the CADE2 database.

**Look up logic and Matching Criteria**

1. Name Matching:
   - The process begins by matching the name from the input record against the Primary or Secondary Name in the CADE2 database.
   - This is an exact match process.
     - Hyphens are ignored during the comparison.
   - If a match is found on the name, the process proceeds to address matching.
2. Address Matching:
   - The address from the input file is matched against both the current and historical addresses of the taxpayer in CADE2.
   - The match must:
     - Be an exact match on the address.
     - Fall within the requested tax periods.
   - If a qualifying address is found, the record is considered a match and Status is set to MATCHED, and proceeds to the address retrieval step (Step 3c).
3. Unmatched Status:

- o If no exact match is found on either name or address, the record is flagged with Status = UNMATCHED.

---

**Step -3c) Address Retrieval and Status Assignment**

- When a match is confirmed:
  - o The last known address is retrieved from CADE2 taxpayer address data.
  - o The corresponding input record is updated with:
    - ▪ The IRS last known address.
    - ▪ The Status set to MATCHED.
- When no matching record is found:
  - o The Status is set to UNMATCHED.

---

**Step 4 – Post processing task**

Two output files are generated after processing:

1. Internal Review File

- Purpose: Used for internal review by PGLD and Counsel.
- Contents:
  - o All original 21 columns from the input file.
  - o Additional columns appended:
    - ▪ IRS_STATUS (MATCHED/UNMATCHED/REJECTED)
    - ▪ IRS_LAST_KNOWN_ADDRESS
    - ▪ REASON : Will contain rejected reason(s), matched or unmatched reasons.

2. Summary Output File

- Purpose: For release to DHS-ICE
- Contents:
  - o CIVID
  - o IRS_STATUS
  - o IRS_LAST_KNOWN_ADDRESS

---

**Step -5 Long Term Storage**

- The input and output files will be stored in a secure archival location, which is yet to be determined. Coordination is currently underway with the SharePoint team to establish this location.
- Upon completion of processing and successful transfer of files to long-term storage, the data will be removed from the EDP and ICCE processing locations.

---

**Appendix:** List of columns from the input file

1. CIVID
2. ANumber
3. LName

4. FName
5. MName
6. DOB
7. COC
8. COB
9. FBI
10. SSN
11. FINS
12. SEX_CODE
13. PRIORITY_DSC
14. EARM_CASE_ID
15. FINAL_ORDER_DATE
16. EARM_ADDRESS
17. CASE_CREATE_DATE
18. FINAL_ORDER_Y_N
19. CRIMINAL STATUTE
20. TAXABLE PERIOD
21. ICE-POC

**DHS-ICE Data Exchange Draft QC**

**Objective-** To test the matching process and the output generated for the DHS-ICE Data Exchange. The testing process is done in the steps listed below.

- Provide a random sampling of the output data file created for internal review to PLGD for quality check.
- Refer to the DHS-ICE-overview doc for additional details on the specifications.

---

**Step-1:** Provide two random samples from the output data created for internal review and provide the outputs to PGLD for verification.

**Matched Sample:** Contains random sampling of 203 matched records.

- This will include records matched on name and SSN.
- Records matched on name and address
- Sample stats
  - Total records with SSN- 180
  - Total records without SSN -23

**Unmatched Sample:** Contains random sampling of 203 unmatched records.

- This will include records unmatched on name and SSN
- Records unmatched on names and address
- Sample stats
  - Total records with SSN- 14
  - Total records without SSN -189

---

**Step-2:** Provide source data for the matched sample for verification

**Source data for matched records:** Contains 2 sets of data files.

- First set is pulled based on SSNs
- Second set is pulled based on Name when there is no SSN

**First Set:** Data is pulled based on the SSNs from the matched sample file.

- Only the current address information is pulled in this sample
- Includes the following data elements from CADE2
  - 
  -
  -
  -

: 

**Second Set:** Data is pulled based on the matching first name, last name

- o Address history records within that State that match the input EARM address are pulled.
- o Data also includes current address information for matched names
- o The State filter only applies to the address history data.
- o Contains the following data elements

  

- o current address is determined by the effective end date. if the effective end date is set to 9999-12-31 that is the current address.
- o The address history is provided to verify if the EARM address matches one of the addresses in the CADE2 address history or the current address.

---

**Step-3:** Provide source data for the unmatched sample for verification.

**Source data for unmatched records:** Contains 2 sets of data files.

- First set is pulled based on SSNs
- Second set is pulled based on Name when there is no SSN
- Data is pulled the same way as in Step 2

---

| | |
|---|---|
| **From:** | Walker John J [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E88A1FC6BE7C419E9B4D00BA936332A0- **PII** |
| **Sent:** | 7/29/2025 5:52:53 PM |
| **To:** | **PII** @irs.gov]; Romo Dottie A [dottie.a.romo@irs.gov] |
| **CC:** | **PII** ]@irs.gov]; **PII** r@irs.gov]; **PII** **PII** @irs.gov]; **PII** @irs.gov]; **PII** @irs.gov] |
| **Subject:** | IRS-DHS ICE Update (Information only) |

Dottie **PII**

I wanted to update you on the status of the DHS data sharing. PGLD continues to meet daily and work with Counsel and IT on this effort. One area that is not completely clear is who is updating the Commissioner on the status. Additionally, his approval will be required before any information is transmitted back to DHS.

Let me know if you have any questions.

## IRS-DHS ICE Update as of 7/29/2025

- 6/27/2025: DHS submitted the data file ~1.3M records.
- IT completed the matching run; result is:
  - 3.7% match,
  - 93.7% non-match,
  - 2.6% reject; data provided did not meet MOU specifications.
- Quality Control:
  - RAAS advised a sample of 406 records would provide a 95% confidence level, 203 match and 203 non-matches.
  - IT will provide the output file and an address file for PGLD to review for QC.
  - RAAS confirmed this sample and methodology will achieve 95 % confidence level.
- PGLD is completing an Interim Guidance Memo, to cover delegation for IT delivery of results.
- IT, Counsel, and PGLD have been coordinating IDR responses for the TIGTA audit for this matter. ***PGLD is lead stakeholder.***
- Because the unique circumstances of this data exchange, it is unclear if the Commissioner has been briefed by Chief Counsel or IT on these results.
- No data will be exchanged until CIR approval.

**Jack Walker**
**IRS Chief Privacy Officer (acting)**
Cell:        **PII**
Office:      **PII**

| | |
|---|---|
| From: | Walker John J [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E88A1FC6BE7C419E9B4D00BA936332A0 **PII** |
| Sent: | 8/4/2025 7:39:27 PM |
| To: | **PII** @irs.gov] |
| CC: | **PII** @irs.gov]; **PII** @irs.gov]; **PII** **PII** @irs.gov] |
| Subject: | REQUEST: Meeting to update and request approval for the DHS/IRS data sharing |

Good afternoon **PII**

The DHS data extraction process has been created and quality reviewed. The data extraction process is ready and we would like to brief the Commissioner and request his approval on Wednesday. Since PGLD, IT, and Counsel worked closely on this can you include me, Dottie Romo, Kaschit Pandya and Paul Butler.

Thanks, let me know if you need anything else.

**Jack Walker**
**IRS Chief Privacy Officer (acting)**

**PII**

---

**From:** Romo Dottie A <Dottie.A.Romo@irs.gov>
**Sent:** Sunday, August 3, 2025 4:51 PM
**To:** Walker John J <John.J.Walker@irs.gov>; **PII** @irs.gov>
**Cc:** **PII** @irs.gov>; **PII** @irs.gov>; **PII** **PII** @irs.gov>; **PII** @irs.gov>; Elleson Benjamin D <Benjamin.D.Elleson@irs.gov>
**Subject:** RE: UPDATE : For Review: Draft 6103i2 Cover Letter

Thank you. The CIR will not be back until Wednesday. Can you work with **PII** to get time on his calendar for Wednesday to discuss.

**Dottie Romo**
Chief Operating Officer
Department of the Treasury | Internal Revenue Service
1111 Constitution Ave NW, Washington DC 20224
Dottie.A.Romo@irs.gov

Executive Assistant **PII**
**PII**
Program Manager **PII**
**PII**
Deputy COO (Acting): **PII**
**PII**

---

**From:** Walker John J <John.J.Walker@irs.gov>
**Sent:** Friday, August 1, 2025 4:13 PM
**To:** Romo Dottie A <Dottie.A.Romo@irs.gov>; **PII** @irs.gov>
**Cc:** **PII** @irs.gov>; **PII** @irs.gov>; **PII** **PII** @irs.gov>; **PII** @irs.gov>

**Subject:** UPDATE : For Review: Draft 6103i2 Cover Letter
**Importance:** High

Attached is the updated cover letter cleared by IT and Counsel. We will not be looking for CIR approval until Monday at the earliest (understanding that he is off the start of next week and it may take time for him to decide).

If you have any questions, let me know. I will be here for a bit longer. I don't always have my work phone on the weekends but can almost always be reached at [ PII ]

Have a great weekend!
Jack

---

**From:** Walker John J
**Sent:** Friday, August 1, 2025  9:59 AM
**To:** Romo Dottie A <Dottie.A.Romo@irs.gov>; [ PII ]@irs.gov>
**Cc:** [ PII ]@irs.gov>; [ PII ]@irs.gov>; [ PII ]@irs.gov>; [ PII ]@irs.gov>
**Subject:** For Review: Draft 6103i2 Cover Letter
**Importance:** High

Dottie/[ PII ]

For Review: draft cover letter to be sent with accompanying results for the DHS data request.

A couple of points on the cover letter:

- I wanted to get this in front of you ASAP, but Counsel and IT are reviewing as well. Counsel expects to complete the review today.
- Signature on the cover letter is from IT since they are pulling and transmitting the data. PGLD re-delegated the authority for this data exchange only.

Other notes of interest:

- We are 75% through the QC and there are no issues identified.
- There has been discussion that some in Treasury (not sure who as this was conveyed 3rd and 4th hand) had been targeting today for transmittal. No one on the IRS side has heard that formally.
- ***Everything may be in place this afternoon and at that point we will need you to brief and obtain necessary approval from CIR.*** I will keep you posted on the status.
- 

# AC/WP/DPP

Let me know if you have any feedback on the cover letter or questions about the status.
Thanks

**Jack Walker**
**IRS Chief Privacy Officer (acting)**

# PII

**From:** PII @irs.gov>
**Sent:** Friday, August 1, 2025  8:08 AM
**To:** Keith James D <James.D.KeithJr@irs.gov>; PII @irs.gov>; PII PII @irs.gov>; PII PII @irscounsel.treas.gov>; PII PII @IRSCOUNSEL.TREAS.GOV>; Goldman Richard G <Richard.G.Goldman@IRSCOUNSEL.TREAS.GOV>
**Cc:** PII @irs.gov>; PII @irs.gov>; PII PII @irs.gov>

**Subject:** Draft 6103i2 Cover Letter
**Importance:** High

Hi everyone,

Attached is a draft cover letter that can be edited and accompany the match results delivery to DHS-ICE once approved by the Commissioner.

Thank you!



PII
Acting Director
Governmental Liaison, Disclosure, & Safeguards, PGLD
Internal Revenue Service
PII

From:  **PII**  [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=A7FEB64DBAEF47F7807EA11FEF5E7283 **PII**
Sent:  8/5/2025 4:23:55 PM
To:  Walker John J [john.j.walker@irs.gov]
CC:  **PII** @irs.gov]; **PII** @irs.gov]
Subject:  DHS Notes for Briefing
Attachments:  dhsdxoverview.pdf

Jack – here are my high level notes for a CIR briefing, let me know if you have questions or need more information – thanks!

**IT Script Overview**
- See attached.

**Timeline**
- ICE submitted required written request and data file to IRS of almost 1.3M records on 6/27/2025.
- IT has been writing and revising the script based on quality control and reviews.
- PGLD, Counsel, and IT meet almost daily on this effort.

**ICE Required Submission Fields per MOU**
- ICE will disclose the following subject identifier information: Case Identifier; Alien Number; First, Middle and Last Name; Date of Birth; Address Information; Country of Citizenship; FBI Numbers, and Fingerprint Identification Number (FINS).

**Results**
- 3% match on 1.3M records

**Next Steps**
- With CIR approval, IRS will share matches, unmatches, and rejects via Kiteworks with cover letter included to ICE.

# Table of Contents

DHS-ICE Data Exchange Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Architecture Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Interface Specifications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Input Record Layout . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Output Record Layout . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Internal Output Record layout for validation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Draft Flow . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Discussion points . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# DHS-ICE Data Exchange Overview

On demand process to provide last known address information based on the individaul's information request from ICE.

## Architecture Overview

The following diagram illustrates the high-level architecture overview:



*Figure 1. Architecture Overview Draft*

TD_0000136

# Interface Specifications

input & output will be in csv format

## Input Record Layout

| Field Name | Example Value | Additional Info |
|---|---|---|
| CIVID | 919945990 | Unique Indentifier |
| ANumber | 077799888 | |
| LName | Smith | Required, reject when not present |
| FName | Joe | Required, reject when not present |
| MName | I | |
| DOB | 01/01/2001 | Not using or validating with dob |
| COC | POLAND | |
| COB | PANAMA | |
| FBI | KATPIEPA0 | |
| SSN | 123011234 | Not required, will be used as key when present |
| FINS | 5000001 | |
| SEX_CODE | M | |
| PRIORITY_DSC | CHARGE | |
| EARM_CASE_ID | 1119991 | |
| FINAL_ORDER_DATE | 12/28/1995 | Required (must be over 90 days from current day) |
| CASE_CREATE_DATE | 12/28/2008 | |
| EARM_ADDRESS | 123 E Main ST, NEW YORK, NY, 850073115 | Required, reject when zip code is not present |
| CRIMINAL STATUTE | 8 USC 1325 | Required, reject when doesn't match specific values provided |
| TAXABLE PERIOD | JAN_2022_PRESENT | Required using to limit address history search |
| ICE-POC | Joe smith joe.smith@dhs.gov | |

## Output Record Layout

| Field Name | Example Value | Additional Info |
|---|---|---|
| CIVID | 919945990 | Unique Indentifier |

2

TD_0000137

| Field Name | Example Value | Additional Info |
|---|---|---|
| IRS_STATUS | REJECT | Possible values REJECTED/MATCHED/UNMATCHED |
| IRS_LAST_KNOWN_ADDRESS | 123 E ELK CT, COLE, CT, 123456 | Only when the status is MATCHED |

## Internal Output Record layout for validation

| Field Name | Example Value | Additional Info |
|---|---|---|
| CIVID | 919945990 | Unique Indentifier |
| ANumber | 077799888 | |
| LName | Smith | Required, reject when not present |
| FName | Joe | Required, reject when not present |
| MName | I | |
| DOB | 01/01/2001 | Not using or validating with dob |
| COC | POLAND | |
| COB | PANAMA | |
| FBI | KATPIEPA0 | |
| SSN | 123011234 | Not required, will be used as key when present |
| FINS | 5000001 | |
| SEX_CODE | M | |
| PRIORITY_DSC | CHARGE | |
| EARM_CASE_ID | 1119991 | |
| FINAL_ORDER_DATE | 12/28/1995 | Required (must be over 90 days from current day) |
| CASE_CREATE_DATE | 12/28/2008 | |
| EARM_ADDRESS | 123 E Main ST, NEW YORK, NY, 850073115 | Required, reject when zip code is not present |
| CRIMINAL STATUTE | 8 USC 1325 | Required, reject when doesn't match specific values provided |
| TAXABLE PERIOD | JAN_2022_PRESENT | Required using to limit address history search |
| ICE-POC | Joe smith joe.smith@dhs.gov | |
| IRS_NAME_LINE | JOE RAN SMITH | Filed Name |

| Field Name | Example Value | Additional Info |
|---|---|---|
| IRS_STATUS | REJECTED/MATCHED/UNMATCHED | |
| IRS_MATCH_TYPE | TIN/NAME/NAMEADDRESS | |
| IRS_LAST_KNOWN_ADDRESS | 123 E ELK CT, COLE, CT, 123456 | Only when the status matches |

# Draft Flow



# Discussion points

- How long should the data be retained?
- Where do we store the response data? Share point

TD_0000139

- Should the response data be audited?
- volume & frequency of the data we are expecting

TD_0000140

| | |
|---|---|
| **From:** | Long Billy [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5cd48fc7ed6445dcbf58c1f70ed9b302-[ PII ]] |
| **Sent:** | 8/4/2025 9:04:14 PM |
| **To:** | Long Billy [billy.long@irs.gov]; Pandya Kaschit [kaschit.pandya@irs.gov]; Kies Kenneth J [kenneth.j.kies@irscounsel.treas.gov]; Walker John J [john.j.walker@irs.gov]; Romo Dottie A [dottie.a.romo@irs.gov]; Butler Paul T [paul.t.butler@irscounsel.treas.gov]; Morris Audrey M [audrey.m.morris@irscounsel.treas.gov]; Kenneth.Kies@treasury.gov [kenneth.kies@treasury.gov]; Keith James D [james.d.keithjr@irs.gov] |
| **CC:** | Elleson Benjamin D [benjamin.d.elleson@irs.gov]; Capece Louis P [louis.capece@irs.gov] |
| **Subject:** | URGENT: DHS x IRS Data Sharing Approval |
| **Location:** | IR 3000 or MS Teams |
| **Start:** | 8/6/2025 2:30:00 PM |
| **End:** | 8/6/2025 2:50:00 PM |
| **Show Time As:** | Busy |

| | |
|---|---|
| **Recurrence:** | (none) |
| **Required Attendees:** | Pandya Kaschit; Kies Kenneth J; Walker John J; Romo Dottie A; Butler Paul T; Morris Audrey M; Kenneth.Kies@treasury.gov; Keith James D |
| **Optional Attendees:** | Elleson Benjamin D; Capece Louis P |

8/5/25 – Hard stop at 10:55 for next meeting, CIR cannot be late. PII
8/4/25 – PII

Purpose: Meeting scheduled per request with a need for urgency regarding the data extraction process and request for CIR approval.

_____

# Microsoft Teams [Need help?](#)

## **[Join the meeting now](#)**

Meeting ID: ▮▮▮▮▮▮▮▮▮
Passcode: ▮▮▮▮▮▮

_____

## **Dial in by phone**

[+1 202-](#)▮▮▮▮▮▮▮▮▮ United States, Washington
[Find a local number](#)
Phone conference ID: ▮▮▮▮▮▮▮

For organizers: [Meeting options](#) | [Reset dial-in PIN](#)

Meeting hosts (organizers, co-organizers) hold responsibility for controlling the meeting environment, such as removing unauthorized parties, muting audio or video when appropriate to protect privacy, giving notice and getting consent for recording, promoting others as presenters or co-organizers to help moderate the meeting and chat, and setting meeting options. Please refer to IRM 10.5.1.6.18.2 for more information.

TD_0000142



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

INFORMATION TECHNOLOGY

Date: August 7, 2025

Todd M. Lyons
Acting Director
United States Immigration and Customs Enforcement (ICE)
Department of Homeland Security (DHS)
Washington, DC 20536

Subject:  IRS-DHS Memorandum of Understanding – Production of Address
Information

Dear Acting Director Lyons:

We are writing in response to your letter dated June 27, 2025, in which you requested, pursuant to the IRS-DHS Memorandum of Understanding dated April 7, 2025, and the IRS-DHS Implementing Agreement dated April 18, 2025 (collectively, the "MOU"), the last known addresses of individuals listed in a data file you transmitted separately to the IRS via Kiteworks on June 25, 2025.

The IRS has processed your request and is providing the last known addresses of identifiable individuals in a datafile titled earm_full_delta_schema_v2_irsoutput_20250806.csv (the "Data File") and transmitted to ICE via Kiteworks on August 6, 2025.  Pursuant to the MOU, the Data File also indicates a "no match" for the individuals whose addresses the IRS was unable to identify from the information you provided.  Please note that the addresses being provided in the datafile are the last known addresses of the identifiable individuals as of August 6, 2025, the date we completed processing your request.  Address information in IRS records may change thereafter if IRS receives change of address information from individuals or from the U.S. Postal Service.

You are provided this information with the understanding that it will be used strictly in accordance with, and subject to the limitations and disclosure provisions of, section 6103(i)(2) of the Internal Revenue Code (IRC) (26 U.S.C. § 6103(i)(2)) and the MOU. As provided therein, the information can only be disclosed to the persons and only for the purposes described in section 6103(i)(2).  Information disclosed or used contrary to these provisions may subject the agency to civil damages under IRC Section 7431, and its employees (including contractors) to criminal liability under IRC Sections 7213 or 7213A, as well as Section 1905 of Title 18 of the United States Code.

2

If you have any questions, please contact me.

Very truly yours,

# James D. Keith Jr.

Digitally signed by James D.
Keith Jr.
Date: 2025.08.07 14:47:55
-04'00'

James Keith
Coordinating Director,
Taxpayer Services and Experience,
Information Technology
Internal Revenue Service

| | |
|---|---|
| From: | Capece Louis P [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=295416029B5B467DA3FA91ECFC3F3E2A `PII` |
| Sent: | 8/7/2025 8:04:15 PM |
| To: | Long Billy [billy.long@irs.gov] |
| CC: | Pandya Kaschit [kaschit.pandya@irs.gov]; Elleson Benjamin D [benjamin.d.elleson@irs.gov] |
| Subject: | RE: Next Steps: MOU |

Hi Commissioner,

Sending one final email to inform you that the data is now available in Kiteworks and DHS/ICE has been notified that the information is available.

If you have any questions, please let me know.

Thanks

# Lou Capece

Coordinating Director, Infrastructure
King of Prussia, Pa

```
┌─────────────────────┐
│       PII           │
└─────────────────────┘
```

---

**From:** Capece Louis P
**Sent:** Thursday, August 7, 2025 3:20 PM
**To:** Long Billy <Billy.Long@irs.gov>
**Cc:** Pandya Kaschit <Kaschit.Pandya@irs.gov>; Elleson Benjamin D <Benjamin.D.Elleson@irs.gov>
**Subject:** RE: Next Steps: MOU

Hi Commissioner,

We reran the data set yesterday and the new match amount is **47,289**.  Per our discussion yesterday, the final number of matches will change based on the date/time of the run, as it is associated with the Final Order Date.  The date must be greater than 90 days or we reject the record.   Running yesterday brought more records out of the 90-day window.   We are preparing to have the data available on Kiteworks shortly and will notify DHS/ICE.

Thanks

# Lou Capece

Coordinating Director, Infrastructure
King of Prussia, Pa

```
┌─────────────────────┐
│       PII           │
└─────────────────────┘
```

**From:** Long Billy <Billy.Long@irs.gov>
**Sent:** Thursday, August 7, 2025 2:07 PM
**To:** Capece Louis P <Louis.Capece@irs.gov>
**Subject:** Fw: Next Steps: MOU

---

**From:** Long Billy <Billy.Long@irs.gov>
**Sent:** Thursday, August 7, 2025 1:59:53 PM
**To:** Pandya Kaschit <Kaschit.Pandya@irs.gov>
**Cc:** Elleson Benjamin D <Benjamin.D.Elleson@irs.gov>
**Subject:** Fw: Next Steps: MOU

Hi Kaschit,

Trust all is well! I would like for you to disclose via Kiteworks the responsive records (the 47,421 matches identified by the IRS from the data set of 1,277,464 records provided by ICE) to the appropriate point of contact at ICE.

Thanks,

Billy

---

**From:** Kenneth.Kies@treasury.gov <Kenneth.Kies@treasury.gov>
**Sent:** Wednesday, August 6, 2025 4:20 PM
**To:** Long Billy <Billy.Long@irs.gov>
**Cc:** Christopher.Pilkerton@treasury.gov <Christopher.Pilkerton@treasury.gov>; Tyler.Badgley@treasury.gov <Tyler.Badgley@treasury.gov>
**Subject:** Next Steps: MOU

Billy,

Here is our best advice on how to proceed on the ICE MOU:

Pursuant to the MOU and Implementing Agreement, you should direct Kaschit Pandya to disclose via Kiteworks the responsive records (the 47,421 matches identified by the IRS from the data set of 1,277,464 records provided by ICE) to the appropriate point of contact at ICE.

There is no need for a press release or broad disclosure of the fact that this information is being provided and the MOU does not discuss any publicizing of the disclosure.

# AC/WP/DPP

Ken

TD_0000147

United States Code Annotated
  Title 26. Internal Revenue Code (Refs & Annos)
    Subtitle F. Procedure and Administration (Refs & Annos)
      Chapter 61. Information and Returns
        Subchapter B. Miscellaneous Provisions

26 U.S.C.A. § 6103, I.R.C. § 6103

§ 6103. Confidentiality and disclosure of returns and return information

Currentness

**(a) General rule.**--Returns and return information shall be confidential, and except as authorized by this title--

**(1)** no officer or employee of the United States,

**(2)** no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(1)(C) or (7)(A), any tribal or local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and

**(3)** no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (8), (10), (12), (13) (other than subparagraphs (D)(v) and (D)(vi) thereof), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

**(b) Definitions.**--For purposes of this section--

**(1) Return.**--The term "return" means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.

**(2) Return information.**--The term "return information" means--

**(A)** a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to

TD_0000148

the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense,

**(B)** any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110,

**(C)** any advance pricing agreement entered into by a taxpayer and the Secretary and any background information related to such agreement or any application for an advance pricing agreement, and

**(D)** any agreement under section 7121, and any similar agreement, and any background information related to such an agreement or request for such an agreement,

but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer. Nothing in the preceding sentence, or in any other provision of law, shall be construed to require the disclosure of standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws.

**(3) Taxpayer return information.**--The term "taxpayer return information" means return information as defined in paragraph (2) which is filed with, or furnished to, the Secretary by or on behalf of the taxpayer to whom such return information relates.

**(4) Tax administration.**--The term "tax administration"--

**(A)** means--

**(i)** the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and

**(ii)** the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions, and

**(B)** includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions.

**(5) State.**--

**(A) In general.**--The term "State" means--

**(i)** any of the 50 States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands,

TD_0000149

**(ii)** for purposes of subsections (a)(2), (b)(4), (d)(1), (h)(4), and (p), any municipality--

**(I)** with a population in excess of 250,000 (as determined under the most recent decennial United States census data available),

**(II)** which imposes a tax on income or wages, and

**(III)** with which the Secretary (in his sole discretion) has entered into an agreement regarding disclosure, and

**(iii)** for purposes of subsections (a)(2), (b)(4), (d)(1), (h)(4), and (p), any governmental entity--

**(I)** which is formed and operated by a qualified group of municipalities, and

**(II)** with which the Secretary (in his sole discretion) has entered into an agreement regarding disclosure.

**(B) Regional income tax agencies.**--For purposes of subparagraph (A)(iii)--

**(i) Qualified group of municipalities.**--The term "qualified group of municipalities" means, with respect to any governmental entity, 2 or more municipalities--

**(I)** each of which imposes a tax on income or wages,

**(II)** each of which, under the authority of a State statute, administers the laws relating to the imposition of such taxes through such entity, and

**(III)** which collectively have a population in excess of 250,000 (as determined under the most recent decennial United States census data available).

**(ii) References to State law, etc.**--For purposes of applying subparagraph (A)(iii) to the subsections referred to in such subparagraph, any reference in such subsections to State law, proceedings, or tax returns shall be treated as references to the law, proceedings, or tax returns, as the case may be, of the municipalities which form and operate the governmental entity referred to in such subparagraph.

**(iii) Disclosure to contractors and other agents.**--Notwithstanding any other provision of this section, no return or return information shall be disclosed to any contractor or other agent of a governmental entity referred to in subparagraph (A)(iii) unless such entity, to the satisfaction of the Secretary--

TD_0000150

**(I)** has requirements in effect which require each such contractor or other agent which would have access to returns or return information to provide safeguards (within the meaning of subsection (p)(4)) to protect the confidentiality of such returns or return information,

**(II)** agrees to conduct an on-site review every 3 years (or a mid-point review in the case of contracts or agreements of less than 3 years in duration) of each contractor or other agent to determine compliance with such requirements,

**(III)** submits the findings of the most recent review conducted under subclause (II) to the Secretary as part of the report required by subsection (p)(4)(E), and

**(IV)** certifies to the Secretary for the most recent annual period that such contractor or other agent is in compliance with all such requirements.

The certification required by subclause (IV) shall include the name and address of each contractor and other agent, a description of the contract or agreement with such contractor or other agent, and the duration of such contract or agreement. The requirements of this clause shall not apply to disclosures pursuant to subsection (n) for purposes of Federal tax administration and a rule similar to the rule of subsection (p)(8)(B) shall apply for purposes of this clause.

**(6) Taxpayer identity.**--The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

**(7) Inspection.**--The terms "inspected" and "inspection" mean any examination of a return or return information.

**(8) Disclosure.**--The term "disclosure" means the making known to any person in any manner whatever a return or return information.

**(9) Federal agency.**--The term "Federal agency" means an agency within the meaning of section 551(1) of title 5, United States Code.

**(10) Chief executive officer.**--The term "chief executive officer" means, with respect to any municipality, any elected official and the chief official (even if not elected) of such municipality.

**(11) Terrorist incident, threat, or activity.**--The term "terrorist incident, threat, or activity" means an incident, threat, or activity involving an act of domestic terrorism (as defined in section 2331(5) of title 18, United States Code) or international terrorism (as defined in section 2331(1) of such title).

**(c) Disclosure of returns and return information to designee of taxpayer.**--The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a request for or consent to such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by

TD_0000151

the taxpayer to such other person. However, return information shall not be disclosed to such person or persons if the Secretary determines that such disclosure would seriously impair Federal tax administration. Persons designated by the taxpayer under this subsection to receive return information shall not use the information for any purpose other than the express purpose for which consent was granted and shall not disclose return information to any other person without the express permission of, or request by, the taxpayer.

**(d) Disclosure to State tax officials and State and local law enforcement agencies.--**

**(1) In general.**--Returns and return information with respect to taxes imposed by chapters 1, 2, 6, 11, 12, 21, 23, 24, 31, 32, 44, 51, and 52 and subchapter D of chapter 36 shall be open to inspection by, or disclosure to, any State agency, body, or commission, or its legal representative, which is charged under the laws of such State with responsibility for the administration of State tax laws for the purpose of, and only to the extent necessary in, the administration of such laws, including any procedures with respect to locating any person who may be entitled to a refund. Such inspection shall be permitted, or such disclosure made, only upon written request by the head of such agency, body, or commission, and only to the representatives of such agency, body, or commission designated in such written request as the individuals who are to inspect or to receive the returns or return information on behalf of such agency, body, or commission. Such representatives shall not include any individual who is the chief executive officer of such State or who is neither an employee or legal representative of such agency, body, or commission nor a person described in subsection (n). However, such return information shall not be disclosed to the extent that the Secretary determines that such disclosure would identify a confidential informant or seriously impair any civil or criminal tax investigation.

**(2) Disclosure to State audit agencies.--**

**(A) In general.**--Any returns or return information obtained under paragraph (1) by any State agency, body, or commission may be open to inspection by, or disclosure to, officers and employees of the State audit agency for the purpose of, and only to the extent necessary in, making an audit of the State agency, body, or commission referred to in paragraph (1).

**(B) State audit agency.**--For purposes of subparagraph (A), the term "State audit agency" means any State agency, body, or commission which is charged under the laws of the State with the responsibility of auditing State revenues and programs.

**(3) Exception for reimbursement under section 7624.**--Nothing in this section shall be construed to prevent the Secretary from disclosing to any State or local law enforcement agency which may receive a payment under section 7624 the amount of the recovered taxes with respect to which such a payment may be made.

**(4) Availability and use of death information.--**

**(A) In general.**--No returns or return information may be disclosed under paragraph (1) to any agency, body, or commission of any State (or any legal representative thereof) during any period during which a contract meeting the requirements of subparagraph (B) is not in effect between such State and the Secretary of Health and Human Services.

**(B) Contractual requirements.**--A contract meets the requirements of this subparagraph if--

TD_0000152

**(i)** such contract requires the State to furnish the Secretary of Health and Human Services information concerning individuals with respect to whom death certificates (or equivalent documents maintained by the State or any subdivision thereof) have been officially filed with it, and

**(ii)** such contract does not include any restriction on the use of information obtained by such Secretary pursuant to such contract, except that such contract may provide that such information is only to be used by the Secretary (or any other Federal agency) for purposes of ensuring that Federal benefits or other payments are not erroneously paid to deceased individuals.

Any information obtained by the Secretary of Health and Human Services under such a contract shall be exempt from disclosure under section 552 of title 5, United States Code, and from the requirements of section 552a of such title 5.

**(C) Special exception.**--The provisions of subparagraph (A) shall not apply to any State which on July 1, 1993, was not, pursuant to a contract, furnishing the Secretary of Health and Human Services information concerning individuals with respect to whom death certificates (or equivalent documents maintained by the State or any subdivision thereof) have been officially filed with it.

**(5) Disclosure for combined employment tax reporting.**--

**(A) In general.**--The Secretary may disclose taxpayer identity information and signatures to any agency, body, or commission of any State for the purpose of carrying out with such agency, body, or commission a combined Federal and State employment tax reporting program approved by the Secretary. Subsections (a)(2) and (p)(4) and sections 7213 and 7213A shall not apply with respect to disclosures or inspections made pursuant to this paragraph.

**(B) Termination.**--The Secretary may not make any disclosure under this paragraph after December 31, 2007.

**(6) Limitation on disclosure regarding regional income tax agencies treated as States.**--For purposes of paragraph (1), inspection by or disclosure to an entity described in subsection (b)(5)(A)(iii) shall be for the purpose of, and only to the extent necessary in, the administration of the laws of the member municipalities in such entity relating to the imposition of a tax on income or wages. Such entity may not redisclose any return or return information received pursuant to paragraph (1) to any such member municipality.

**(e) Disclosure to persons having material interest.**--

**(1) In general.**--The return of a person shall, upon written request, be open to inspection by or disclosure to--

**(A)** in the case of the return of an individual--

**(i)** that individual,

TD_0000153

**(ii)** the spouse of that individual if the individual and such spouse have signified their consent to consider a gift reported on such return as made one-half by him and one-half by the spouse pursuant to the provisions of section 2513; or

**(iii)** the child of that individual (or such child's legal representative) to the extent necessary to comply with the provisions of section 1(g);

**(B)** in the case of an income tax return filed jointly, either of the individuals with respect to whom the return is filed;

**(C)** in the case of the return of a partnership, any person who was a member of such partnership during any part of the period covered by the return;

**(D)** in the case of the return of a corporation or a subsidiary thereof--

**(i)** any person designated by resolution of its board of directors or other similar governing body,

**(ii)** any officer or employee of such corporation upon written request signed by any principal officer and attested to by the secretary or other officer,

**(iii)** any bona fide shareholder of record owning 1 percent or more of the outstanding stock of such corporation,

**(iv)** if the corporation was an S corporation, any person who was a shareholder during any part of the period covered by such return during which an election under section 1362(a) was in effect, or

**(v)** if the corporation has been dissolved, any person authorized by applicable State law to act for the corporation or any person who the Secretary finds to have a material interest which will be affected by information contained therein;

**(E)** in the case of the return of an estate--

**(i)** the administrator, executor, or trustee of such estate, and

**(ii)** any heir at law, next of kin, or beneficiary under the will, of the decedent, but only if the Secretary finds that such heir at law, next of kin, or beneficiary has a material interest which will be affected by information contained therein; and

**(F)** in the case of the return of a trust--

**(i)** the trustee or trustees, jointly or separately, and

TD_0000154

**(ii)** any beneficiary of such trust, but only if the Secretary finds that such beneficiary has a material interest which will be affected by information contained therein.

**(2) Incompetency.**--If an individual described in paragraph (1) is legally incompetent, the applicable return shall, upon written request, be open to inspection by or disclosure to the committee, trustee, or guardian of his estate.

**(3) Deceased individuals.**--The return of a decedent shall, upon written request, be open to inspection by or disclosure to--

**(A)** the administrator, executor, or trustee of his estate, and

**(B)** any heir at law, next of kin, or beneficiary under the will, of such decedent, or a donee of property, but only if the Secretary finds that such heir at law, next of kin, beneficiary, or donee has a material interest which will be affected by information contained therein.

**(4) Title 11 cases and receivership proceedings.**--If--

**(A)** there is a trustee in a title 11 case in which the debtor is the person with respect to whom the return is filed, or

**(B)** substantially all of the property of the person with respect to whom the return is filed is in the hands of a receiver,

such return or returns for prior years of such person shall, upon written request, be open to inspection by or disclosure to such trustee or receiver, but only if the Secretary finds that such trustee or receiver, in his fiduciary capacity, has a material interest which will be affected by information contained therein.

**(5) Individual's title 11 case.**--

**(A) In general.**--In any case to which section 1398 applies (determined without regard to section 1398(b)(1)), any return of the debtor for the taxable year in which the case commenced or any preceding taxable year shall, upon written request, be open to inspection by or disclosure to the trustee in such case.

**(B) Return of estate available to debtor.**--Any return of an estate in a case to which section 1398 applies shall, upon written request, be open to inspection by or disclosure to the debtor in such case.

**(C) Special rule for involuntary cases.**--In an involuntary case, no disclosure shall be made under subparagraph (A) until the order for relief has been entered by the court having jurisdiction of such case unless such court finds that such disclosure is appropriate for purposes of determining whether an order for relief should be entered.

**(6) Attorney in fact.**--Any return to which this subsection applies shall, upon written request, also be open to inspection by or disclosure to the attorney in fact duly authorized in writing by any of the persons described in paragraph (1), (2), (3), (4), (5), (8), or (9) to inspect the return or receive the information on his behalf, subject to the conditions provided in such paragraphs.

TD_0000155

**(7) Return information.**--Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal tax administration.

**(8) Disclosure of collection activities with respect to joint return.**--If any deficiency of tax with respect to a joint return is assessed and the individuals filing such return are no longer married or no longer reside in the same household, upon request in writing by either of such individuals, the Secretary shall disclose in writing to the individual making the request whether the Secretary has attempted to collect such deficiency from such other individual, the general nature of such collection activities, and the amount collected. The preceding sentence shall not apply to any deficiency which may not be collected by reason of section 6502.

**(9) Disclosure of certain information where more than 1 person subject to penalty under section 6672.**--If the Secretary determines that a person is liable for a penalty under section 6672(a) with respect to any failure, upon request in writing of such person, the Secretary shall disclose in writing to such person--

**(A)** the name of any other person whom the Secretary has determined to be liable for such penalty with respect to such failure, and

**(B)** whether the Secretary has attempted to collect such penalty from such other person, the general nature of such collection activities, and the amount collected.

**(10) Limitation on certain disclosures under this subsection.**--In the case of an inspection or disclosure under this subsection relating to the return of a partnership, S corporation, trust, or an estate, the information inspected or disclosed shall not include any supporting schedule, attachment, or list which includes the taxpayer identity information of a person other than the entity making the return or the person conducting the inspection or to whom the disclosure is made.

**(11) Disclosure of information regarding status of investigation of violation of this section.**--In the case of a person who provides to the Secretary information indicating a violation of section 7213, 7213A, or 7214 with respect to any return or return information of such person, the Secretary may disclose to such person (or such person's designee)--

**(A)** whether an investigation based on the person's provision of such information has been initiated and whether it is open or closed,

**(B)** whether any such investigation substantiated such a violation by any individual, and

**(C)** whether any action has been taken with respect to such individual (including whether a referral has been made for prosecution of such individual).

**(f) Disclosure to Committees of Congress.--**

**(1) Committee on Ways and Means, Committee on Finance, and Joint Committee on Taxation.** --Upon written request from the chairman of the Committee on Ways and Means of the House of Representatives, the chairman of the Committee on Finance of the Senate, or the chairman of the Joint Committee on Taxation, the Secretary shall furnish such committee with any return or return information specified in such request, except that any return or return information which can be associated with, or otherwise identify, directly or indirectly, a particular taxpayer shall be furnished to such committee only when sitting in closed executive session unless such taxpayer otherwise consents in writing to such disclosure.

**(2) Chief of Staff of Joint Committee on Taxation.** --Upon written request by the Chief of Staff of the Joint Committee on Taxation, the Secretary shall furnish him with any return or return information specified in such request. Such Chief of Staff may submit such return or return information to any committee described in paragraph (1), except that any return or return information which can be associated with, or otherwise identify, directly or indirectly, a particular taxpayer shall be furnished to such committee only when sitting in closed executive session unless such taxpayer otherwise consents in writing to such disclosure.

**(3) Other committees.** --Pursuant to an action by, and upon written request by the chairman of, a committee of the Senate or the House of Representatives (other than a committee specified in paragraph (1)) specially authorized to inspect any return or return information by a resolution of the Senate or the House of Representatives or, in the case of a joint committee (other than the joint committee specified in paragraph (1)) by concurrent resolution, the Secretary shall furnish such committee, or a duly authorized and designated subcommittee thereof, sitting in closed executive session, with any return or return information which such resolution authorizes the committee or subcommittee to inspect. Any resolution described in this paragraph shall specify the purpose for which the return or return information is to be furnished and that such information cannot reasonably be obtained from any other source.

**(4) Agents of committees and submission of information to Senate or House of Representatives.** --

**(A) Committees described in paragraph (1).** --Any committee described in paragraph (1) or the Chief of Staff of the Joint Committee on Taxation shall have the authority, acting directly, or by or through such examiners or agents as the chairman of such committee or such chief of staff may designate or appoint, to inspect returns and return information at such time and in such manner as may be determined by such chairman or chief of staff. Any return or return information obtained by or on behalf of such committee pursuant to the provisions of this subsection may be submitted by the committee to the Senate or the House of Representatives, or to both. The Joint Committee on Taxation may also submit such return or return information to any other committee described in paragraph (1), except that any return or return information which can be associated with, or otherwise identify, directly or indirectly, a particular taxpayer shall be furnished to such committee only when sitting in closed executive session unless such taxpayer otherwise consents in writing to such disclosure.

**(B) Other committees.** --Any committee or subcommittee described in paragraph (3) shall have the right, acting directly, or by or through no more than four examiners or agents, designated or appointed in writing in equal numbers by the chairman and ranking minority member of such committee or subcommittee, to inspect returns and return information at such time and in such manner as may be determined by such chairman and ranking minority member. Any return or return information obtained by or on behalf of such committee or subcommittee pursuant to the provisions of this subsection may be submitted by the committee to the Senate or the House of Representatives, or to both, except that any return or return information which can be associated with, or otherwise identify, directly or indirectly, a particular taxpayer, shall be furnished to the Senate or the House of Representatives only when sitting in closed executive session unless such taxpayer otherwise consents in writing to such disclosure.

TD_0000157

**(5) Disclosure by whistleblower.**--Any person who otherwise has or had access to any return or return information under this section may disclose such return or return information to a committee referred to in paragraph (1) or any individual authorized to receive or inspect information under paragraph (4)(A) if such person believes such return or return information may relate to possible misconduct, maladministration, or taxpayer abuse.

**(g) Disclosure to President and certain other persons.--**

**(1) In general.**--Upon written request by the President, signed by him personally, the Secretary shall furnish to the President, or to such employee or employees of the White House Office as the President may designate by name in such request, a return or return information with respect to any taxpayer named in such request. Any such request shall state--

**(A)** the name and address of the taxpayer whose return or return information is to be disclosed,

**(B)** the kind of return or return information which is to be disclosed,

**(C)** the taxable period or periods covered by such return or return information, and

**(D)** the specific reason why the inspection or disclosure is requested.

**(2) Disclosure of return information as to Presidential appointees and certain other Federal Government appointees.**--The Secretary may disclose to a duly authorized representative of the Executive Office of the President or to the head of any Federal agency, upon written request by the President or head of such agency, or to the Federal Bureau of Investigation on behalf of and upon written request by the President or such head, return information with respect to an individual who is designated as being under consideration for appointment to a position in the executive or judicial branch of the Federal Government. Such return information shall be limited to whether such individual--

**(A)** has filed returns with respect to the taxes imposed under chapter 1 for not more than the immediately preceding 3 years;

**(B)** has failed to pay any tax within 10 days after notice and demand, or has been assessed any penalty under this title for negligence, in the current year or immediately preceding 3 years;

**(C)** has been or is under investigation for possible criminal offenses under the internal revenue laws and the results of any such investigation; or

**(D)** has been assessed any civil penalty under this title for fraud.

Within 3 days of the receipt of any request for any return information with respect to any individual under this paragraph, the Secretary shall notify such individual in writing that such information has been requested under the provisions of this paragraph.

TD_0000158

**(3) Restriction on disclosure.**--The employees to whom returns and return information are disclosed under this subsection shall not disclose such returns and return information to any other person except the President or the head of such agency without the personal written direction of the President or the head of such agency.

**(4) Restriction on disclosure to certain employees.**--Disclosure of returns and return information under this subsection shall not be made to any employee whose annual rate of basic pay is less than the annual rate of basic pay specified for positions subject to section 5316 of title 5, United States Code.

**(5) Reporting requirements.**--Within 30 days after the close of each calendar quarter, the President and the head of any agency requesting returns and return information under this subsection shall each file a report with the Joint Committee on Taxation setting forth the taxpayers with respect to whom such requests were made during such quarter under this subsection, the returns or return information involved, and the reasons for such requests. The President shall not be required to report on any request for returns and return information pertaining to an individual who was an officer or employee of the executive branch of the Federal Government at the time such request was made. Reports filed pursuant to this paragraph shall not be disclosed unless the Joint Committee on Taxation determines that disclosure thereof (including identifying details) would be in the national interest. Such reports shall be maintained by the Joint Committee on Taxation for a period not exceeding 2 years unless, within such period, the Joint Committee on Taxation determines that a disclosure to the Congress is necessary.

**(h) Disclosure to certain Federal officers and employees for purposes of tax administration, etc.--**

**(1) Department of the Treasury.**--Returns and return information shall, without written request, be open to inspection by or disclosure to officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for tax administration purposes.

**(2) Department of Justice.**--In a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if--

    **(A)** the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;

    **(B)** the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation; or

    **(C)** such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.

**(3) Form of request.**--In any case in which the Secretary is authorized to disclose a return or return information to the Department of Justice pursuant to the provisions of this subsection--

TD_0000159

**(A)** if the Secretary has referred the case to the Department of Justice, or if the proceeding is authorized by subchapter B of chapter 76, the Secretary may make such disclosure on his own motion, or

**(B)** if the Secretary receives a written request from the Attorney General, the Deputy Attorney General, or an Assistant Attorney General for a return of, or return information relating to, a person named in such request and setting forth the need for the disclosure, the Secretary shall disclose return or return the information so requested.

**(4) Disclosure in judicial and administrative tax proceedings.**--A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only--

**(A)** if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;

**(B)** if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;

**(C)** if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or

**(D)** to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

However, such return or return information shall not be disclosed as provided in subparagraph (A), (B), or (C) if the Secretary determines that such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation.

**(5) Withholding of tax from social security benefits.**--Upon written request of the payor agency, the Secretary may disclose available return information from the master files of the Internal Revenue Service with respect to the address and status of an individual as a nonresident alien or as a citizen or resident of the United States to the Social Security Administration or the Railroad Retirement Board (whichever is appropriate) for purposes of carrying out its responsibilities for withholding tax under section 1441 from social security benefits (as defined in section 86(d)).

**(6) Internal Revenue Service Oversight Board.--**

**(A) In general.**--Notwithstanding paragraph (1), and except as provided in subparagraph (B), no return or return information may be disclosed to any member of the Oversight Board described in subparagraph (A) or (D) of section 7802(b)(1) or to any employee or detailee of such Board by reason of their service with the Board. Any request for information not permitted to be disclosed under the preceding sentence, and any contact relating to a specific taxpayer, made by any such individual to an officer or employee of the Internal Revenue Service shall be reported by such officer or employee to the Secretary, the Treasury Inspector General for Tax Administration, and the Joint Committee on Taxation.

TD_0000160

**(B) Exception for reports to the Board.**--If--

**(i)** the Commissioner or the Treasury Inspector General for Tax Administration prepares any report or other matter for the Oversight Board in order to assist the Board in carrying out its duties; and

**(ii)** the Commissioner or such Inspector General determines it is necessary to include any return or return information in such report or other matter to enable the Board to carry out such duties,

such return or return information (other than information regarding taxpayer identity) may be disclosed to members, employees, or detailees of the Board solely for the purpose of carrying out such duties.

**(i) Disclosure to Federal officers or employees for administration of Federal laws not relating to tax administration.--**

**(1) Disclosure of returns and return information for use in criminal investigations.--**

**(A) In general.**--Except as provided in paragraph (6), any return or return information with respect to any specified taxable period or periods shall, pursuant to and upon the grant of an ex parte order by a Federal district court judge or magistrate judge under subparagraph (B), be open (but only to the extent necessary as provided in such order) to inspection by, or disclosure to, officers and employees of any Federal agency who are personally and directly engaged in--

**(i)** preparation for any judicial or administrative proceeding pertaining to the enforcement of a specifically designated Federal criminal statute (not involving tax administration) to which the United States or such agency is or may be a party, or pertaining to the case of a missing or exploited child,

**(ii)** any investigation which may result in such a proceeding, or

**(iii)** any Federal grand jury proceeding pertaining to enforcement of such a criminal statute to which the United States or such agency is or may be a party, or to such a case of a missing or exploited child,

solely for the use of such officers and employees in such preparation, investigation, or grand jury proceeding.

**(B) Application for order.**--The Attorney General, the Deputy Attorney General, the Associate Attorney General, any Assistant Attorney General, any United States attorney, any special prosecutor appointed under section 593 of title 28, United States Code, or any attorney in charge of a criminal division organized crime strike force established pursuant to section 510 of title 28, United States Code, may authorize an application to a Federal district court judge or magistrate judge for the order referred to in subparagraph (A). Upon such application, such judge or magistrate judge may grant such order if he determines on the basis of the facts submitted by the applicant that--

**(i)** there is reasonable cause to believe, based upon information believed to be reliable, that a specific criminal act has been committed,

TD_0000161

**(ii)** there is reasonable cause to believe that the return or return information is or may be relevant to a matter relating to the commission of such act, and

**(iii)** the return or return information is sought exclusively for use in a Federal criminal investigation or proceeding concerning such act (or any criminal investigation or proceeding, in the case of a matter relating to a missing or exploited child), and the information sought to be disclosed cannot reasonably be obtained, under the circumstances, from another source.

**(C) Disclosure to State and local law enforcement agencies in the case of matters pertaining to a missing or exploited child.**--

**(i) In general.**--In the case of an investigation pertaining to a missing or exploited child, the head of any Federal agency, or his designee, may disclose any return or return information obtained under subparagraph (A) to officers and employees of any State or local law enforcement agency, but only if--

**(I)** such State or local law enforcement agency is part of a team with the Federal agency in such investigation, and

**(II)** such information is disclosed only to such officers and employees who are personally and directly engaged in such investigation.

**(ii) Limitation on use of information.**--Information disclosed under this subparagraph shall be solely for the use of such officers and employees in locating the missing child, in a grand jury proceeding, or in any preparation for, or investigation which may result in, a judicial or administrative proceeding.

**(iii) Missing child.**--For purposes of this subparagraph, the term "missing child" shall have the meaning given such term by section 403 of the Missing Children's Assistance Act (42 U.S.C. 5772). [1]

**(iv) Exploited child.**--For purposes of this subparagraph, the term "exploited child" means a minor with respect to whom there is reason to believe that a specified offense against a minor (as defined by section 111(7) of the Sex Offender Registration and Notification Act (42 U.S.C. 16911(7))) [1] has or is occurring.

**(2) Disclosure of return information other than taxpayer return information for use in criminal investigations.**--

**(A) In general.**--Except as provided in paragraph (6), upon receipt by the Secretary of a request which meets the requirements of subparagraph (B) from the head of any Federal agency or the Inspector General thereof, or, in the case of the Department of Justice, the Attorney General, the Deputy Attorney General, the Associate Attorney General, any Assistant Attorney General, the Director of the Federal Bureau of Investigation, the Administrator of the Drug Enforcement Administration, any United States attorney, any special prosecutor appointed under section 593 of title 28, United States Code, or any attorney in charge of a criminal division organized crime strike force established pursuant to section 510 of title 28, United States Code, the Secretary shall disclose return information (other than taxpayer return information) to officers and employees of such agency who are personally and directly engaged in--

TD_0000162

(i) preparation for any judicial or administrative proceeding described in paragraph (1)(A)(i),

(ii) any investigation which may result in such a proceeding, or

(iii) any grand jury proceeding described in paragraph (1)(A)(iii),

    solely for the use of such officers and employees in such preparation, investigation, or grand jury proceeding.

**(B) Requirements.**--A request meets the requirements of this subparagraph if the request is in writing and sets forth--

(i) the name and address of the taxpayer with respect to whom the requested return information relates;

(ii) the taxable period or periods to which such return information relates;

(iii) the statutory authority under which the proceeding or investigation described in subparagraph (A) is being conducted; and

(iv) the specific reason or reasons why such disclosure is, or may be, relevant to such proceeding or investigation.

**(C) Taxpayer identity.**--For purposes of this paragraph, a taxpayer's identity shall not be treated as taxpayer return information.

**(3) Disclosure of return information to apprise appropriate officials of criminal or terrorist activities or emergency circumstances.**--

**(A) Possible violations of Federal criminal law.**--

**(i) In general.**--Except as provided in paragraph (6), the Secretary may disclose in writing return information (other than taxpayer return information) which may constitute evidence of a violation of any Federal criminal law (not involving tax administration) to the extent necessary to apprise the head of the appropriate Federal agency charged with the responsibility of enforcing such law. The head of such agency may disclose such return information to officers and employees of such agency to the extent necessary to enforce such law.

**(ii) Taxpayer identity.**--If there is return information (other than taxpayer return information) which may constitute evidence of a violation by any taxpayer of any Federal criminal law (not involving tax administration), such taxpayer's identity may also be disclosed under clause (i).

**(B) Emergency circumstances.**--

TD_0000163

**(i) Danger of death or physical injury.**--Under circumstances involving an imminent danger of death or physical injury to any individual, the Secretary may disclose return information to the extent necessary to apprise appropriate officers or employees of any Federal or State law enforcement agency of such circumstances.

**(ii) Flight from Federal prosecution.**--Under circumstances involving the imminent flight of any individual from Federal prosecution, the Secretary may disclose return information to the extent necessary to apprise appropriate officers or employees of any Federal law enforcement agency of such circumstances.

**(C) Terrorist activities, etc.--**

**(i) In general.**--Except as provided in paragraph (6), the Secretary may disclose in writing return information (other than taxpayer return information) that may be related to a terrorist incident, threat, or activity to the extent necessary to apprise the head of the appropriate Federal law enforcement agency responsible for investigating or responding to such terrorist incident, threat, or activity. The head of the agency may disclose such return information to officers and employees of such agency to the extent necessary to investigate or respond to such terrorist incident, threat, or activity.

**(ii) Disclosure to the Department of Justice.**--Returns and taxpayer return information may also be disclosed to the Attorney General under clause (i) to the extent necessary for, and solely for use in preparing, an application under paragraph (7)(D).

**(iii) Taxpayer identity.**--For purposes of this subparagraph, a taxpayer's identity shall not be treated as taxpayer return information.

**(4) Use of certain disclosed returns and return information in judicial or administrative proceedings.--**

**(A) Returns and taxpayer return information.**--Except as provided in subparagraph (C), any return or taxpayer return information obtained under paragraph (1) or (7)(C) may be disclosed in any judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal criminal statute or related civil forfeiture (not involving tax administration) to which the United States or a Federal agency is a party--

**(i)** if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party, or

**(ii)** to the extent required by order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure.

**(B) Return information (other than taxpayer return information).**--Except as provided in subparagraph (C), any return information (other than taxpayer return information) obtained under paragraph (1), (2), (3)(A) or (C), or (7) may be disclosed in any judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal

TD_0000164

criminal statute or related civil forfeiture (not involving tax administration) to which the United States or a Federal agency is a party.

**(C) Confidential informant; impairment of investigations.**--No return or return information shall be admitted into evidence under subparagraph (A)(i) or (B) if the Secretary determines and notifies the Attorney General or his delegate or the head of the Federal agency that such admission would identify a confidential informant or seriously impair a civil or criminal tax investigation.

**(D) Consideration of confidentiality policy.**--In ruling upon the admissibility of returns or return information, and in the issuance of an order under subparagraph (A)(ii), the court shall give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

**(E) Reversible error.**--The admission into evidence of any return or return information contrary to the provisions of this paragraph shall not, as such, constitute reversible error upon appeal of a judgment in the proceeding.

**(5) Disclosure to locate fugitives from justice.--**

**(A) In general.**--Except as provided in paragraph (6), the return of an individual or return information with respect to such individual shall, pursuant to and upon the grant of an ex parte order by a Federal district court judge or magistrate judge under subparagraph (B), be open (but only to the extent necessary as provided in such order) to inspection by, or disclosure to, officers and employees of any Federal agency exclusively for use in locating such individual.

**(B) Application for order.**--Any person described in paragraph (1)(B) may authorize an application to a Federal district court judge or magistrate judge for an order referred to in subparagraph (A). Upon such application, such judge or magistrate judge may grant such order if he determines on the basis of the facts submitted by the applicant that--

**(i)** a Federal arrest warrant relating to the commission of a Federal felony offense has been issued for an individual who is a fugitive from justice,

**(ii)** the return of such individual or return information with respect to such individual is sought exclusively for use in locating such individual, and

**(iii)** there is reasonable cause to believe that such return or return information may be relevant in determining the location of such individual.

**(6) Confidential informants; impairment of investigations.**--The Secretary shall not disclose any return or return information under paragraph (1), (2), (3)(A) or (C), (5), (7), or (8) if the Secretary determines (and, in the case of a request for disclosure pursuant to a court order described in paragraph (1)(B) or (5)(B), certifies to the court) that such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation.

**(7) Disclosure upon request of information relating to terrorist activities, etc.--**

TD_0000165

**(A) Disclosure to law enforcement agencies.--**

**(i) In general.**--Except as provided in paragraph (6), upon receipt by the Secretary of a written request which meets the requirements of clause (iii), the Secretary may disclose return information (other than taxpayer return information) to officers and employees of any Federal law enforcement agency who are personally and directly engaged in the response to or investigation of any terrorist incident, threat, or activity.

**(ii) Disclosure to State and local law enforcement agencies.**--The head of any Federal law enforcement agency may disclose return information obtained under clause (i) to officers and employees of any State or local law enforcement agency but only if such agency is part of a team with the Federal law enforcement agency in such response or investigation and such information is disclosed only to officers and employees who are personally and directly engaged in such response or investigation.

**(iii) Requirements.**--A request meets the requirements of this clause if--

**(I)** the request is made by the head of any Federal law enforcement agency (or his delegate) involved in the response to or investigation of any terrorist incident, threat, or activity, and

**(II)** the request sets forth the specific reason or reasons why such disclosure may be relevant to a terrorist incident, threat, or activity.

**(iv) Limitation on use of information.**--Information disclosed under this subparagraph shall be solely for the use of the officers and employees to whom such information is disclosed in such response or investigation.

**(v) Taxpayer identity.**--For purposes of this subparagraph, a taxpayer's identity shall not be treated as taxpayer return information.

**(B) Disclosure to intelligence agencies.--**

**(i) In general.**--Except as provided in paragraph (6), upon receipt by the Secretary of a written request which meets the requirements of clause (ii), the Secretary may disclose return information (other than taxpayer return information) to those officers and employees of the Department of Justice, the Department of the Treasury, and other Federal intelligence agencies who are personally and directly engaged in the collection or analysis of intelligence and counterintelligence information or investigation concerning any terrorist incident, threat, or activity. For purposes of the preceding sentence, the information disclosed under the preceding sentence shall be solely for the use of such officers and employees in such investigation, collection, or analysis.

**(ii) Requirements.**--A request meets the requirements of this subparagraph if the request--

**(I)** is made by an individual described in clause (iii), and

TD_0000166

(II) sets forth the specific reason or reasons why such disclosure may be relevant to a terrorist incident, threat, or activity.

(iii) **Requesting individuals.**--An individual described in this subparagraph is an individual--

(I) who is an officer or employee of the Department of Justice or the Department of the Treasury who is appointed by the President with the advice and consent of the Senate or who is the Director of the United States Secret Service, and

(II) who is responsible for the collection and analysis of intelligence and counterintelligence information concerning any terrorist incident, threat, or activity.

(iv) **Taxpayer identity.**--For purposes of this subparagraph, a taxpayer's identity shall not be treated as taxpayer return information.

(C) **Disclosure under ex parte orders.**--

(i) **In general.**--Except as provided in paragraph (6), any return or return information with respect to any specified taxable period or periods shall, pursuant to and upon the grant of an ex parte order by a Federal district court judge or magistrate under clause (ii), be open (but only to the extent necessary as provided in such order) to inspection by, or disclosure to, officers and employees of any Federal law enforcement agency or Federal intelligence agency who are personally and directly engaged in any investigation, response to, or analysis of intelligence and counterintelligence information concerning any terrorist incident, threat, or activity. Return or return information opened to inspection or disclosure pursuant to the preceding sentence shall be solely for the use of such officers and employees in the investigation, response, or analysis, and in any judicial, administrative, or grand jury proceedings, pertaining to such terrorist incident, threat, or activity.

(ii) **Application for order.**--The Attorney General, the Deputy Attorney General, the Associate Attorney General, any Assistant Attorney General, or any United States attorney may authorize an application to a Federal district court judge or magistrate for the order referred to in clause (i). Upon such application, such judge or magistrate may grant such order if he determines on the basis of the facts submitted by the applicant that--

(I) there is reasonable cause to believe, based upon information believed to be reliable, that the return or return information may be relevant to a matter relating to such terrorist incident, threat, or activity, and

(II) the return or return information is sought exclusively for use in a Federal investigation, analysis, or proceeding concerning any terrorist incident, threat, or activity.

(D) **Special rule for ex parte disclosure by the IRS.**--

TD_0000167

**(i) In general.**--Except as provided in paragraph (6), the Secretary may authorize an application to a Federal district court judge or magistrate for the order referred to in subparagraph (C)(i). Upon such application, such judge or magistrate may grant such order if he determines on the basis of the facts submitted by the applicant that the requirements of subparagraph (C)(ii)(I) are met.

**(ii) Limitation on use of information.**--Information disclosed under clause (i)--

**(I)** may be disclosed only to the extent necessary to apprise the head of the appropriate Federal law enforcement agency responsible for investigating or responding to a terrorist incident, threat, or activity, and

**(II)** shall be solely for use in a Federal investigation, analysis, or proceeding concerning any terrorist incident, threat, or activity.

The head of such Federal agency may disclose such information to officers and employees of such agency to the extent necessary to investigate or respond to such terrorist incident, threat, or activity.

**(8) Comptroller General.--**

**(A) Returns available for inspection.**--Except as provided in subparagraph (C), upon written request by the Comptroller General of the United States, returns and return information shall be open to inspection by, or disclosure to, officers and employees of the Government Accountability Office for the purpose of, and to the extent necessary in, making--

**(i)** an audit of the Internal Revenue Service, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Department of Justice, or the Tax and Trade Bureau, Department of the Treasury, which may be required by section 713 of title 31, United States Code, or

**(ii)** any audit authorized by subsection (p)(6),

except that no such officer or employee shall, except to the extent authorized by subsection (f) or (p)(6), disclose to any person, other than another officer or employee of such office whose official duties require such disclosure, any return or return information described in section 4424(a) in a form which can be associated with, or otherwise identify, directly or indirectly, a particular taxpayer, nor shall such officer or employee disclose any other return or return information, except as otherwise expressly provided by law, to any person other than such other officer or employee of such office in a form which can be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

**(B) Audits of other agencies.--**

**(i) In general.**--Nothing in this section shall prohibit any return or return information obtained under this title by any Federal agency (other than an agency referred to in subparagraph (A)) or by a Trustee as defined in the District of Columbia Retirement Protection Act of 1997, for use in any program or activity from being open to inspection by, or disclosure to, officers and employees of the Government Accountability Office if such inspection or disclosure is--

TD_0000168

**(I)** for purposes of, and to the extent necessary in, making an audit authorized by law of such program or activity, and

**(II)** pursuant to a written request by the Comptroller General of the United States to the head of such Federal agency.

**(ii) Information from Secretary.**--If the Comptroller General of the United States determines that the returns or return information available under clause (i) are not sufficient for purposes of making an audit of any program or activity of a Federal agency (other than an agency referred to in subparagraph (A)), upon written request by the Comptroller General to the Secretary, returns and return information (of the type authorized by subsection (l) or (m) to be made available to the Federal agency for use in such program or activity) shall be open to inspection by, or disclosure to, officers and employees of the Government Accountability Office for the purpose of, and to the extent necessary in, making such audit.

**(iii) Requirement of notification upon completion of audit.**--Within 90 days after the completion of an audit with respect to which returns or return information were opened to inspection or disclosed under clause (i) or (ii), the Comptroller General of the United States shall notify in writing the Joint Committee on Taxation of such completion. Such notice shall include--

**(I)** a description of the use of the returns and return information by the Federal agency involved,

**(II)** such recommendations with respect to the use of returns and return information by such Federal agency as the Comptroller General deems appropriate, and

**(III)** a statement on the impact of any such recommendations on confidentiality of returns and return information and the administration of this title.

**(iv) Certain restrictions made applicable.**--The restrictions contained in subparagraph (A) on the disclosure of any returns or return information open to inspection or disclosed under such subparagraph shall also apply to returns and return information open to inspection or disclosed under this subparagraph.

**(C) Disapproval by Joint Committee on Taxation.**--Returns and return information shall not be open to inspection or disclosed under subparagraph (A) or (B) with respect to an audit--

**(i)** unless the Comptroller General of the United States notifies in writing the Joint Committee on Taxation of such audit, and

**(ii)** if the Joint Committee on Taxation disapproves such audit by a vote of at least two-thirds of its members within the 30-day period beginning on the day the Joint Committee on Taxation receives such notice.

**(j) Statistical use.--**

**(1) Department of Commerce.**--Upon request in writing by the Secretary of Commerce, the Secretary shall furnish--

TD_0000169

**(A)** such returns, or return information reflected thereon, to officers and employees of the Bureau of the Census, and

**(B)** such return information reflected on returns of corporations to officers and employees of the Bureau of Economic Analysis,

as the Secretary may prescribe by regulation for the purpose of, but only to the extent necessary in, the structuring of censuses and national economic accounts and conducting related statistical activities authorized by law.

**(2) Federal Trade Commission.**--Upon request in writing by the Chairman of the Federal Trade Commission, the Secretary shall furnish such return information reflected on any return of a corporation with respect to the tax imposed by chapter 1 to officers and employees of the Division of Financial Statistics of the Bureau of Economics of such commission as the Secretary may prescribe by regulation for the purpose of, but only to the extent necessary in, administration by such division of legally authorized economic surveys of corporations.

**(3) Department of Treasury.**--Returns and return information shall be open to inspection by or disclosure to officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for the purpose of, but only to the extent necessary in, preparing economic or financial forecasts, projections, analyses, and statistical studies and conducting related activities. Such inspection or disclosure shall be permitted only upon written request which sets forth the specific reason or reasons why such inspection or disclosure is necessary and which is signed by the head of the bureau or office of the Department of the Treasury requesting the inspection or disclosure.

**(4) Anonymous form.**--No person who receives a return or return information under this subsection shall disclose such return or return information to any person other than the taxpayer to whom it relates except in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

**(5) Department of Agriculture.**--Upon request in writing by the Secretary of Agriculture, the Secretary shall furnish such returns, or return information reflected thereon, as the Secretary may prescribe by regulation to officers and employees of the Department of Agriculture whose official duties require access to such returns or information for the purpose of, but only to the extent necessary in, structuring, preparing, and conducting the census of agriculture pursuant to the Census of Agriculture Act of 1997 (Public Law 105-113).

**(6) Congressional Budget Office.**--Upon written request by the Director of the Congressional Budget Office, the Secretary shall furnish to officers and employees of the Congressional Budget Office return information for the purpose of, but only to the extent necessary for, long-term models of the social security and medicare programs.

**(k) Disclosure of certain returns and return information for tax administration purposes.--**

**(1) Disclosure of accepted offers-in-compromise.**--Return information shall be disclosed to members of the general public to the extent necessary to permit inspection of any accepted offer-in-compromise under section 7122 relating to the liability for a tax imposed by this title.

TD_0000170

**(2) Disclosure of amount of outstanding lien.**--If a notice of lien has been filed pursuant to section 6323(f), the amount of the outstanding obligation secured by such lien may be disclosed to any person who furnishes satisfactory written evidence that he has a right in the property subject to such lien or intends to obtain a right in such property.

**(3) Disclosure of return information to correct misstatements of fact.**--The Secretary may, but only following approval by the Joint Committee on Taxation, disclose such return information or any other information with respect to any specific taxpayer to the extent necessary for tax administration purposes to correct a misstatement of fact published or disclosed with respect to such taxpayer's return or any transaction of the taxpayer with the Internal Revenue Service.

**(4) Disclosure to competent authority under tax convention.**--A return or return information may be disclosed to a competent authority of a foreign government which has an income tax or gift and estate tax convention, or other convention or bilateral agreement relating to the exchange of tax information, with the United States but only to the extent provided in, and subject to the terms and conditions of, such convention or bilateral agreement.

**(5) State agencies regulating tax return preparers.**--Taxpayer identity information with respect to any tax return preparer, and information as to whether or not any penalty has been assessed against such tax return preparer under section 6694, 6695, or 7216, may be furnished to any agency, body, or commission lawfully charged under any State or local law with the licensing, registration, or regulation of tax return preparers. Such information may be furnished only upon written request by the head of such agency, body, or commission designating the officers or employees to whom such information is to be furnished. Information may be furnished and used under this paragraph only for purposes of the licensing, registration, or regulation of tax return preparers.

**(6) Disclosure by certain officers and employees for investigative purposes.**--An internal revenue officer or employee and an officer or employee of the Office of Treasury Inspector General for Tax Administration may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation. This paragraph shall not apply to any disclosure to an individual providing information relating to any purpose described in paragraph (1) or (2) of section 7623(a) which is made under paragraph (13)(A).

**(7) Disclosure of excise tax registration information.**--To the extent the Secretary determines that disclosure is necessary to permit the effective administration of subtitle D, the Secretary may disclose--

**(A)** the name, address, and registration number of each person who is registered under any provision of subtitle D (and, in the case of a registered terminal operator, the address of each terminal operated by such operator), and

**(B)** the registration status of any person.

**(8) Levies on certain government payments.--**

**(A) Disclosure of return information in levies on Financial Management Service.**--In serving a notice of levy, or release of such levy, with respect to any applicable government payment, the Secretary may disclose to officers and employees of the Financial Management Service--

    **(i)** return information, including taxpayer identity information,

    **(ii)** the amount of any unpaid liability under this title (including penalties and interest), and

    **(iii)** the type of tax and tax period to which such unpaid liability relates.

**(B) Restriction on use of disclosed information.**--Return information disclosed under subparagraph (A) may be used by officers and employees of the Financial Management Service only for the purpose of, and to the extent necessary in, transferring levied funds in satisfaction of the levy, maintaining appropriate agency records in regard to such levy or the release thereof, notifying the taxpayer and the agency certifying such payment that the levy has been honored, or in the defense of any litigation ensuing from the honor of such levy.

**(C) Applicable government payment.**--For purposes of this paragraph, the term "applicable government payment" means--

    **(i)** any Federal payment (other than a payment for which eligibility is based on the income or assets (or both) of a payee) certified to the Financial Management Service for disbursement, and

    **(ii)** any other payment which is certified to the Financial Management Service for disbursement and which the Secretary designates by published notice.

**(9) Disclosure of information to administer section 6311.**--The Secretary may disclose returns or return information to financial institutions and others to the extent the Secretary deems necessary for the administration of section 6311. Disclosures of information for purposes other than to accept payments by checks or money orders shall be made only to the extent authorized by written procedures promulgated by the Secretary.

**(10) Disclosure of certain returns and return information to certain prison officials.**--

**(A) In general.**--Under such procedures as the Secretary may prescribe, the Secretary may disclose to officers and employees of the Federal Bureau of Prisons and of any State agency charged with the responsibility for administration of prisons any returns or return information with respect to individuals incarcerated in Federal or State prison systems whom the Secretary has determined may have filed or facilitated the filing of a false or fraudulent return to the extent that the Secretary determines that such disclosure is necessary to permit effective Federal tax administration.

**(B) Disclosure to contractor-run prisons.**--Under such procedures as the Secretary may prescribe, the disclosures authorized by subparagraph (A) may be made to contractors responsible for the operation of a Federal or State prison on behalf of such Bureau or agency.

TD_0000172

**(C) Restrictions on use of disclosed information.**--Any return or return information received under this paragraph shall be used only for the purposes of and to the extent necessary in taking administrative action to prevent the filing of false and fraudulent returns, including administrative actions to address possible violations of administrative rules and regulations of the prison facility and in administrative and judicial proceedings arising from such administrative actions.

**(D) Restrictions on redisclosure and disclosure to legal representatives.**--Notwithstanding subsection (h)--

**(i) Restrictions on redisclosure.**--Except as provided in clause (ii), any officer, employee, or contractor of the Federal Bureau of Prisons or of any State agency charged with the responsibility for administration of prisons shall not disclose any information obtained under this paragraph to any person other than an officer or employee or contractor of such Bureau or agency personally and directly engaged in the administration of prison facilities on behalf of such Bureau or agency.

**(ii) Disclosure to legal representatives.**--The returns and return information disclosed under this paragraph may be disclosed to the duly authorized legal representative of the Federal Bureau of Prisons, State agency, or contractor charged with the responsibility for administration of prisons, or of the incarcerated individual accused of filing the false or fraudulent return who is a party to an action or proceeding described in subparagraph (C), solely in preparation for, or for use in, such action or proceeding.

**(11) Disclosure of return information to Department of State for purposes of passport revocation under section 7345.**--

**(A) In general.**--The Secretary shall, upon receiving a certification described in section 7345, disclose to the Secretary of State return information with respect to a taxpayer who has a seriously delinquent tax debt described in such section. Such return information shall be limited to--

**(i)** the taxpayer identity information with respect to such taxpayer, and

**(ii)** the amount of such seriously delinquent tax debt.

**(B) Restriction on disclosure.**--Return information disclosed under subparagraph (A) may be used by officers and employees of the Department of State for the purposes of, and to the extent necessary in, carrying out the requirements of section 32101 of the FAST Act.

**(12) Qualified tax collection contractors.**--Persons providing services pursuant to a qualified tax collection contract under section 6306 may, if speaking to a person who has identified himself or herself as having the name of the taxpayer to which a tax receivable (within the meaning of such section) relates, identify themselves as contractors of the Internal Revenue Service and disclose the business name of the contractor, and the nature, subject, and reason for the contact. Disclosures under this paragraph shall be made only in such situations and under such conditions as have been approved by the Secretary.

**(13) Disclosure to whistleblowers.**--

**(A) In general.**--The Secretary may disclose, to any individual providing information relating to any purpose described in paragraph (1) or (2) of section 7623(a), return information related to the investigation of any taxpayer with respect to whom the individual has provided such information, but only to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax liability for tax, or the amount to be collected with respect to the enforcement of any other provision of this title.

**(B) Updates on whistleblower investigations.**--The Secretary shall disclose to an individual providing information relating to any purpose described in paragraph (1) or (2) of section 7623(a) the following:

**(i)** Not later than 60 days after a case for which the individual has provided information has been referred for an audit or examination, a notice with respect to such referral.

**(ii)** Not later than 60 days after a taxpayer with respect to whom the individual has provided information has made a payment of tax with respect to tax liability to which such information relates, a notice with respect to such payment.

**(iii)** Subject to such requirements and conditions as are prescribed by the Secretary, upon a written request by such individual--

**(I)** information on the status and stage of any investigation or action related to such information, and

**(II)** in the case of a determination of the amount of any award under section 7623(b), the reasons for such determination.

Clause (iii) shall not apply to any information if the Secretary determines that disclosure of such information would seriously impair Federal tax administration. Information described in clauses (i), (ii), and (iii) may be disclosed to a designee of the individual providing such information in accordance with guidance provided by the Secretary.

**(14) Disclosure of return information for purposes of cybersecurity and the prevention of identity theft tax refund fraud.**--

**(A) In general.**--Under such procedures and subject to such conditions as the Secretary may prescribe, the Secretary may disclose specified return information to specified ISAC participants to the extent that the Secretary determines such disclosure is in furtherance of effective Federal tax administration relating to the detection or prevention of identity theft tax refund fraud, validation of taxpayer identity, authentication of taxpayer returns, or detection or prevention of cybersecurity threats.

**(B) Specified ISAC participants.**--For purposes of this paragraph--

**(i) In general.**--The term "specified ISAC participant" means--

**(I)** any person designated by the Secretary as having primary responsibility for a function performed with respect to the information sharing and analysis center described in section 2003(a) of the Taxpayer First Act, and

**(II)** any person subject to the requirements of section 7216 and which is a participant in such information sharing and analysis center.

**(ii) Information sharing agreement.**--Such term shall not include any person unless such person has entered into a written agreement with the Secretary setting forth the terms and conditions for the disclosure of information to such person under this paragraph, including requirements regarding the protection and safeguarding of such information by such person.

**(C) Specified return information.**--For purposes of this paragraph, the term "specified return information" means--

**(i)** in the case of a return which is in connection with a case of potential identity theft refund fraud--

**(I)** in the case of such return filed electronically, the internet protocol address, device identification, email domain name, speed of completion, method of authentication, refund method, and such other return information related to the electronic filing characteristics of such return as the Secretary may identify for purposes of this subclause, and

**(II)** in the case of such return prepared by a tax return preparer, identifying information with respect to such tax return preparer, including the preparer taxpayer identification number and electronic filer identification number of such preparer,

**(ii)** in the case of a return which is in connection with a case of a identity theft refund fraud which has been confirmed by the Secretary (pursuant to such procedures as the Secretary may provide), the information referred to in subclauses (I) and (II) of clause (i), the name and taxpayer identification number of the taxpayer as it appears on the return, and any bank account and routing information provided for making a refund in connection with such return, and

**(iii)** in the case of any cybersecurity threat to the Internal Revenue Service, information similar to the information described in subclauses (I) and (II) of clause (i) with respect to such threat.

**(D) Restriction on use of disclosed information.**--

**(i) Designated third parties.**--Any return information received by a person described in subparagraph (B)(i)(I) shall be used only for the purposes of and to the extent necessary in--

**(I)** performing the function such person is designated to perform under such subparagraph,

**(II)** facilitating disclosures authorized under subparagraph (A) to persons described in subparagraph (B)(i)(II), and

TD_0000175

**(III)** facilitating disclosures authorized under subsection (d) to participants in such information sharing and analysis center.

**(ii) Return preparers.**--Any return information received by a person described in subparagraph (B)(i)(II) shall be treated for purposes of section 7216 as information furnished to such person for, or in connection with, the preparation of a return of the tax imposed under chapter 1.

**(E) Data protection and safeguards.**--Return information disclosed under this paragraph shall be subject to such protections and safeguards as the Secretary may require in regulations or other guidance or in the written agreement referred to in subparagraph (B)(ii). Such written agreement shall include a requirement that any unauthorized access to information disclosed under this paragraph, and any breach of any system in which such information is held, be reported to the Treasury Inspector General for Tax Administration.

**(15) Disclosures to Social Security Administration to identify tax receivables not eligible for collection pursuant to qualified tax collection contracts.**--In the case of any individual involved with a tax receivable which the Secretary has identified for possible collection pursuant to a qualified tax collection contract (as defined in section 6306(b)), the Secretary may disclose the taxpayer identity and date of birth of such individual to officers, employees, and contractors of the Social Security Administration to determine if such tax receivable is not eligible for collection pursuant to such a qualified tax collection contract by reason of section 6306(d)(3)(E).

**(l) Disclosure of returns and return information for purposes other than tax administration.--**

**(1) Disclosure of certain returns and return information to Social Security Administration and Railroad Retirement Board.**--The Secretary may, upon written request, disclose returns and return information with respect to--

**(A)** taxes imposed by chapters 2, 21, and 24, to the Social Security Administration for purposes of its administration of the Social Security Act;

**(B)** a plan to which part I of subchapter D of chapter 1 applies, to the Social Security Administration for purposes of carrying out its responsibility under section 1131 of the Social Security Act, limited, however to return information described in section 6057(d); and

**(C)** taxes imposed by chapter 22, to the Railroad Retirement Board for purposes of its administration of the Railroad Retirement Act.

**(2) Disclosure of returns and return information to the Department of Labor and Pension Benefit Guaranty Corporation.**--The Secretary may, upon written request, furnish returns and return information to the proper officers and employees of the Department of Labor and the Pension Benefit Guaranty Corporation for purposes of, but only to the extent necessary in, the administration of titles I and IV of the Employee Retirement Income Security Act of 1974.

**(3) Disclosure that applicant for Federal loan has tax delinquent account.--**

**(A) In general.**--Upon written request, the Secretary may disclose to the head of the Federal agency administering any included Federal loan program whether or not an applicant for a loan under such program has a tax delinquent account.

**(B) Restriction on disclosure.**--Any disclosure under subparagraph (A) shall be made only for the purpose of, and to the extent necessary in, determining the creditworthiness of the applicant for the loan in question.

**(C) Included Federal loan program defined.**--For purposes of this paragraph, the term "included Federal loan program" means any program under which the United States or a Federal agency makes, guarantees, or insures loans.

**(4) Disclosure of returns and return information for use in personnel or claimant representative matters.**--The Secretary may disclose returns and return information--

**(A)** upon written request--

**(i)** to an employee or former employee of the Department of the Treasury, or to the duly authorized legal representative of such employee or former employee, who is or may be a party to any administrative action or proceeding affecting the personnel rights of such employee or former employee; or

**(ii)** to any person, or to the duly authorized legal representative of such person, whose rights are or may be affected by an administrative action or proceeding under section 330 of title 31, United States Code,

solely for use in the action or proceeding, or in preparation for the action or proceeding, but only to the extent that the Secretary determines that such returns or return information is or may be relevant and material to the action or proceeding; or

**(B)** to officers and employees of the Department of the Treasury for use in any action or proceeding described in subparagraph (A), or in preparation for such action or proceeding, to the extent necessary to advance or protect the interests of the United States.

**(5) Social Security Administration.**--Upon written request by the Commissioner of Social Security, the Secretary may disclose information returns filed pursuant to part III of subchapter A of chapter 61 of this subtitle for the purpose of--

**(A)** carrying out, in accordance with an agreement entered into pursuant to section 232 of the Social Security Act, an effective return processing program; or

**(B)** providing information regarding the mortality status of individuals for epidemiological and similar research in accordance with section 1106(d) of the Social Security Act.

**(6) Disclosure of return information to Federal, State, tribal, and local child support enforcement agencies.**--

TD_0000177

**(A) Return information from Internal Revenue Service.**--The Secretary may, upon written request, disclose to the appropriate Federal, State, tribal, or local child support enforcement agency--

**(i)** available return information from the master files of the Internal Revenue Service relating to the social security account number (or numbers, if the individual involved has more than one such number), address, filing status, amounts and nature of income, and the number of dependents reported on any return filed by, or with respect to, any individual with respect to whom child support obligations are sought to be established or enforced pursuant to the provisions of part D of title IV of the Social Security Act and with respect to any individual to whom such support obligations are owing, and

**(ii)** available return information reflected on any return filed by, or with respect to, any individual described in clause (i) relating to the amount of such individual's gross income (as defined in section 61) or consisting of the names and addresses of payors of such income and the names of any dependents reported on such return, but only if such return information is not reasonably available from any other source.

**(B) Disclosure to certain agents.**--The information disclosed to any child support enforcement agency under subparagraph (A) with respect to any individual with respect to whom child support obligations are sought to be established or enforced may be disclosed by such agency to any agent of such agency which is under contract with such agency to carry out the purposes described in subparagraph (C).

**(C) Restriction on disclosure.**--Information may be disclosed under this paragraph only for purposes of, and to the extent necessary in, establishing and collecting child support obligations from, and locating, individuals owing such obligations.

**(D) State, tribal, or local child support enforcement agency.**--For purposes of this paragraph, the following shall be treated as a State, tribal, or local child support enforcement agency:

**(i)** Any agency of a State or political subdivision thereof operating pursuant to a plan described in section 454 of the Social Security Act which has been approved by the Secretary of Health and Human Services under part D of title IV of such Act.

**(ii)** Any child support enforcement agency of an Indian tribe or tribal organization receiving a grant under section 455(f) of the Social Security Act.

**(7) Disclosure of return information to Federal, State, and local agencies administering certain programs under the Social Security Act, the Food and Nutrition Act of 2008, or title 38, United States Code, or certain housing assistance programs.**--

**(A) Return information from Social Security Administration.**--The Commissioner of Social Security shall, upon written request, disclose return information from returns with respect to net earnings from self-employment (as defined in section 1402), wages (as defined in section 3121(a) or 3401(a)), and payments of retirement income, which have been disclosed to the Social Security Administration as provided by paragraph (1) or (5) of this subsection, to any Federal, State, or local agency administering a program listed in subparagraph (D).

TD_0000178

**(B) Return information from Internal Revenue Service.**--The Secretary shall, upon written request, disclose current return information from returns with respect to unearned income from the Internal Revenue Service files to any Federal, State, or local agency administering a program listed in subparagraph (D).

**(C) Restriction on disclosure.**--The Commissioner of Social Security and the Secretary shall disclose return information under subparagraphs (A) and (B) only for purposes of, and to the extent necessary in, determining eligibility for, or the correct amount of, benefits under a program listed in subparagraph (D).

**(D) Programs to which rule applies.**--The programs to which this paragraph applies are:

**(i)** a State program funded under part A of title IV of the Social Security Act;

**(ii)** medical assistance provided under a State plan approved under title XIX of the Social Security Act or subsidies provided under section 1860D-14 of such Act;

**(iii)** supplemental security income benefits provided under title XVI of the Social Security Act, and federally administered supplementary payments of the type described in section 1616(a) of such Act (including payments pursuant to an agreement entered into under section 212(a) of Public Law 93-66);

**(iv)** any benefits provided under a State plan approved under title I, X, XIV, or XVI of the Social Security Act (as those titles apply to Puerto Rico, Guam, and the Virgin Islands);

**(v)** unemployment compensation provided under a State law described in section 3304 of this title;

**(vi)** assistance provided under the Food and Nutrition Act of 2008;

**(vii)** State-administered supplementary payments of the type described in section 1616(a) of the Social Security Act (including payments pursuant to an agreement entered into under section 212(a) of Public Law 93-66);

**(viii)(I)** any needs-based pension provided under chapter 15 of title 38, United States Code, or under any other law administered by the Secretary of Veterans Affairs;

**(II)** parents' dependency and indemnity compensation provided under section 1315 of title 38, United States Code;

**(III)** health-care services furnished under sections 1710(a)(2)(G), 1710(a)(3), and 1710(b) of such title; and

TD_0000179

**(IV)** compensation paid under chapter 11 of title 38, United States Code, at the 100 percent rate based solely on unemployability and without regard to the fact that the disability or disabilities are not rated as 100 percent disabling under the rating schedule; and

**(ix)** any housing assistance program administered by the Department of Housing and Urban Development that involves initial and periodic review of an applicant's or participant's income, except that return information may be disclosed under this clause only on written request by the Secretary of Housing and Urban Development and only for use by officers and employees of the Department of Housing and Urban Development with respect to applicants for and participants in such programs.

Only return information from returns with respect to net earnings from self-employment and wages may be disclosed under this paragraph for use with respect to any program described in clause (viii)(IV).

**(8) Disclosure of certain return information by Social Security Administration to Federal, State, tribal, and local child support enforcement agencies.--**

**(A) In general.**--Upon written request, the Commissioner of Social Security shall disclose directly to officers and employees of a Federal, State, tribal, or local child support enforcement agency return information from returns with respect to social security account numbers, net earnings from self-employment (as defined in section 1402), wages (as defined in section 3121(a) or 3401(a)), and payments of retirement income which have been disclosed to the Social Security Administration as provided by paragraph (1) or (5) of this subsection.

**(B) Restriction on disclosure.**--The Commissioner of Social Security shall disclose return information under subparagraph (A) only for purposes of, and to the extent necessary in, establishing and collecting child support obligations from, and locating, individuals owing such obligations. For purposes of the preceding sentence, the term "child support obligations" only includes obligations which are being enforced pursuant to the provisions of part D of title IV of the Social Security Act. The information disclosed to any child support enforcement agency under subparagraph (A) with respect to any individual with respect to whom child support obligations are sought to be established or enforced may be disclosed by such agency to any agent of such agency which is under contract with such agency for purposes of, and to the extent necessary in, establishing and collecting child support obligations from, and locating, individuals owing such obligations.

**(C) State, tribal, or local child support enforcement agency.**--For purposes of this paragraph, the term "State, tribal, or local child support enforcement agency" has the same meaning as when used in paragraph (6)(D).

**(9) Disclosure of alcohol fuel producers to administrators of State alcohol laws.**--Notwithstanding any other provision of this section, the Secretary may disclose--

**(A)** the name and address of any person who is qualified to produce alcohol for fuel use under section 5181, and

**(B)** the location of any premises to be used by such person in producing alcohol for fuel,

to any State agency, body, or commission, or its legal representative, which is charged under the laws of such State with responsibility for administration of State alcohol laws solely for use in the administration of such laws.

TD_0000180

**(10) Disclosure of certain information to agencies requesting a reduction under subsection (c), (d), (e), or (f) of section 6402.--**

**(A) Return information from Internal Revenue Service.**--The Secretary may, upon receiving a written request, disclose to officers and employees of any agency seeking a reduction under subsection (c), (d), (e), or (f) of section 6402, to officers and employees of the Department of Labor for purposes of facilitating the exchange of data in connection with a notice submitted under subsection (f)(5)(C) of section 6402, and to officers and employees of the Department of the Treasury in connection with such reduction--

**(i)** taxpayer identity information with respect to the taxpayer against whom such a reduction was made or not made and with respect to any other person filing a joint return with such taxpayer,

**(ii)** the fact that a reduction has been made or has not been made under such subsection with respect to such taxpayer,

**(iii)** the amount of such reduction,

**(iv)** whether such taxpayer filed a joint return, and

**(v)** the fact that a payment was made (and the amount of the payment) to the spouse of the taxpayer on the basis of a joint return.

**(B) Restriction on use of disclosed information.--(i)** Any officers and employees of an agency receiving return information under subparagraph (A) shall use such information only for the purposes of, and to the extent necessary in, establishing appropriate agency records, locating any person with respect to whom a reduction under subsection (c), (d), (e), or (f) of section 6402 is sought for purposes of collecting the debt with respect to which the reduction is sought, or in the defense of any litigation or administrative procedure ensuing from a reduction made under subsection (c), (d), (e), or (f) of section 6402.

**(ii)** Notwithstanding clause (i), return information disclosed to officers and employees of the Department of Labor may be accessed by agents who maintain and provide technological support to the Department of Labor's Interstate Connection Network (ICON) solely for the purpose of providing such maintenance and support.

**(iii)** The information disclosed to any child support enforcement agency under subparagraph (A) with respect to any individual with respect to whom child support obligations are sought to be established or enforced may be disclosed by such agency to any agent of such agency which is under contract with such agency for purposes of, and to the extent necessary in, establishing and collecting child support obligations from, and locating, individuals owing such obligations.

**(11) Disclosure of return information to carry out Federal Employees' Retirement System.--**

TD_0000181

**(A) In general.**--The Commissioner of Social Security shall, on written request, disclose to the Office of Personnel Management return information from returns with respect to net earnings from self-employment (as defined in section 1402), wages (as defined in section 3121(a) or 3401(a)), and payments of retirement income, which have been disclosed to the Social Security Administration as provided by paragraph (1) or (5).

**(B) Restriction on disclosure.**--The Commissioner of Social Security shall disclose return information under subparagraph (A) only for purposes of, and to the extent necessary in, the administration of chapters 83 and 84 of title 5, United States Code.

**(12) Disclosure of certain taxpayer identity information for verification of employment status of medicare beneficiary and spouse of medicare beneficiary.--**

**(A) Return information from Internal Revenue Service.**--The Secretary shall, upon written request from the Commissioner of Social Security, disclose to the Commissioner available filing status and taxpayer identity information from the individual master files of the Internal Revenue Service relating to whether any medicare beneficiary identified by the Commissioner was a married individual (as defined in section 7703) for any specified year after 1986, and, if so, the name of the spouse of such individual and such spouse's TIN.

**(B) Return information from Social Security Administration.**--The Commissioner of Social Security shall, upon written request from the Administrator of the Centers for Medicare & Medicaid Services, disclose to the Administrator the following information:

**(i)** The name and TIN of each medicare beneficiary who is identified as having received wages (as defined in section 3401(a)), above an amount (if any) specified by the Secretary of Health and Human Services, from a qualified employer in a previous year.

**(ii)** For each medicare beneficiary who was identified as married under subparagraph (A) and whose spouse is identified as having received wages, above an amount (if any) specified by the Secretary of Health and Human Services, from a qualified employer in a previous year--

**(I)** the name and TIN of the medicare beneficiary, and

**(II)** the name and TIN of the spouse.

**(iii)** With respect to each such qualified employer, the name, address, and TIN of the employer and the number of individuals with respect to whom written statements were furnished under section 6051 by the employer with respect to such previous year.

**(C) Disclosure by Centers for Medicare & Medicaid Services.**--With respect to the information disclosed under subparagraph (B), the Administrator of the Centers for Medicare & Medicaid Services may disclose--

TD_0000182

(i) to the qualified employer referred to in such subparagraph the name and TIN of each individual identified under such subparagraph as having received wages from the employer (hereinafter in this subparagraph referred to as the "employee") for purposes of determining during what period such employee or the employee's spouse may be (or have been) covered under a group health plan of the employer and what benefits are or were covered under the plan (including the name, address, and identifying number of the plan),

(ii) to any group health plan which provides or provided coverage to such an employee or spouse, the name of such employee and the employee's spouse (if the spouse is a medicare beneficiary) and the name and address of the employer, and, for the purpose of presenting a claim to the plan--

(I) the TIN of such employee if benefits were paid under title XVIII of the Social Security Act with respect to the employee during a period in which the plan was a primary plan (as defined in section 1862(b)(2)(A) of the Social Security Act), and

(II) the TIN of such spouse if benefits were paid under such title with respect to the spouse during such period, and

(iii) to any agent of such Administrator the information referred to in subparagraph (B) for purposes of carrying out clauses (i) and (ii) on behalf of such Administrator.

(D) Special rules.--

(i) Restrictions on disclosure.--Information may be disclosed under this paragraph only for purposes of, and to the extent necessary in, determining the extent to which any medicare beneficiary is covered under any group health plan.

(ii) Timely response to requests.--Any request made under subparagraph (A) or (B) shall be complied with as soon as possible but in no event later than 120 days after the date the request was made.

(E) Definitions.--For purposes of this paragraph--

(i) Medicare beneficiary.--The term "medicare beneficiary" means an individual entitled to benefits under part A, or enrolled under part B, of title XVIII of the Social Security Act, but does not include such an individual enrolled in part A under section 1818.

(ii) Group health plan.--The term "group health plan" means any group health plan (as defined in section 5000(b)(1)).

(iii) Qualified employer.--The term "qualified employer" means, for a calendar year, an employer which has furnished written statements under section 6051 with respect to at least 20 individuals for wages paid in the year.

**(13) Disclosure of return information to carry out the Higher Education Act of 1965.--**

TD_0000183

**(A) Applications and recertifications for income-contingent or income-based repayment.**--The Secretary shall, upon written request from the Secretary of Education, disclose to any authorized person, only for the purpose of (and to the extent necessary in) determining eligibility for, or repayment obligations under, income-contingent or income-based repayment plans under title IV of the Higher Education Act of 1965 with respect to loans under part D of such title, the following return information from returns (for any taxable year specified by the Secretary of Education as relevant to such purpose) of an individual certified by the Secretary of Education as having provided approval under section 494(a)(2) of such Act (as in effect on the date of enactment of this paragraph) for such disclosure:

**(i)** Taxpayer identity information.

**(ii)** Filing status.

**(iii)** Adjusted gross income.

**(iv)** Total number of exemptions claimed, if applicable.

**(v)** Number of dependents taken into account in determining the credit allowed under section 24.

**(vi)** If applicable, the fact that there was no return filed.

**(B) Discharge of loan based on total and permanent disability.**--The Secretary shall, upon written request from the Secretary of Education, disclose to any authorized person, only for the purpose of (and to the extent necessary in) monitoring and reinstating loans under title IV of the Higher Education Act of 1965 that were discharged based on a total and permanent disability (within the meaning of section 437(a) of such Act), the following return information from returns (for any taxable year specified by the Secretary of Education as relevant to such purpose) of an individual certified by the Secretary of Education as having provided approval under section 494(a)(3) of such Act (as in effect on the date of enactment of this paragraph) for such disclosure:

**(i)** The return information described in clauses (i), (ii), and (vi) of subparagraph (A).

**(ii)** The return information described in subparagraph (C)(ii).

**(C) Federal student financial aid.**--The Secretary shall, upon written request from the Secretary of Education, disclose to any authorized person, only for the purpose of (and to the extent necessary in) determining eligibility for, and amount of, Federal student financial aid under a program authorized under subpart 1 of part A, part C, or part D of title IV of the Higher Education Act of 1965 the following return information from returns (for the taxable year used for purposes of section 480(a) of such Act) of an individual certified by the Secretary of Education as having provided approval under section 494(a)(1) of such Act (as in effect on the date of enactment of this paragraph) for such disclosure:

**(i)** Return information described in clauses (i) through (vi) of subparagraph (A).

TD_0000184

**(ii)** The amount of any net earnings from self-employment (as defined in section 1402(a)), wages (as defined in section 3121(a) or 3401(a)), and taxable income from a farming business (as defined in section 263A(e)(4)).

**(iii)** Amount of total income tax.

**(iv)** Amount of any credit allowed under section 25A.

**(v)** Amount of individual retirement account distributions not included in adjusted gross income.

**(vi)** Amount of individual retirement account contributions and payments to self-employed SEP, Keogh, and other qualified plans which were deducted from income.

**(vii)** Amount of tax-exempt interest received.

**(viii)** Amounts from retirement pensions and annuities not included in adjusted gross income.

**(ix)** If applicable, the fact that any of the following schedules (or equivalent successor schedules) were filed with the return:

    **(I)** Schedule A.

    **(II)** Schedule B.

    **(III)** Schedule D.

    **(IV)** Schedule E.

    **(V)** Schedule F.

    **(VI)** Schedule H.

**(x)** If applicable, the amount reported on Schedule C (or an equivalent successor schedule) as net profit or loss.

**(D) Additional uses of disclosed information.--**

**(i) In general.--**In addition to the purposes for which information is disclosed under subparagraphs (A), (B), and (C), return information so disclosed may be used by an authorized person, with respect to income-contingent or income-

TD_0000185

based repayment plans, awards of Federal student financial aid under a program authorized under subpart 1 of part A, part C, or part D of title IV of the Higher Education Act of 1965, and discharges of loans based on a total and permanent disability (within the meaning of section 437(a) of such Act), for purposes of--

**(I)** reducing the net cost of improper payments under such plans, relating to such awards, or relating to such discharges,

**(II)** oversight activities by the Office of Inspector General of the Department of Education as authorized by the Inspector General Act of 1978, and

**(III)** conducting analyses and forecasts for estimating costs related to such plans, awards, or discharges.

**(ii) Limitation.**--The purposes described in clause (i) shall not include the conduct of criminal investigations or prosecutions.

**(iii) Redisclosure to institutions of higher education, State higher education agencies, and designated scholarship organizations.**--Authorized persons may redisclose return information received under subparagraph (C), solely for the use in the application, award, and administration of financial aid awarded by the Federal government or awarded by a person described in subclause (I), (II), or (III), to the following persons:

**(I)** An institution of higher education participating in a program under subpart 1 of part A, part C, or part D of title IV of the Higher Education Act of 1965.

**(II)** A State higher education agency.

**(III)** A scholarship organization which is an entity designated (prior to the date of the enactment of this clause) by the Secretary of Education under section 483(a)(3)(E) of such Act.

This clause shall only apply to the extent that the taxpayer with respect to whom the return information relates provides written consent for such redisclosure to the Secretary of Education. Under such terms and conditions as may be prescribed by the Secretary, after consultation with the Department of Education, an institution of higher education described in subclause (I) or a State higher education agency described in subclause (II) may designate a contractor of such institution or state agency to receive return information on behalf of such institution or state agency to administer aspects of the institution's or state agency's activities for the application, award, and administration of such financial aid.

**(iv) Redisclosure to Office of Inspector General, independent auditors, and contractors.**--Any return information which is redisclosed under clause (iii)--

**(I)** may be further disclosed by persons described in subclauses (I), (II), or (III) of clause (iii) or persons designated in the last sentence of clause (iii) to the Office of Inspector General of the Department of Education and independent auditors conducting audits of such person's administration of the programs for which the return information was received, and

TD_0000186

**(II)** may be further disclosed by persons described in subclauses (I), (II), or (III) of clause (iii) to contractors of such entities,

but only to the extent necessary in carrying out the purposes described in such clause (iii).

**(v) Redisclosure to family members.**--In addition to the purposes for which information is disclosed and used under subparagraphs (A) and (C), or redisclosed under clause (iii), any return information so disclosed or redisclosed may be further disclosed to any individual certified by the Secretary of Education as having provided approval under paragraph (1) or (2) of section 494(a) of the Higher Education Act of 1965, as the case may be, for disclosure related to the income-contingent or income-based repayment plan under subparagraph (A) or the eligibility for, and amount of, Federal student financial aid described in subparagraph (C).

**(vi) Redisclosure of FAFSA information.**--Return information received under subparagraph (C) may be redisclosed in accordance with subsection (c) of section 494 of the Higher Education Act of 1965 (as in effect on the date of enactment of the COVID-related Tax Relief Act of 2020) to carry out the purposes specified in such subsection.

**(E) Authorized person.**--For purposes of this paragraph, the term "authorized person" means, with respect to information disclosed under subparagraph (A), (B), or (C), any person who--

**(i)** is an officer, employee, or contractor, of the Department of Education, and

**(ii)** is specifically authorized and designated by the Secretary of Education for purposes of such subparagraph (applied separately with respect to each such subparagraph).

**(F) Joint returns.**--In the case of a joint return, any disclosure authorized under subparagraph (A), (B), or (C), and any redisclosure authorized under clause (iii), (iv) [2] (v), or (vi) of subparagraph (D), with respect to an individual shall be treated for purposes of this paragraph as applying with respect to the taxpayer.

**(14) Disclosure of return information to United States Customs Service.**--The Secretary may, upon written request from the Commissioner of the United States Customs Service, disclose to officers and employees of the Department of the Treasury such return information with respect to taxes imposed by chapters 1 and 6 as the Secretary may prescribe by regulations, solely for the purpose of, and only to the extent necessary in--

**(A)** ascertaining the correctness of any entry in audits as provided for in section 509 of the Tariff Act of 1930 ( 19 U.S.C. 1509), or

**(B)** other actions to recover any loss of revenue, or to collect duties, taxes, and fees, determined to be due and owing pursuant to such audits.

TD_0000187

**(15) Disclosure of returns filed under section 6050I.**--The Secretary may, upon written request, disclose to officers and employees of--

**(A)** any Federal agency,

**(B)** any agency of a State or local government, or

**(C)** any agency of the government of a foreign country,

information contained on returns filed under section 6050I. Any such disclosure shall be made on the same basis, and subject to the same conditions, as apply to disclosures of information on reports filed under section 5313 of title 31, United States Code; except that no disclosure under this paragraph shall be made for purposes of the administration of any tax law.

**(16) Disclosure of return information for purposes of administering the District of Columbia Retirement Protection Act of 1997**

**(A) In general.**--Upon written request available return information (including such information disclosed to the Social Security Administration under paragraph (1) or (5) of this subsection), relating to the amount of wage income (as defined in section 3121(a) or 3401(a)), the name, address, and identifying number assigned under section 6109, of payors of wage income, taxpayer identity (as defined in section 6103(b)(6)), and the occupational status reflected on any return filed by, or with respect to, any individual with respect to whom eligibility for, or the correct amount of, benefits under the District of Columbia Retirement Protection Act of 1997, is sought to be determined, shall be disclosed by the Commissioner of Social Security, or to the extent not available from the Social Security Administration, by the Secretary, to any duly authorized officer or employee of the Department of the Treasury, or a Trustee or any designated officer or employee of a Trustee (as defined in the District of Columbia Retirement Protection Act of 1997), or any actuary engaged by a Trustee under the terms of the District of Columbia Retirement Protection Act of 1997, whose official duties require such disclosure, solely for the purpose of, and to the extent necessary in, determining an individual's eligibility for, or the correct amount of, benefits under the District of Columbia Retirement Protection Act of 1997.

**(B) Disclosure for use in judicial or administrative proceedings.**--Return information disclosed to any person under this paragraph may be disclosed in a judicial or administrative proceeding relating to the determination of an individual's eligibility for, or the correct amount of, benefits under the District of Columbia Retirement Protection Act of 1997.

**(17) Disclosure to National Archives and Records Administration.**--The Secretary shall, upon written request from the Archivist of the United States, disclose or authorize the disclosure of returns and return information to officers and employees of the National Archives and Records Administration for purposes of, and only to the extent necessary in, the appraisal of records for destruction or retention. No such officer or employee shall, except to the extent authorized by subsection (f), (i)(8), or (p), disclose any return or return information disclosed under the preceding sentence to any person other than to the Secretary, or to another officer or employee of the National Archives and Records Administration whose official duties require such disclosure for purposes of such appraisal.

**(18) Disclosure of return information for purposes of carrying out a program for advance payment of credit for health insurance costs of eligible individuals.**--The Secretary may disclose to providers of health insurance for any certified

TD_0000188

individual (as defined in section 7527(c)) return information with respect to such certified individual only to the extent necessary to carry out the program established by section 7527 (relating to advance payment of credit for health insurance costs of eligible individuals).

**(19) Disclosure of return information for purposes of providing transitional assistance under medicare discount card program.--**

**(A) In general.**--The Secretary, upon written request from the Secretary of Health and Human Services pursuant to carrying out section 1860D-31 of the Social Security Act, shall disclose to officers, employees, and contractors of the Department of Health and Human Services with respect to a taxpayer for the applicable year--

**(i)(I)** whether the adjusted gross income, as modified in accordance with specifications of the Secretary of Health and Human Services for purposes of carrying out such section, of such taxpayer and, if applicable, such taxpayer's spouse, for the applicable year, exceeds the amounts specified by the Secretary of Health and Human Services in order to apply the 100 and 135 percent of the poverty lines under such section, (II) whether the return was a joint return, and (III) the applicable year, or

**(ii)** if applicable, the fact that there is no return filed for such taxpayer for the applicable year.

**(B) Definition of applicable year.**--For the purposes of this subsection, the term "applicable year" means the most recent taxable year for which information is available in the Internal Revenue Service's taxpayer data information systems, or, if there is no return filed for such taxpayer for such year, the prior taxable year.

**(C) Restriction on use of disclosed information.**--Return information disclosed under this paragraph may be used only for the purposes of determining eligibility for and administering transitional assistance under section 1860D-31 of the Social Security Act.

**(20) Disclosure of return information to carry out Medicare part B premium subsidy adjustment and part D base beneficiary premium increase.--**

**(A) In general.**--The Secretary shall, upon written request from the Commissioner of Social Security, disclose to officers, employees, and contractors of the Social Security Administration return information of a taxpayer whose premium (according to the records of the Secretary) may be subject to adjustment under section 1839(i) or increase under section 1860D-13(a)(7) of the Social Security Act. Such return information shall be limited to--

**(i)** taxpayer identity information with respect to such taxpayer,

**(ii)** the filing status of such taxpayer,

**(iii)** the adjusted gross income of such taxpayer,

TD_0000189

**(iv)** the amounts excluded from such taxpayer's gross income under sections 135 and 911 to the extent such information is available,

**(v)** the interest received or accrued during the taxable year which is exempt from the tax imposed by chapter 1 to the extent such information is available,

**(vi)** the amounts excluded from such taxpayer's gross income by sections 931 and 933 to the extent such information is available,

**(vii)** such other information relating to the liability of the taxpayer as is prescribed by the Secretary by regulation as might indicate in the case of a taxpayer who is an individual described in subsection (i)(4)(B)(iii) of section 1839 of the Social Security Act that the amount of the premium of the taxpayer under such section may be subject to adjustment under subsection (i) of such section or increase under section 1860D-13(a)(7) of such Act and the amount of such adjustment, and

**(viii)** the taxable year with respect to which the preceding information relates.

**(B) Restriction on use of disclosed information.--**

**(i) In general.**--Return information disclosed under subparagraph (A) may be used by officers, employees, and contractors of the Social Security Administration only for the purposes of, and to the extent necessary in, establishing the appropriate amount of any premium adjustment under such section 1839(i) or increase under such section 1860D-13(a)(7) or for the purpose of resolving taxpayer appeals with respect to any such premium adjustment or increase.

**(ii) Disclosure to other agencies.**--Officers, employees, and contractors of the Social Security Administration may disclose--

**(I)** the taxpayer identity information and the amount of the premium subsidy adjustment or premium increase with respect to a taxpayer described in subparagraph (A) to officers, employees, and contractors of the Centers for Medicare and Medicaid Services, to the extent that such disclosure is necessary for the collection of the premium subsidy amount or the increased premium amount,

**(II)** the taxpayer identity information and the amount of the premium subsidy adjustment or the increased premium amount with respect to a taxpayer described in subparagraph (A) to officers and employees of the Office of Personnel Management and the Railroad Retirement Board, to the extent that such disclosure is necessary for the collection of the premium subsidy amount or the increased premium amount,

**(III)** return information with respect to a taxpayer described in subparagraph (A) to officers and employees of the Department of Health and Human Services to the extent necessary to resolve administrative appeals of such premium subsidy adjustment or increased premium, and

TD_0000190

**(IV)** return information with respect to a taxpayer described in subparagraph (A) to officers and employees of the Department of Justice for use in judicial proceedings to the extent necessary to carry out the purposes described in clause (i).

**(21) Disclosure of return information to carry out eligibility requirements for certain programs.**--

**(A) In general.**--The Secretary, upon written request from the Secretary of Health and Human Services, shall disclose to officers, employees, and contractors of the Department of Health and Human Services return information of any taxpayer whose income is relevant in determining any premium tax credit under section 36B or any cost-sharing reduction under section 1402 of the Patient Protection and Affordable Care Act or eligibility for participation in a State medicaid program under title XIX of the Social Security Act, a State's children's health insurance program under title XXI of the Social Security Act, or a basic health program under section 1331 of Patient Protection and Affordable Care Act. Such return information shall be limited to--

**(i)** taxpayer identity information with respect to such taxpayer,

**(ii)** the filing status of such taxpayer,

**(iii)** the number of individuals for whom a deduction is allowed under section 151 with respect to the taxpayer (including the taxpayer and the taxpayer's spouse),

**(iv)** the modified adjusted gross income (as defined in section 36B) of such taxpayer and each of the other individuals included under clause (iii) who are required to file a return of tax imposed by chapter 1 for the taxable year,

**(v)** such other information as is prescribed by the Secretary by regulation as might indicate whether the taxpayer is eligible for such credit or reduction (and the amount thereof), and

**(vi)** the taxable year with respect to which the preceding information relates or, if applicable, the fact that such information is not available.

**(B) Information to exchange and State agencies.**--The Secretary of Health and Human Services may disclose to an Exchange established under the Patient Protection and Affordable Care Act or its contractors, or to a State agency administering a State program described in subparagraph (A) or its contractors, any inconsistency between the information provided by the Exchange or State agency to the Secretary and the information provided to the Secretary under subparagraph (A).

**(C) Restriction on use of disclosed information.**--Return information disclosed under subparagraph (A) or (B) may be used by officers, employees, and contractors of the Department of Health and Human Services, an Exchange, or a State agency only for the purposes of, and to the extent necessary in--

TD_0000191

(i) establishing eligibility for participation in the Exchange, and verifying the appropriate amount of, any credit or reduction described in subparagraph (A),

(ii) determining eligibility for participation in the State programs described in subparagraph (A).

**(22) Disclosure of return information to Department of Health and Human Services for purposes of enhancing Medicare program integrity.--**

**(A) In general.--**The Secretary shall, upon written request from the Secretary of Health and Human Services, disclose to officers and employees of the Department of Health and Human Services return information with respect to a taxpayer who has applied to enroll, or reenroll, as a provider of services or supplier under the Medicare program under title XVIII of the Social Security Act. Such return information shall be limited to--

(i) the taxpayer identity information with respect to such taxpayer;

(ii) the amount of the delinquent tax debt owed by that taxpayer; and

(iii) the taxable year to which the delinquent tax debt pertains.

**(B) Restriction on disclosure.--**Return information disclosed under subparagraph (A) may be used by officers and employees of the Department of Health and Human Services for the purposes of, and to the extent necessary in, establishing the taxpayer's eligibility for enrollment or reenrollment in the Medicare program, or in any administrative or judicial proceeding relating to, or arising from, a denial of such enrollment or reenrollment, or in determining the level of enhanced oversight to be applied with respect to such taxpayer pursuant to section 1866(j)(3) of the Social Security Act.

**(C) Delinquent tax debt.--**For purposes of this paragraph, the term "delinquent tax debt" means an outstanding debt under this title for which a notice of lien has been filed pursuant to section 6323, but the term does not include a debt that is being paid in a timely manner pursuant to an agreement under section 6159 or 7122, or a debt with respect to which a collection due process hearing under section 6330 is requested, pending, or completed and no payment is required.

**(m) Disclosure of taxpayer identity information.--**

**(1) Tax refunds.--**The Secretary may disclose taxpayer identity information to the press and other media for purposes of notifying persons entitled to tax refunds when the Secretary, after reasonable effort and lapse of time, has been unable to locate such persons.

**(2) Federal claims.--**

TD_0000192

**(A) In general.**--Except as provided in subparagraph (B), the Secretary may, upon written request, disclose the mailing address of a taxpayer for use by officers, employees, or agents of a Federal agency for purposes of locating such taxpayer to collect or compromise a Federal claim against the taxpayer in accordance with sections 3711, 3717, and 3718 of title 31.

**(B) Special rule for consumer reporting agency.**--In the case of an agent of a Federal agency which is a consumer reporting agency (within the meaning of section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681a(f))), the mailing address of a taxpayer may be disclosed to such agent under subparagraph (A) only for the purpose of allowing such agent to prepare a commercial credit report on the taxpayer for use by such Federal agency in accordance with sections 3711, 3717, and 3718 of title 31.

**(3) National Institute for Occupational Safety and Health.**--Upon written request, the Secretary may disclose the mailing address of taxpayers to officers and employees of the National Institute for Occupational Safety and Health solely for the purpose of locating individuals who are, or may have been, exposed to occupational hazards in order to determine the status of their health or to inform them of the possible need for medical care and treatment.

**(4) Individuals who owe an overpayment of Federal Pell Grants or who have defaulted on student loans administered by the Department of Education.**--

**(A) In general.**--Upon written request by the Secretary of Education, the Secretary may disclose the mailing address of any taxpayer--

**(i)** who owes an overpayment of a grant awarded to such taxpayer under subpart 1 of part A of title IV of the Higher Education Act of 1965, or

**(ii)** who has defaulted on a loan--

**(I)** made under part B, D, or E of title IV of the Higher Education Act of 1965, or

**(II)** made pursuant to section 3(a)(1) of the Migration and Refugee Assistance Act of 1962 to a student at an institution of higher education,

for use only by officers, employees, or agents of the Department of Education for purposes of locating such taxpayer for purposes of collecting such overpayment or loan.

**(B) Disclosure to educational institutions, etc.**--Any mailing address disclosed under subparagraph (A)(i) may be disclosed by the Secretary of Education to--

**(i)** any lender, or any State or nonprofit guarantee agency, which is participating under part B or D of title IV of the Higher Education Act of 1965, or

TD_0000193

(ii) any educational institution with which the Secretary of Education has an agreement under subpart 1 of part A, or part D or E, of title IV of such Act,

for use only by officers, employees, or agents of such lender, guarantee agency, or institution whose duties relate to the collection of student loans for purposes of locating individuals who have defaulted on student loans made under such loan programs for purposes of collecting such loans.

**(5) Individuals who have defaulted on student loans administered by the Department of Health and Human Services.--**

**(A) In general.**--Upon written request by the Secretary of Health and Human Services, the Secretary may disclose the mailing address of any taxpayer who has defaulted on a loan made under part C of title VII of the Public Health Service Act or under subpart II of part B of title VIII of such Act, for use only by officers, employees, or agents of the Department of Health and Human Services for purposes of locating such taxpayer for purposes of collecting such loan.

**(B) Disclosure to schools and eligible lenders.**--Any mailing address disclosed under subparagraph (A) may be disclosed by the Secretary of Health and Human Services to--

(i) any school with which the Secretary of Health and Human Services has an agreement under subpart II of part C of title VII of the Public Health Service Act or subpart II of part B of title VIII of such Act, or

(ii) any eligible lender (within the meaning of section 737(4) of such Act) participating under subpart I of part C of title VII of such Act,

for use only by officers, employees, or agents of such school or eligible lender whose duties relate to the collection of student loans for purposes of locating individuals who have defaulted on student loans made under such subparts for the purposes of collecting such loans.

**(6) Blood Donor Locator Service.--**

**(A) In general.**--Upon written request pursuant to section 1141 of the Social Security Act, the Secretary shall disclose the mailing address of taxpayers to officers and employees of the Blood Donor Locator Service in the Department of Health and Human Services.

**(B) Restriction on disclosure.**--The Secretary shall disclose return information under subparagraph (A) only for purposes of, and to the extent necessary in, assisting under the Blood Donor Locator Service authorized persons (as defined in section 1141(h)(1) of the Social Security Act) in locating blood donors who, as indicated by donated blood or products derived therefrom or by the history of the subsequent use of such blood or blood products, have or may have the virus for acquired immune deficiency syndrome, in order to inform such donors of the possible need for medical care and treatment.

**(C) Safeguards.**--The Secretary shall destroy all related blood donor records (as defined in section 1141(h)(2) of the Social Security Act) in the possession of the Department of the Treasury upon completion of their use in making the disclosure required under subparagraph (A), so as to make such records undisclosable.

TD_0000194

**(7) Social security account statement furnished by Social Security Administration.**--Upon written request by the Commissioner of Social Security, the Secretary may disclose the mailing address of any taxpayer who is entitled to receive a social security account statement pursuant to section 1143(c) of the Social Security Act, for use only by officers, employees or agents of the Social Security Administration for purposes of mailing such statement to such taxpayer.

**(n) Certain other persons.**--Pursuant to regulations prescribed by the Secretary, returns and return information may be disclosed to any person, including any person described in section 7513(a), to the extent necessary in connection with the processing, storage, transmission, and reproduction of such returns and return information, the programming, maintenance, repair, testing, and procurement of equipment, and the providing of other services, for purposes of tax administration.

**(o) Disclosure of returns and return information with respect to certain taxes.**--

**(1) Taxes imposed by subtitle E.**--

**(A) In general.**--Returns and return information with respect to taxes imposed by subtitle E (relating to taxes on alcohol, tobacco, and firearms) shall be open to inspection by or disclosure to officers and employees of a Federal agency whose official duties require such inspection or disclosure.

**(B) Use in certain proceedings.**--Returns and return information disclosed to a Federal agency under subparagraph (A) may be used in an action or proceeding (or in preparation for such action or proceeding) brought under section 625 of the American Jobs Creation Act of 2004 for the collection of any unpaid assessment or penalty arising under such Act.

**(2) Taxes imposed by chapter 35.**--Returns and return information with respect to taxes imposed by chapter 35 (relating to taxes on wagering) shall, notwithstanding any other provision of this section, be open to inspection by or disclosure only to such person or persons and for such purpose or purposes as are prescribed by section 4424.

**(3) Taxes imposed by section 4481.**--Returns and return information with respect to taxes imposed by section 4481 shall be open to inspection by or disclosure to officers and employees of United States Customs and Border Protection of the Department of Homeland Security whose official duties require such inspection or disclosure for purposes of administering such section.

**(p) Procedure and recordkeeping.**--

**(1) Manner, time, and place of inspections.**--Requests for the inspection or disclosure of a return or return information and such inspection or disclosure shall be made in such manner and at such time and place as shall be prescribed by the Secretary.

**(2) Procedure.**--

TD_0000195

**(A) Reproduction of returns.**--A reproduction or certified reproduction of a return shall, upon written request, be furnished to any person to whom disclosure or inspection of such return is authorized under this section. A reasonable fee may be prescribed for furnishing such reproduction or certified reproduction.

**(B) Disclosure of return information.**--Return information disclosed to any person under the provisions of this title may be provided in the form of written documents, reproductions of such documents, films or photoimpressions, or electronically produced tapes, disks, or records, or by any other mode or means which the Secretary determines necessary or appropriate. A reasonable fee may be prescribed for furnishing such return information.

**(C) Use of reproductions.**--Any reproduction of any return, document, or other matter made in accordance with this paragraph shall have the same legal status as the original, and any such reproduction shall, if properly authenticated, be admissible in evidence in any judicial or administrative proceeding as if it were the original, whether or not the original is in existence.

**(3) Records of inspection and disclosure.--**

**(A) System of recordkeeping.**--Except as otherwise provided by this paragraph, the Secretary shall maintain a permanent system of standardized records or accountings of all requests for inspection or disclosure of returns and return information (including the reasons for and dates of such requests) and of returns and return information inspected or disclosed under this section and section 6104(c). Notwithstanding the provisions of section 552a(c) of title 5, United States Code, the Secretary shall not be required to maintain a record or accounting of requests for inspection or disclosure of returns and return information, or of returns and return information inspected or disclosed, under the authority of subsection (c), (e), (f)(5), (h)(1), (3)(A), or (4), (i)(4), or (8)(A)(ii), (k)(1), (2), (6), (8), or (9), (l)(1), (4)(B), (5), (7), (8), (9), (10), (11), (12), (13)(D)(iv), (13)(D)(v), (13)(D)(vi) [2] (14), (15), (16), (17), or (18), (m), or (n). The records or accountings required to be maintained under this paragraph shall be available for examination by the Joint Committee on Taxation or the Chief of Staff of such joint committee. Such record or accounting shall also be available for examination by such person or persons as may be, but only to the extent, authorized to make such examination under section 552a(c)(3) of title 5, United States Code.

**(B) Report by the Secretary.**--The Secretary shall, within 90 days after the close of each calendar year, furnish to the Joint Committee on Taxation a report with respect to, or summary of, the records or accountings described in subparagraph (A) in such form and containing such information as such joint committee or the Chief of Staff of such joint committee may designate. Such report or summary shall not, however, include a record or accounting of any request by the President under subsection (g) for, or the disclosure in response to such request of, any return or return information with respect to any individual who, at the time of such request, was an officer or employee of the executive branch of the Federal Government. Such report or summary, or any part thereof, may be disclosed by such joint committee to such persons and for such purposes as the joint committee may, by record vote of a majority of the members of the joint committee, determine.

**(C) Public report on disclosures.**--The Secretary shall, within 90 days after the close of each calendar year, furnish to the Joint Committee on Taxation for disclosure to the public a report with respect to the records or accountings described in subparagraph (A) which--

**(i)** provides with respect to each Federal agency, each agency, body, or commission described in subsection (d), (i)(3)(B)(i) or (7)(A)(ii), or (l)(6), and the Government Accountability Office the number of--

TD_0000196

      **(I)** requests for disclosure of returns and return information,

      **(II)** instances in which returns and return information were disclosed pursuant to such requests or otherwise,

      **(III)** taxpayers whose returns, or return information with respect to whom, were disclosed pursuant to such requests, and

    **(ii)** describes the general purposes for which such requests were made.

**(4) Safeguards.**--Any Federal agency described in subsection (h)(2), (h)(5), (i)(1), (2), (3), (5), or (7), (j)(1), (2), or (5), (k) (8), (10), (11), or (15), (l)(1), (2), (3), (5), (10), (11), (13)(A), (13)(B), (13)(C), (13)(D)(i), (14), (17), or (22), (o)(1)(A), or (o) (3), the Government Accountability Office, the Congressional Budget Office, or any agency, body, or commission described in subsection (d), (i)(1)(C), (3)(B)(i), or (7)(A)(ii), or (k)(10), (l)(6), (7), (8), (9), (12), (15), or (16), any appropriate State officer (as defined in section 6104(c)), or any other person described in subsection (k)(10) or (15), subsection (l)(6), (8), (10), (13)(A), (13)(B), (13)(C), (13)(D)(i), (16), (18), (19), or (20), or any Indian tribe or tribal organization receiving a grant under section 455(f) of the Social Security Act, or any entity described in subsection (l)(21), shall, as a condition for receiving returns or return information--

    **(A)** establish and maintain, to the satisfaction of the Secretary, a permanent system of standardized records with respect to any request, the reason for such request, and the date of such request made by or of it and any disclosure of return or return information made by or to it;

    **(B)** establish and maintain, to the satisfaction of the Secretary, a secure area or place in which such returns or return information shall be stored;

    **(C)** restrict, to the satisfaction of the Secretary, access to the returns or return information only to persons whose duties or responsibilities require access and to whom disclosure may be made under the provisions of this title;

    **(D)** provide such other safeguards which the Secretary determines (and which he prescribes in regulations) to be necessary or appropriate to protect the confidentiality of the returns or return information;

    **(E)** furnish a report to the Secretary, at such time and containing such information as the Secretary may prescribe, which describes the procedures established and utilized by such agency, body, or commission, the Government Accountability Office, or the Congressional Budget Office for ensuring the confidentiality of returns and return information required by this paragraph; and

    **(F)** upon completion of use of such returns or return information--

      **(i)** in the case of an agency, body, or commission described in subsection (d), (i)(3)(B)(i), (k)(10), or (l)(6), (7), (8), (9), or (16), any appropriate State officer (as defined in section 6104(c)), or any other person described in subsection (k)

TD_0000197

(10) or (15) or subsection (l)(6), (8), (10), (13)(A), (13)(B), (13)(C), (13)(D)(i), (16), (18), (19), or (20) return to the Secretary such returns or return information (along with any copies made therefrom) or make such returns or return information undisclosable in any manner and furnish a written report to the Secretary describing such manner,

(ii) in the case of an agency described in subsection (h)(2), (h)(5), (i)(1), (2), (3), (5) or (7), (j)(1), (2), or (5), (k)(8), (10), (11), or (15), (l)(1), (2), (3), (5), (10), (11), (12), (13)(A), (13)(B), (13)(C), (13)(D)(i), (14), (15), (17), or (22),,[3] (o)(1) (A), or (o)(3) or any entity described in subsection (l)(21), the Government Accountability Office, or the Congressional Budget Office, either--

(I) return to the Secretary such returns or return information (along with any copies made therefrom),

(II) otherwise make such returns or return information undisclosable, or

(III) to the extent not so returned or made undisclosable, ensure that the conditions of subparagraphs (A), (B), (C), (D), and (E) of this paragraph continue to be met with respect to such returns or return information, and

(iii) in the case of the Department of Health and Human Services for purposes of subsection (m)(6), destroy all such return information upon completion of its use in providing the notification for which the information was obtained, so as to make such information undisclosable;

except that the conditions of subparagraphs (A), (B), (C), (D), and (E) shall cease to apply with respect to any return or return information if, and to the extent that, such return or return information is disclosed in the course of any judicial or administrative proceeding and made a part of the public record thereof. If the Secretary determines that any such agency, body, or commission, including an agency, an appropriate State officer (as defined in section 6104(c)), or any other person described in subsection (k)(10) or (15) or subsection (l)(6), (8), (10), (13)(A), (13)(B), (13)(C), (13)(D)(i), (16), (18), (19), or (20), or any Indian tribe or tribal organization receiving a grant under section 455(f) of the Social Security Act, or any entity described in subsection (l)(21), or the Government Accountability Office or the Congressional Budget Office, has failed to, or does not, meet the requirements of this paragraph, he may, after any proceedings for review established under paragraph (7), take such actions as are necessary to ensure such requirements are met, including refusing to disclose returns or return information to such agency, body, or commission, including an agency, an appropriate State officer (as defined in section 6104(c)), or any other person described in subsection (k) (10) or (15) or subsection (l)(6), (8), (10), (13)(A), (13)(B), (13)(C), (13)(D)(i), (16), (18), (19), or (20), or any Indian tribe or tribal organization receiving a grant under section 455(f) of the Social Security Act, or any entity described in subsection (l)(21), or the Government Accountability Office or the Congressional Budget Office, until he determines that such requirements have been or will be met. In the case of any agency which receives any mailing address under paragraph (2), (4), (6), or (7) of subsection (m) and which discloses any such mailing address to any agent or which receives any information under paragraph (6)(A), (8), (10), (12)(B), or (16) of subsection (l) and which discloses any such information to any agent, or any person including an agent described in subsection (l)(10), (13)(A), (13)(B), (13) (C), (13)(D)(i), or (16), this paragraph shall apply to such agency and each such agent or other person (except that, in the case of an agent, or any person including an agent described in subsection (l)(10), (13)(A), (13)(B), (13)(C), (13) (D)(i), or (16), any report to the Secretary or other action with respect to the Secretary shall be made or taken through such agency). For purposes of applying this paragraph in any case to which subsection (m)(6) applies, the term "return information" includes related blood donor records (as defined in section 1141(h)(2) of the Social Security Act).

TD_0000198

**(5) Report on procedures and safeguards.**--After the close of each calendar year, the Secretary shall furnish to each committee described in subsection (f)(1) a report which describes the procedures and safeguards established and utilized by such agencies, bodies, or commissions, the Government Accountability Office, and the Congressional Budget Office for ensuring the confidentiality of returns and return information as required by this subsection. Such report shall also describe instances of deficiencies in, and failure to establish or utilize, such procedures.

**(6) Audit of procedures and safeguards.**--

**(A) Audit by Comptroller General.**--The Comptroller General may audit the procedures and safeguards established by such agencies, bodies, or commissions and the Congressional Budget Office pursuant to this subsection to determine whether such safeguards and procedures meet the requirements of this subsection and ensure the confidentiality of returns and return information. The Comptroller General shall notify the Secretary before any such audit is conducted.

**(B) Records of inspection and reports by the Comptroller General.**--The Comptroller General shall--

**(i)** maintain a permanent system of standardized records and accountings of returns and return information inspected by officers and employees of the Government Accountability Office under subsection (i)(8)(A)(ii) and shall, within 90 days after the close of each calendar year, furnish to the Secretary a report with respect to, or summary of, such records or accountings in such form and containing such information as the Secretary may prescribe, and

**(ii)** furnish an annual report to each committee described in subsection (f) and to the Secretary setting forth his findings with respect to any audit conducted pursuant to subparagraph (A).

The Secretary may disclose to the Joint Committee any report furnished to him under clause (i).

**(7) Administrative review.**--The Secretary shall by regulations prescribe procedures which provide for administrative review of any determination under paragraph (4) that any agency, body, or commission described in subsection (d) has failed to meet the requirements of such paragraph.

**(8) State law requirements.**--

**(A) Safeguards.**--Notwithstanding any other provision of this section, no return or return information shall be disclosed after December 31, 1978, to any officer or employee of any State which requires a taxpayer to attach to, or include in, any State tax return a copy of any portion of his Federal return, or information reflected on such Federal return, unless such State adopts provisions of law which protect the confidentiality of the copy of the Federal return (or portion thereof) attached to, or the Federal return information reflected on, such State tax return.

**(B) Disclosure of returns or return information in State returns.**--Nothing in subparagraph (A) or paragraph (9) shall be construed to prohibit the disclosure by an officer or employee of any State of any copy of any portion of a Federal return or any information on a Federal return which is required to be attached or included in a State return to another officer or employee of such State (or political subdivision of such State) if such disclosure is specifically authorized by State law.

TD_0000199

**(9) Disclosure to contractors and other agents.**--Notwithstanding any other provision of this section, no return or return information shall be disclosed to any contractor or other agent of a Federal, State, tribal, or local agency unless such agency, to the satisfaction of the Secretary--

**(A)** has requirements in effect which require each such contractor or other agent which would have access to returns or return information to provide safeguards (within the meaning of paragraph (4)) to protect the confidentiality of such returns or return information,

**(B)** agrees to conduct an on-site review every 3 years (or a mid-point review in the case of contracts or agreements of less than 3 years in duration) of each contractor or other agent to determine compliance with such requirements,

**(C)** submits the findings of the most recent review conducted under subparagraph (B) to the Secretary as part of the report required by paragraph (4)(E), and

**(D)** certifies to the Secretary for the most recent annual period that such contractor or other agent is in compliance with all such requirements.

The certification required by subparagraph (D) shall include the name and address of each contractor or other agent, a description of the contract or agreement with such contractor or other agent, and the duration of such contract or agreement. The requirements of this paragraph shall not apply to disclosures pursuant to subsection (n) for purposes of Federal tax administration.

**(q) Regulations.**--The Secretary is authorized to prescribe such other regulations as are necessary to carry out the provisions of this section.

## CREDIT(S)

(Aug. 16, 1954, c. 736, 68A Stat. 753; Pub.L. 88-563, § 3(c), Sept. 2, 1964, 78 Stat. 844; Pub.L. 89-44, Title VI, § 601(a), June 21, 1965, 79 Stat. 153; Pub.L. 89-713, § 4(a), Nov. 2, 1966, 80 Stat. 1109; Pub.L. 93-406, Title II, § 1022(h), Sept. 2, 1974, 88 Stat. 941; Pub.L. 94-202, § 8(g), Jan. 2, 1976, 89 Stat. 1139; Pub.L. 94-455, Title XII, § 1202(a)(1), Oct. 4, 1976, 90 Stat. 1667; Pub.L. 95-210, § 5, Dec. 13, 1977, 91 Stat. 1491; Pub.L. 95-600, Title V, § 503, Title VII, § 701(bb)(1)(A), (B), (2) to (5), Nov. 6, 1978, 92 Stat. 2879, 2921; Pub.L. 96-249, Title I, § 127(a)(1), (2)(A) to (C), May 26, 1980, 94 Stat. 365, 366, as amended Pub.L. 96-611, § 11(a)(1), Dec. 28, 1980, 94 Stat. 3573, and Pub.L. 98-369, Div. A, Title IV, § 453(b)(5), July 18, 1984, 98 Stat. 820; Pub.L. 96-265, Title IV, § 408(a)(1) to (2)(C), June 9, 1980, 94 Stat. 468, as amended Pub.L. 96-611, § 11(a) (2)(A) to (B)(iii), Dec. 28, 1980, 94 Stat. 3573; Pub.L. 96-499, Title III, § 302(a), Dec. 5, 1980, 94 Stat. 2604; Pub.L. 96-589, § 3(c), Dec. 24, 1980, 94 Stat. 3401; Pub.L. 96-598, § 3(a), Dec. 24, 1980, 94 Stat. 3487; Pub.L. 97-34, Title VII, § 701(a), Aug. 13, 1981, 95 Stat. 340; Pub.L. 97-248, Title III, §§ 356(a), (b)(1), 358(a), (b), Sept. 3, 1982, 96 Stat. 641, 645, 646, 648; Pub.L. 97-258, § 3(f)(4) to (6), Sept. 13, 1982, 96 Stat. 1064; Pub.L. 97-365, §§ 7(a), (b), 8(a) to (c)(1), Oct. 25, 1982, 96 Stat. 1752 to 1754; Pub.L. 97-452, § 2(c)(4), Jan. 12, 1983, 96 Stat. 2478; Pub.L. 98-21, Title I, § 121(c)(3)(A), (B), Apr. 20, 1983, 97 Stat. 83; Pub.L. 98-369, Div. A, Title IV, §§ 449(a), 453(a) to (b)(3), (6), Div. B, Title VI, §§ 2651(k), 2653(b)(3), 2663(j) (5)(E), July 18, 1984, 98 Stat. 818, 820, 1150, 1155, 1171; Pub.L. 98-378, §§ 19(b), 21(f)(1) to (4), Aug. 16, 1984, 98 Stat. 1322, 1325, 1326; Pub.L. 99-92, § 8(h), Aug. 16, 1985, 99 Stat. 399; Pub.L. 99-335, Title III, § 310(a), (b), June 6, 1986, 100 Stat. 607, 608; Pub.L. 99-386, Title II, § 206(b), Aug. 22, 1986, 100 Stat. 823; Pub.L. 99-514, Title XIV, § 1411(b), Title XV, § 1568(a), Title XVIII, § 1899A(53), Oct. 22, 1986, 100 Stat. 2715, 2764, 2961; Pub.L. 100-485, Title VII, § 701(b)(1), (2)(A),

TD_0000200

(B), Oct. 13, 1988, 102 Stat. 2425, 2426; Pub.L. 100-647, Title I, §§ 1012(bb)(3)(A), (B), 1014(e)(4), Title VI, § 6251, Title VIII, § 8008(c)(1), (2)(A), Nov. 10, 1988, 102 Stat. 3534, 3561, 3752, 3786, 3787; Pub.L. 100-690, Title VII, §§ 7601(b)(1), (2), 7602(c), (d)(2), Nov. 18, 1988, 102 Stat. 4504, 4508; Pub.L. 101-239, Title VI, § 6202(a)(1)(A), (B), Title VII, § 7841(d) (1), Dec. 19, 1989, 103 Stat. 2226, 2227, 2428; Pub.L. 101-508, Title IV, § 4203(a)(2), Title V, § 5111(b)(1), (2), Title VIII, § 8051(a), Title XI, §§ 11101(d)(6), 11212(b)(3), 11313(a), Nov. 5, 1990, 104 Stat. 1388-107, 1388-272, 1388-273, 1388-349, 1388-405, 1388-431, 1388-455; Pub.L. 101-650, Title III, § 321, Dec. 1, 1990, 104 Stat. 5117; Pub.L. 102-568, Title VI, § 602(b), Oct. 29, 1992, 106 Stat. 4342; Pub.L. 103-66, Title XIII, §§ 13401(a), 13402(a), (b), 13403(a), (b), 13444(a), 13561(a) (2), (e)(2)(B), Aug. 10, 1993, 107 Stat. 563, 564, 565, 570, 593, 595; Pub.L. 103-182, Title V, § 522(a), (b), Dec. 8, 1993, 107 Stat. 2161; Pub.L. 103-296, Title I, § 108(h)(6), Title III, § 311(b), Aug. 15, 1994, 108 Stat. 1487, 1525; Pub.L. 104-134, Title III, § 31001(g)(2), (i)(2), Apr. 26, 1996, 110 Stat. 1321-363, 1321-364; Pub.L. 104-168, Title IV, § 403(a), Title IX, § 902(a), Title XII, §§ 1206(a) to (b)(4), 1207, July 30, 1996, 110 Stat. 1459, 1466, 1472, 1473; Pub.L. 104-188, Title I, § 1704(t)(41), Aug. 20, 1996, 110 Stat. 1889; Pub.L. 104-193, Title I, § 110(l)(2), formerly (l)(3), (l)(4), (5), Title III, § 316(g)(4), Aug. 22, 1996, 110 Stat. 2173, 2219, renumbered Pub.L. 105-33, Title V, § 5514(a)(2), Aug. 5, 1997, 111 Stat. 620; Pub.L. 105-33, Title IV, § 4631(c)(2), Title V, § 5514(a)(1), Title XI, § 11024(b)(1) to (7), Aug. 5, 1997, 111 Stat. 486, 620, 721, 722; Pub.L. 105-34, Title IX, § 976(c), Title X, §§ 1023(a), 1026(a), (b)(1), Title XII, § 1201(b)(2), 1205(c)(1), (3), 1283(a), (b), Aug. 5, 1997, 111 Stat. 899, 923, 924, 925, 994, 998, 1038; Pub.L. 105-65, Title V, § 542(b), Oct. 27, 1997, 111 Stat. 1412; Pub.L. 105-206, Title I, § 1101(b), Title III, §§ 3702(a), (b), 3708(a), 3711(b), Title VI, §§ 6007(f)(4), 6009(d), 6012(b)(2), (4), 6019(c), 6023(22), July 22, 1998, 112 Stat. 696, 776, 777, 778, 781, 810, 812, 819, 823, 826; Pub.L. 105-277, Div. J, Title I, § 1006, Title IV, §§ 4002(a), (h), 4006(a)(1), (2), Oct. 21, 1998, 112 Stat. 2681-900, 2681-906, 2681-907, 2681-912; Pub.L. 106-170, Title V, § 521(a)(1), Dec. 17, 1999, 113 Stat. 1925; Pub.L. 106-554, § 1(a)(7) [Title III, §§ 304(a), 310(a), 313(c), 319(8)(B), (17)], Dec. 21, 2000, 114 Stat. 2763, 2763-A-632, 2763A-638, 2763A-643, 2763A-646, 2763A-647; Pub.L. 107-134, Title II, § 201(a) to (c)(8), Jan. 23, 2002, 115 Stat. 2440, 2443, 2444; Pub.L. 107-147, Title IV, § 416(c)(1), Mar. 9, 2002, 116 Stat. 55; Pub.L. 107-210, Div. A, Title II, § 202(b)(1), (2), Aug. 6, 2002, 116 Stat. 961; Pub.L. 107-296, Title XI, § 1112(j), Nov. 25, 2002, 116 Stat. 2277; Pub.L. 107-330, Title III, § 306, Dec. 6, 2002, 116 Stat. 2827; Pub.L. 108-89, Title II, § 201(a), Oct. 1, 2003, 117 Stat. 1132; Pub.L. 108-173, Title I, §§ 101(e)(6), 105(e)(1) to (3), Title VIII, § 811(c)(1) to (2)(B), Title IX, § 900(e)(3), Dec. 8, 2003, 117 Stat. 2151, 2167, 2368, 2372; Pub.L. 108-311, Title III, §§ 311(a), 317, 320(a), (b), Title IV, § 408(a)(24), Oct. 4, 2004, 118 Stat. 1180 to 1182, 1192; Pub.L. 108-357, Title IV, § 413(c)(27), Oct. 22, 2004, 118 Stat. 1509; Pub.L. 108-429, Title II, § 2004(a)(22), Dec. 3, 2004, 118 Stat. 2592; Pub.L. 109-135, Title III, § 305(a)(1), (b)(1), (c)(1), Title IV, §§ 406(a), 412(rr)(3), (4), (yy), Dec. 21, 2005, 119 Stat. 2609, 2634, 2640; Pub.L. 109-280, Title XII, § 1224(b)(1) to (3), Aug. 17, 2006, 120 Stat. 1093; Pub.L. 109-432, Div. A, Title I, § 122(a)(1), (b)(1), (c)(1), Title IV, § 421(a), (b), Dec. 20, 2006, 120 Stat. 2944, 2971; Pub.L. 110-28, Title VIII, § 8246(a)(2)(B), May 25, 2007, 121 Stat. 201; Pub.L. 110-142, § 8(c)(1), Dec. 20, 2007, 121 Stat. 1807; Pub.L. 110-172, § 11a(34)(A), Dec. 29, 2007, 121 Stat. 2487; Pub.L. 110-234, Title IV, § 4002(b)(1)(B), (H), (2) (O), May 22, 2008, 122 Stat. 1096, 1097; Pub.L. 110-245, Title I, § 108(a), (b), June 17, 2008, 122 Stat. 1631; Pub.L. 110-246, § 4(a), Title IV, § 4002(b)(1)(B), (H), (2)(O), June 18, 2008, 122 Stat. 1664, 1857, 1858; Pub.L. 110-328, § 3(b), Sept. 30, 2008, 122 Stat. 3572; Pub.L. 110-343, Div. C, Title IV, § 402(a), (b), Oct. 3, 2008, 122 Stat. 3875; Pub.L. 110-428, § 2(a), (b), Oct. 15, 2008, 122 Stat. 4839; Pub.L. 111-3, Title VII, § 702(f)(1), (2), Feb. 4, 2009, 123 Stat. 110; Pub.L. 111-148, Title I, § 1414(a)(1), (b), (c), Title III, § 3308(b)(2), Mar. 23, 2010, 124 Stat. 236, 237, 474; Pub.L. 111-152, Title I, § 1004(a)(1)(B), Mar. 30, 2010, 124 Stat. 1034; Pub.L. 111-192, Title I, § 103(a), June 25, 2010, 124 Stat. 1282; Pub.L. 111-198, § 4(a) to (d), July 2, 2010, 124 Stat. 1356; Pub.L. 112-240, Title II, § 209(a) to (b)(2), Jan. 2, 2013, 126 Stat. 2324; Pub.L. 114-94, Div. C, Title XXXII, §§ 32101(c), 32102(d), Dec. 4, 2015, 129 Stat. 1731, 1734; Pub.L. 114-113, Div. Q, Title V, § 403(a), Dec. 18, 2015, 129 Stat. 3117; Pub.L. 114-184, § 2(a) to (b)(2)(B), June 30, 2016, 130 Stat. 536; Pub.L. 115-141, Div. U, Title IV, § 401(a)(267) to (275), Mar. 23, 2018, 132 Stat. 1197; Pub.L. 116-25, Title I, § 1405(a)(1), (2)(A), (C), Title II, §§ 2003(c)(1), (2)(A), 2004(a), (b), 2202(a), (b), July 1, 2019, 133 Stat. 997, 998, 1001, 1003, 1004, 1012; Pub.L. 116-91, § 3(a) to (c), Dec. 19, 2019, 133 Stat. 1189; Pub.L. 116-94, Div. O, Title IV, § 404, Dec. 20, 2019, 133 Stat. 3180; Pub.L. 116-136, Div. A, Title III, § 3516(a), Mar. 27, 2020, 134 Stat. 407; Pub.L. 116-260, Div. N, Title II, §§ 283(b)(1) to (2)(B), 284(a)(1) to (3), Div. FF, Title I, §§ 102(b)(1) to (2)(B), 103(a)(1) to (3), Dec. 27, 2020, 134 Stat. 1984, 1985, 3084; Pub.L. 118-258, Title II, § 202(a) (2)(A) to (E), Jan. 4, 2025, 138 Stat. 2970.)

**EXECUTIVE ORDERS**

**EXECUTIVE ORDER NO. 11805**

Ex. Ord. No. 11805, Sept. 20, 1974, 39 F.R. 34261, which related to the inspection of tax returns by the President and certain employees of the White House Office, was revoked by Ex. Ord. No. 12553, Feb. 25, 1986, 51 F.R. 7237.

Notes of Decisions (411)

---

**Footnotes**

1      Reclassified. See References in Text notes set out for this section.

2      So in original. Probably should be followed by a comma.

3      So in original.

26 U.S.C.A. § 6103, 26 USCA § 6103
Current through P.L. 119-36. Some statute sections may be more current, see credits for details.

End of Document      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TD_0000202

United States Code Annotated
   Title 8. Aliens and Nationality (Refs & Annos)
      Chapter 12. Immigration and Nationality (Refs & Annos)
         Subchapter II. Immigration
            Part V. Adjustment and Change of Status (Refs & Annos)

8 U.S.C.A. § 1253

§ 1253. Penalties related to removal

Currentness

**(a) Penalty for failure to depart**

**(1) In general**

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 1227(a) of this title, who--

**(A)** willfully fails or refuses to depart from the United States within a period of 90 days from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

**(B)** willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

**(C)** connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

**(D)** willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under Title 18, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 1227(a) of this title), or both.

**(2) Exception**

It is not a violation of paragraph (1) to take any proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

**(3) Suspension**

TD_0000203

The court may for good cause suspend the sentence of an alien under this subsection and order the alien's release under such conditions as the court may prescribe. In determining whether good cause has been shown to justify releasing the alien, the court shall take into account such factors as--

**(A)** the age, health, and period of detention of the alien;

**(B)** the effect of the alien's release upon the national security and public peace or safety;

**(C)** the likelihood of the alien's resuming or following a course of conduct which made or would make the alien deportable;

**(D)** the character of the efforts made by such alien himself and by representatives of the country or countries to which the alien's removal is directed to expedite the alien's departure from the United States;

**(E)** the reason for the inability of the Government of the United States to secure passports, other travel documents, or removal facilities from the country or countries to which the alien has been ordered removed; and

**(F)** the eligibility of the alien for discretionary relief under the immigration laws.

**(b) Willful failure to comply with terms of release under supervision**

An alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 1231(a)(3) of this title or knowingly give false information in response to an inquiry under such section shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

**(c) Penalties relating to vessels and aircraft**

**(1) Civil penalties**

**(A) Failure to carry out certain orders**

If the Attorney General is satisfied that a person has violated subsection (d) or (e) of section 1231 of this title, the person shall pay to the Commissioner the sum of $2,000 for each violation.

**(B) Failure to remove alien stowaways**

If the Attorney General is satisfied that a person has failed to remove an alien stowaway as required under section 1231(d) (2) of this title, the person shall pay to the Commissioner the sum of $5,000 for each alien stowaway not removed.

**(C) No compromise**

The Attorney General may not compromise the amount of such penalty under this paragraph.

TD_0000204

**(2) Clearing vessels and aircraft**

**(A) Clearance before decision on liability**

A vessel or aircraft may be granted clearance before a decision on liability is made under paragraph (1) only if a bond approved by the Attorney General or an amount sufficient to pay the civil penalty is deposited with the Commissioner.

**(B) Prohibition on clearance while penalty unpaid**

A vessel or aircraft may not be granted clearance if a civil penalty imposed under paragraph (1) is not paid.

**(d) Discontinuing granting visas to nationals of country denying or delaying accepting alien**

On being notified by the Attorney General that the government of a foreign country denies or unreasonably delays accepting an alien who is a citizen, subject, national, or resident of that country after the Attorney General asks whether the government will accept the alien under this section, the Secretary of State shall order consular officers in that foreign country to discontinue granting immigrant visas or nonimmigrant visas, or both, to citizens, subjects, nationals, and residents of that country until the Attorney General notifies the Secretary that the country has accepted the alien.

**(e) Enforcement by attorney general of a State**

The attorney general of a State, or other authorized State officer, alleging a violation of the requirement to discontinue granting visas to citizens, subjects, nationals, and residents as described in subsection (d) that harms such State or its residents shall have standing to bring an action against the Secretary of State on behalf of such State or the residents of such State in an appropriate district court of the United States to obtain appropriate injunctive relief. The court shall advance on the docket and expedite the disposition of a civil action filed under this subsection to the greatest extent practicable. For purposes of this subsection, a State or its residents shall be considered to have been harmed if the State or its residents experience harm, including financial harm in excess of $100.

**CREDIT(S)**

(June 27, 1952, c. 477, Title II, c. 5, § 243, 66 Stat. 212; Pub.L. 89-236, § 11(f), Oct. 3, 1965, 79 Stat. 918; Pub.L. 95-549, Title I, § 104, Oct. 30, 1978, 92 Stat. 2066; Pub.L. 96-212, Title II, § 203(e), Mar. 17, 1980, 94 Stat. 107; Pub.L. 97-116, § 18(i), Dec. 29, 1981, 95 Stat. 1620; Pub.L. 101-649, Title V, § 515(a)(2), Title VI, § 603(b)(3), Nov. 29, 1990, 104 Stat. 5053, 5085; Pub.L. 104-132, Title IV, § 413(a), (f), Apr. 24, 1996, 110 Stat. 1269; Pub.L. 104-208, Div. C, Title III, § 307(a), Sept. 30, 1996, 110 Stat. 3009-612; Pub.L. 119-1, § 3(c), Jan. 29, 2025, 139 Stat. 4.)

Notes of Decisions (19)

8 U.S.C.A. § 1253, 8 USCA § 1253
Current through P.L. 119-36. Some statute sections may be more current, see credits for details.

United States Code Annotated
   Title 26. Internal Revenue Code (Refs & Annos)
      Subtitle F. Procedure and Administration (Refs & Annos)
         Chapter 75. Crimes, Other Offenses, and Forfeitures
            Subchapter A. Crimes
               Part I. General Provisions (Refs & Annos)

26 U.S.C.A. § 7213A, I.R.C. § 7213A

§ 7213A. Unauthorized inspection of returns or return information

Currentness

**(a) Prohibitions.--**

**(1) Federal employees and other persons**.--It shall be unlawful for--

**(A)** any officer or employee of the United States, or

**(B)** any person described in subsection (l)(18) or (n) of section 6103 or an officer or employee of any such person,

willfully to inspect, except as authorized in this title, any return or return information.

**(2) State and other employees**.--It shall be unlawful for any person (not described in paragraph (1)) willfully to inspect, except as authorized in this title, any return or return information acquired by such person or another person under a provision of section 6103 referred to in section 7213(a)(2) or under section 6104(c).

**(b) Penalty.--**

**(1) In general**.--Any violation of subsection (a) shall be punishable upon conviction by a fine in any amount not exceeding $1,000, or imprisonment of not more than 1 year, or both, together with the costs of prosecution.

**(2) Federal officers or employees**.--An officer or employee of the United States who is convicted of any violation of subsection (a) shall, in addition to any other punishment, be dismissed from office or discharged from employment.

**(c) Definitions**.--For purposes of this section, the terms "inspect", "return", and "return information" have the respective meanings given such terms by section 6103(b).

**CREDIT(S)**

Case 1:25-cv-00457-CKK    Document 48-4    Filed 10/29/25    Page 91 of 130

(Added Pub.L. 105-35, § 2(a), Aug. 5, 1997, 111 Stat. 1104; amended Pub.L. 107-210, Div. A, Title II, § 202(b)(3), Aug. 6, 2002, 116 Stat. 961; Pub.L. 109-280, Title XII, § 1224(b)(6), Aug. 17, 2006, 120 Stat. 1093.)

Notes of Decisions (2)

26 U.S.C.A. § 7213A, 26 USCA § 7213A
Current through P.L. 119-36. Some statute sections may be more current, see credits for details.

End of Document                                        © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TD_0000207

United States Code Annotated
    Title 26. Internal Revenue Code (Refs & Annos)
        Subtitle F. Procedure and Administration (Refs & Annos)
            Chapter 75. Crimes, Other Offenses, and Forfeitures
                Subchapter A. Crimes
                    Part I. General Provisions (Refs & Annos)

26 U.S.C.A. § 7213, I.R.C. § 7213

§ 7213. Unauthorized disclosure of information

Currentness

**(a) Returns and return information.--**

**(1) Federal employees and other persons.--**It shall be unlawful for any officer or employee of the United States or any person described in section 6103(n) (or an officer or employee of any such person), or any former officer or employee, willfully to disclose to any person, except as authorized in this title, any return or return information (as defined in section 6103(b)). Any violation of this paragraph shall be a felony punishable upon conviction by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution, and if such offense is committed by any officer or employee of the United States, he shall, in addition to any other punishment, be dismissed from office or discharged from employment upon conviction for such offense.

**(2) State and other employees.--**It shall be unlawful for any person (not described in paragraph (1)) willfully to disclose to any person, except as authorized in this title, any return or return information (as defined in section 6103(b)) acquired by him or another person under subsection (d), (i)(1)(C), (3)(B)(i), or (7)(A)(ii), (k)(10), (13), (14), or (15), (l)(6), (7), (8), (9), (10), (12), (15), (16), (19), (20), or (21) or (m)(2), (4), (5), (6), or (7) of section 6103 or under section 6104(c). Any violation of this paragraph shall be a felony punishable by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution.

**(3) Other persons.--**It shall be unlawful for any person to whom any return or return information (as defined in section 6103(b)) is disclosed in a manner unauthorized by this title thereafter willfully to print or publish in any manner not provided by law any such return or return information. Any violation of this paragraph shall be a felony punishable by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution.

**(4) Solicitation.--**It shall be unlawful for any person willfully to offer any item of material value in exchange for any return or return information (as defined in section 6103(b)) and to receive as a result of such solicitation any such return or return information. Any violation of this paragraph shall be a felony punishable by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution.

**(5) Shareholders.--**It shall be unlawful for any person to whom a return or return information (as defined in section 6103(b)) is disclosed pursuant to the provisions of section 6103(e)(1)(D)(iii) willfully to disclose such return or return information in any manner not provided by law. Any violation of this paragraph shall be a felony punishable by a fine in any amount not to exceed $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution.

**(b) Disclosure of operations of manufacturer or producer.--**Any officer or employee of the United States who divulges or makes known in any manner whatever not provided by law to any person the operations, style of work, or apparatus of any manufacturer or producer visited by him in the discharge of his official duties shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution; and the offender shall be dismissed from office or discharged from employment.

**(c) Disclosures by certain delegates of Secretary.--**All provisions of law relating to the disclosure of information, and all provisions of law relating to penalties for unauthorized disclosure of information, which are applicable in respect of any function under this title when performed by an officer or employee of the Treasury Department are likewise applicable in respect of such function when performed by any person who is a "delegate" within the meaning of section 7701(a)(12)(B).

**(d) Disclosure of software.--**Any person who willfully divulges or makes known software (as defined in section 7612(d)(1)) to any person in violation of section 7612 shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

**(e) Cross references.--**

  **(1) Penalties for disclosure of information by preparers of returns.--**

    For penalty for disclosure or use of information by preparers of returns, see section 7216.

  **(2) Penalties for disclosure of confidential information.--**

    For penalties for disclosure of confidential information by any officer or employee of the United States or any department or agency thereof, see 18 U.S.C. 1905.

## CREDIT(S)

(Aug. 16, 1954, c. 736, 68A Stat. 855; Pub.L. 85-866, Title I, § 90(c), Sept. 2, 1958, 72 Stat. 1666; Pub.L. 86-778, Title I, § 103(s), Sept. 13, 1960, 74 Stat. 940; Pub.L. 94-455, Title XII, § 1202(d), (h)(3), Oct. 4, 1976, 90 Stat. 1686, 1688; Pub.L. 95-600, Title VII, § 701(bb)(1)(C), (6), Nov. 6, 1978, 92 Stat. 2922, 2923; Pub.L. 96-249, Title I, § 127(a)(2)(D), May 26, 1980, 94 Stat. 366; Pub.L. 96-265, Title IV, § 408(a)(2)(D), June 9, 1980, 94 Stat. 468, as amended Pub.L. 96-611, § 11(a)(2) (B)(iv), Dec. 28, 1980, 94 Stat. 3574; Pub.L. 96-499, Title III, § 302(b), Dec. 5, 1980, 94 Stat. 2604; Pub.L. 96-611, § 11(a) (4)(A), Dec. 28, 1980, 94 Stat. 3574; Pub.L. 97-248, Title III, § 356(b)(2), Sept. 3, 1982, 96 Stat. 645; Pub.L. 97-365, § 8(c) (2), Oct. 25, 1982, 96 Stat. 1754; Pub.L. 98-369, Div. A, Title IV, § 453(b)(4), Div. B, Title VI, § 2653(b)(4), July 18, 1984, 98 Stat. 820, 1156; Pub.L. 98-378, § 21(f)(5), Aug. 16, 1984, 98 Stat. 1326; Pub.L. 100-485, Title VII, § 701(b)(2)(C), Oct. 13, 1988, 102 Stat. 2426; Pub.L. 100-647, Title VIII, § 8008(c)(2)(B), Nov. 10, 1988, 102 Stat. 3787; Pub.L. 101-239, Title VI, § 6202(a)(1)(C), Dec. 19, 1989, 103 Stat. 2228; Pub.L. 101-508, Title V, § 5111(b)(3), Nov. 5, 1990, 104 Stat. 1388-273; Pub.L. 104-168, Title XII, § 1206(b)(5), July 30, 1996, 110 Stat. 1473; Pub.L. 105-33, Title XI, § 11024(b)(8), Aug. 5, 1997, 111 Stat. 722; Pub.L. 105-35, § 2(b)(1), Aug. 5, 1997, 111 Stat. 1105; Pub.L. 105-206, Title III, § 3413(b), July 22, 1998, 112 Stat. 754; Pub.L. 107-134, Title II, § 201(c)(10), Jan. 23, 2002, 115 Stat. 2444; Pub.L. 108-173, Title I, § 105(e)(4), Title VIII, § 811(c)(2)(C), Dec. 8, 2003, 117 Stat. 2167, 2369; Pub.L. 109-280, Title XII, § 1224(b)(5), Aug. 17, 2006, 120 Stat. 1093; Pub.L. 111-148, Title I, § 1414(d), Mar. 23, 2010, 124 Stat. 237; Pub.L. 112-240, Title II, § 209(b)(3), Jan. 2, 2013, 126 Stat.

TD_0000209

2326; Pub.L. 114-184, § 2(b)(2)(C), June 30, 2016, 130 Stat. 537; Pub.L. 116-25, Title I, § 1405(a)(2)(B), Title II, § 2003(c)(2)(B), July 1, 2019, 133 Stat. 998, 1003; Pub.L. 116-260, Div. N, Title II, § 283(b)(2)(C), Div. FF, Title I, § 102(b)(2)(C), Dec. 27, 2020, 134 Stat. 1985, 3084.)

Notes of Decisions (38)

26 U.S.C.A. § 7213, 26 USCA § 7213
Current through P.L. 119-36. Some statute sections may be more current, see credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TD_0000210

United States Code Annotated
    Title 26. Internal Revenue Code (Refs & Annos)
        Subtitle F. Procedure and Administration (Refs & Annos)
            Chapter 76. Judicial Proceedings
                Subchapter B. Proceedings by Taxpayers and Third Parties (Refs & Annos)

26 U.S.C.A. § 7431, I.R.C. §  7431

§ 7431. Civil damages for unauthorized inspection or disclosure of returns and return information

Currentness

**(a) In general.--**

**(1) Inspection or disclosure by employee of United States.**--If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

**(2) Inspection or disclosure by a person who is not an employee of United States.**--If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action for damages against such person in a district court of the United States.

**(b) Exceptions**.--No liability shall arise under this section with respect to any inspection or disclosure--

**(1)** which results from a good faith, but erroneous, interpretation of section 6103, or

**(2)** which is requested by the taxpayer.

**(c) Damages.**--In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the sum of--

**(1)** the greater of--

**(A)** $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or

**(B)** the sum of--

TD_0000211

**(i)** the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus

**(ii)** in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus

**(2)** the costs of the action, plus

**(3)** in the case of a plaintiff which is described in section 7430(c)(4)(A)(ii), reasonable attorneys fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430(c)(4)).

**(d) Period for bringing action.**--Notwithstanding any other provision of law, an action to enforce any liability created under this section may be brought, without regard to the amount in controversy, at any time within 2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure.

**(e) Notification of unlawful inspection and disclosure.**--If any person is criminally charged by indictment or information with inspection or disclosure of a taxpayer's return or return information in violation of--

**(1)** paragraph (1) or (2) of section 7213(a),

**(2)** section 7213A(a), or

**(3)** subparagraph (B) of section 1030(a)(2) of title 18, United States Code,

the Secretary shall notify such taxpayer as soon as practicable of such inspection or disclosure. The Secretary shall also notify such taxpayer if the Internal Revenue Service or a Federal or State agency (upon notice to the Secretary by such Federal or State agency) proposes an administrative determination as to disciplinary or adverse action against an employee arising from the employee's unauthorized inspection or disclosure of the taxpayer's return or return information. The notice described in this subsection shall include the date of the unauthorized inspection or disclosure and the rights of the taxpayer under such administrative determination.

**(f) Definitions.**--For purposes of this section, the terms "inspect", "inspection", "return", and "return information" have the respective meanings given such terms by section 6103(b).

**(g) Extension to information obtained under section 3406.**--For purposes of this section--

**(1)** any information obtained under section 3406 (including information with respect to any payee certification failure under subsection (d) thereof) shall be treated as return information, and

TD_0000212

**(2)** any inspection or use of such information other than for purposes of meeting any requirement under section 3406 or (subject to the safeguards set forth in section 6103) for purposes permitted under section 6103 shall be treated as a violation of section 6103.

For purposes of subsection (b), the reference to section 6103 shall be treated as including a reference to section 3406.

**(h) Special rule for information obtained under section 6103(k)(9).**--For purposes of this section, any reference to section 6103 shall be treated as including a reference to section 6311(e).

## CREDIT(S)

(Added Pub.L. 97-248, Title III, § 357(a), Sept. 3, 1982, 96 Stat. 645; amended Pub.L. 98-67, Title I, § 104(b), Aug. 5, 1983, 97 Stat. 379; Pub.L. 105-34, Title XII, § 1205(c)(2), Aug. 5, 1997, 111 Stat. 998; Pub.L. 105-35, § 3(a) to (d)(4), (6), Aug. 5, 1997, 111 Stat. 1105, 1106; Pub.L. 105-206, Title III, § 3101(f), Title VI, § 6012(b)(3), July 22, 1998, 112 Stat. 729, 819; Pub.L. 109-280, Title XII, § 1224(b)(7), Aug. 17, 2006, 120 Stat. 1093; Pub.L. 116-25, Title III, § 3002(a), July 1, 2019, 133 Stat. 1015.)

Notes of Decisions (128)

26 U.S.C.A. § 7431, 26 USCA § 7431
Current through P.L. 119-36. Some statute sections may be more current, see credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TD_0000213

| United States Code Annotated |
| --- |
|    Title 26. Internal Revenue Code (Refs & Annos) |
|       Subtitle F. Procedure and Administration (Refs & Annos) |
|          Chapter 80. General Rules |
|             Subchapter A. Application of Internal Revenue Laws |

26 U.S.C.A. § 7803, I.R.C. § 7803

§ 7803. Commissioner of Internal Revenue; other officials

Currentness

**(a) Commissioner of Internal Revenue.--**

  **(1) Appointment.--**

    **(A) In general.--**There shall be in the Department of the Treasury a Commissioner of Internal Revenue who shall be appointed by the President, by and with the advice and consent of the Senate. Such appointment shall be made from individuals who, among other qualifications, have a demonstrated ability in management.

    **(B) Term.--**The term of the Commissioner of Internal Revenue shall be a 5-year term, beginning with a term to commence on November 13, 1997. Each subsequent term shall begin on the day after the date on which the previous term expires.

    **(C) Vacancy.--**Any individual appointed as Commissioner of Internal Revenue during a term as defined in subparagraph (B) shall be appointed for the remainder of that term.

    **(D) Removal.--**The Commissioner may be removed at the will of the President.

    **(E) Reappointment.--**The Commissioner may be appointed to serve more than one term.

  **(2) Duties.--**The Commissioner shall have such duties and powers as the Secretary may prescribe, including the power to--

    **(A)** administer, manage, conduct, direct, and supervise the execution and application of the internal revenue laws or related statutes and tax conventions to which the United States is a party; and

    **(B)** recommend to the President a candidate for appointment as Chief Counsel for the Internal Revenue Service when a vacancy occurs, and recommend to the President the removal of such Chief Counsel.

If the Secretary determines not to delegate a power specified in subparagraph (A) or (B), such determination may not take effect until 30 days after the Secretary notifies the Committees on Ways and Means, Government Reform and

Oversight, and Appropriations of the House of Representatives and the Committees on Finance, Governmental Affairs, and Appropriations of the Senate.

**(3) Execution of duties in accord with taxpayer rights.**--In discharging his duties, the Commissioner shall ensure that employees of the Internal Revenue Service are familiar with and act in accord with taxpayer rights as afforded by other provisions of this title, including--

**(A)** the right to be informed,

**(B)** the right to quality service,

**(C)** the right to pay no more than the correct amount of tax,

**(D)** the right to challenge the position of the Internal Revenue Service and be heard,

**(E)** the right to appeal a decision of the Internal Revenue Service in an independent forum,

**(F)** the right to finality,

**(G)** the right to privacy,

**(H)** the right to confidentiality,

**(I)** the right to retain representation, and

**(J)** the right to a fair and just tax system.

**(4) Consultation with Board.**--The Commissioner shall consult with the Oversight Board on all matters set forth in paragraphs (2) and (3) (other than paragraph (3)(A)) of section 7802(d).

**(b) Chief Counsel for the Internal Revenue Service.**--

**(1) Appointment.**--There shall be in the Department of the Treasury a Chief Counsel for the Internal Revenue Service who shall be appointed by the President, by and with the consent of the Senate.

**(2) Duties.**--The Chief Counsel shall be the chief law officer for the Internal Revenue Service and shall perform such duties as may be prescribed by the Secretary, including the duty--

**(A)** to be legal advisor to the Commissioner and the Commissioner's officers and employees;

**(B)** to furnish legal opinions for the preparation and review of rulings and memoranda of technical advice;

**(C)** to prepare, review, and assist in the preparation of proposed legislation, treaties, regulations, and Executive orders relating to laws which affect the Internal Revenue Service;

**(D)** to represent the Commissioner in cases before the Tax Court; and

**(E)** to determine which civil actions should be litigated under the laws relating to the Internal Revenue Service and prepare recommendations for the Department of Justice regarding the commencement of such actions.

If the Secretary determines not to delegate a power specified in subparagraph (A), (B), (C), (D), or (E), such determination may not take effect until 30 days after the Secretary notifies the Committees on Ways and Means, Government Reform and Oversight, and Appropriations of the House of Representatives and the Committees on Finance, Governmental Affairs, and Appropriations of the Senate.

**(3) Persons to whom Chief Counsel reports.**--The Chief Counsel shall report directly to the Commissioner of Internal Revenue, except that--

**(A)** the Chief Counsel shall report to both the Commissioner and the General Counsel for the Department of the Treasury with respect to--

**(i)** legal advice or interpretation of the tax law not relating solely to tax policy;

**(ii)** tax litigation; and

**(B)** the Chief Counsel shall report to the General Counsel with respect to legal advice or interpretation of the tax law relating solely to tax policy.

If there is any disagreement between the Commissioner and the General Counsel with respect to any matter jointly referred to them under subparagraph (A), such matter shall be submitted to the Secretary or Deputy Secretary for resolution.

**(4) Chief Counsel personnel.**--All personnel in the Office of Chief Counsel shall report to the Chief Counsel.

**(c) Office of the Taxpayer Advocate.--**

**(1) Establishment.--**

TD_0000216

**(A) In general.**--There is established in the Internal Revenue Service an office to be known as the "Office of the Taxpayer Advocate".

**(B) National Taxpayer Advocate.--**

**(i) In general.**--The Office of the Taxpayer Advocate shall be under the supervision and direction of an official to be known as the "National Taxpayer Advocate". The National Taxpayer Advocate shall report directly to the Commissioner of Internal Revenue and shall be entitled to compensation at the same rate as the highest rate of basic pay established for the Senior Executive Service under section 5382 of title 5, United States Code.

**(ii) Appointment.**--The National Taxpayer Advocate shall be appointed by the Secretary of the Treasury after consultation with the Commissioner of Internal Revenue and the Oversight Board and without regard to the provisions of title 5, United States Code, relating to appointments in the competitive service or the Senior Executive Service.

**(iii) Qualifications.**--An individual appointed under clause (ii) shall have--

**(I)** a background in customer service as well as tax law; and

**(II)** experience in representing individual taxpayers.

**(iv) Restriction on employment.**--An individual may be appointed as the National Taxpayer Advocate only if such individual was not an officer or employee of the Internal Revenue Service during the 2-year period ending with such appointment and such individual agrees not to accept any employment with the Internal Revenue Service for at least 5 years after ceasing to be the National Taxpayer Advocate. Service as an officer or employee of the Office of the Taxpayer Advocate shall not be taken into account in applying this clause.

**(2) Functions of office.--**

**(A) In general.**--It shall be the function of the Office of the Taxpayer Advocate to--

**(i)** assist taxpayers in resolving problems with the Internal Revenue Service;

**(ii)** identify areas in which taxpayers have problems in dealings with the Internal Revenue Service;

**(iii)** to the extent possible, propose changes in the administrative practices of the Internal Revenue Service to mitigate problems identified under clause (ii); and

**(iv)** identify potential legislative changes which may be appropriate to mitigate such problems.

TD_0000217

**(B) Annual reports.--**

**(i) Objectives.**--Not later than June 30 of each calendar year, the National Taxpayer Advocate shall report to the Committee on Ways and Means of the House of Representatives and the Committee on Finance of the Senate on the objectives of the Office of the Taxpayer Advocate for the fiscal year beginning in such calendar year. Any such report shall contain full and substantive analysis, in addition to statistical information.

**(ii) Activities.**--Not later than December 31 of each calendar year, the National Taxpayer Advocate shall report to the Committee on Ways and Means of the House of Representatives and the Committee on Finance of the Senate on the activities of the Office of the Taxpayer Advocate during the fiscal year ending during such calendar year. Any such report shall contain full and substantive analysis, in addition to statistical information, and shall--

**(I)** identify the initiatives the Office of the Taxpayer Advocate has taken on improving taxpayer services and Internal Revenue Service responsiveness;

**(II)** contain recommendations received from individuals with the authority to issue Taxpayer Assistance Orders under section 7811;

**(III)** contain a summary of the 10 most serious problems encountered by taxpayers, including a description of the nature of such problems;

**(IV)** contain an inventory of the items described in subclauses (I), (II), and (III) for which action has been taken and the result of such action;

**(V)** contain an inventory of the items described in subclauses (I), (II), and (III) for which action remains to be completed and the period during which each item has remained on such inventory;

**(VI)** contain an inventory of the items described in subclauses (I), (II), and (III) for which no action has been taken, the period during which each item has remained on such inventory, the reasons for the inaction, and identify any Internal Revenue Service official who is responsible for such inaction;

**(VII)** identify any Taxpayer Assistance Order which was not honored by the Internal Revenue Service in a timely manner, as specified under section 7811(b);

**(VIII)** identify any Taxpayer Advocate Directive which was not honored by the Internal Revenue Service in a timely manner, as specified under paragraph (5);

**(IX)** contain recommendations for such administrative and legislative action as may be appropriate to resolve problems encountered by taxpayers;

TD_0000218

**(X)** identify areas of the tax law that impose significant compliance burdens on taxpayers or the Internal Revenue Service, including specific recommendations for remedying these problems;

**(XI)** identify the 10 most litigated issues for each category of taxpayers, including recommendations for mitigating such disputes;

**(XII)** with respect to any statistical information included in such report, include a statement of whether such statistical information was reviewed or provided by the Secretary under section 6108(d) and, if so, whether the Secretary determined such information to be statistically valid and based on sound statistical methodology; and

**(XIII)** include such other information as the National Taxpayer Advocate may deem advisable.

**(iii) Report to be submitted directly.**--Each report required under this subparagraph shall be provided directly to the committees described in clause (i) without any prior review or comment from the Commissioner, the Secretary of the Treasury, the Oversight Board, any other officer or employee of the Department of the Treasury, or the Office of Management and Budget. The preceding sentence shall not apply with respect to statistical information provided to the Secretary for review, or received from the Secretary, under section 6108(d).

**(iv) Coordination with report of Treasury Inspector General for Tax Administration.**--To the extent that information required to be reported under clause (ii) is also required to be reported under paragraph (1) or (2) of subsection (d) by the Treasury Inspector General for Tax Administration, the National Taxpayer Advocate shall not contain such information in the report submitted under such clause.

**(C) Other responsibilities.**--The National Taxpayer Advocate shall--

**(i)** monitor the coverage and geographic allocation of local offices of taxpayer advocates;

**(ii)** develop guidance to be distributed to all Internal Revenue Service officers and employees outlining the criteria for referral of taxpayer inquiries to local offices of taxpayer advocates;

**(iii)** ensure that the local telephone number for each local office of the taxpayer advocate is published and available to taxpayers served by the office; and

**(iv)** in conjunction with the Commissioner, develop career paths for local taxpayer advocates choosing to make a career in the Office of the Taxpayer Advocate.

**(D) Personnel actions.**--

**(i) In general.**--The National Taxpayer Advocate shall have the responsibility and authority to--

TD_0000219

**(I)** appoint local taxpayer advocates and make available at least 1 such advocate for each State; and

**(II)** evaluate and take personnel actions (including dismissal) with respect to any employee of any local office of a taxpayer advocate described in subclause (I).

**(ii) Consultation.**--The National Taxpayer Advocate may consult with the appropriate supervisory personnel of the Internal Revenue Service in carrying out the National Taxpayer Advocate's responsibilities under this subparagraph.

**(E) Coordination with Treasury Inspector General for Tax Administration.**--Before beginning any research or study, the National Taxpayer Advocate shall coordinate with the Treasury Inspector General for Tax Administration to ensure that the National Taxpayer Advocate does not duplicate any action that the Treasury Inspector General for Tax Administration has already undertaken or has a plan to undertake.

**(3) Responsibilities of Commissioner.**--The Commissioner shall establish procedures requiring a formal response to all recommendations submitted to the Commissioner by the National Taxpayer Advocate within 3 months after submission to the Commissioner.

**(4) Operation of local offices.**--

**(A) In general.**--Each local taxpayer advocate--

**(i)** shall report to the National Taxpayer Advocate or delegate thereof;

**(ii)** may consult with the appropriate supervisory personnel of the Internal Revenue Service regarding the daily operation of the local office of the taxpayer advocate;

**(iii)** shall, at the initial meeting with any taxpayer seeking the assistance of a local office of the taxpayer advocate, notify such taxpayer that the taxpayer advocate offices operate independently of any other Internal Revenue Service office and report directly to Congress through the National Taxpayer Advocate; and

**(iv)** may, at the taxpayer advocate's discretion, not disclose to the Internal Revenue Service contact with, or information provided by, such taxpayer.

**(B) Maintenance of independent communications.**--Each local office of the taxpayer advocate shall maintain a separate phone, facsimile, and other electronic communication access, and a separate post office address.

**(5) Taxpayer Advocate Directives.**--In the case of any Taxpayer Advocate Directive issued by the National Taxpayer Advocate pursuant to a delegation of authority from the Commissioner of Internal Revenue--

TD_0000220

**(A)** the Commissioner or a Deputy Commissioner shall modify, rescind, or ensure compliance with such directive not later than 90 days after the issuance of such directive, and

**(B)** in the case of any directive which is modified or rescinded by a Deputy Commissioner, the National Taxpayer Advocate may (not later than 90 days after such modification or rescission) appeal to the Commissioner, and the Commissioner shall (not later than 90 days after such appeal is made) ensure compliance with such directive as issued by the National Taxpayer Advocate or provide the National Taxpayer Advocate with the reasons for any modification or rescission made or upheld by the Commissioner pursuant to such appeal.

**(d) Additional duties of the Treasury Inspector General for Tax Administration.**--

**(1) Annual reporting.**--The Treasury Inspector General for Tax Administration shall include in one of the semiannual reports under section 405 of title 5, United States Code--

**(A)** an evaluation of the compliance of the Internal Revenue Service with--

**(i)** restrictions under section 1204 of the Internal Revenue Service Restructuring and Reform Act of 1998 on the use of enforcement statistics to evaluate Internal Revenue Service employees;

**(ii)** restrictions under section 7521 on directly contacting taxpayers who have indicated that they prefer their representatives be contacted;

**(iii)** required procedures under section 6320 upon the filing of a notice of a lien;

**(iv)** required procedures under subchapter D of chapter 64 for seizure of property for collection of taxes, including required procedures under section 6330 regarding levies; and

**(v)** restrictions under section 3707 of the Internal Revenue Service Restructuring and Reform Act of 1998 on designation of taxpayers;

**(B)** a review and a certification of whether or not the Secretary is complying with the requirements of section 6103(e)(8) to disclose information to an individual filing a joint return on collection activity involving the other individual filing the return;

**(C)** information regarding extensions of the statute of limitations for assessment and collection of tax under section 6501 and the provision of notice to taxpayers regarding requests for such extension;

**(D)** an evaluation of the adequacy and security of the technology of the Internal Revenue Service;

TD_0000221

**(E)** any termination or mitigation under section 1203 of the Internal Revenue Service Restructuring and Reform Act of 1998;

**(F)** information regarding improper denial of requests for information from the Internal Revenue Service identified under paragraph (3)(A); and

**(G)** information regarding any administrative or civil actions with respect to violations of the fair debt collection provisions of section 6304, including--

    **(i)** a summary of such actions initiated since the date of the last report; and

    **(ii)** a summary of any judgments or awards granted as a result of such actions.

**(2) Semiannual reports.--**

    **(A) In general.--**The Treasury Inspector General for Tax Administration shall include in each semiannual report under section 405 of title 5, United States Code--

        **(i)** the number of taxpayer complaints during the reporting period;

        **(ii)** the number of employee misconduct and taxpayer abuse allegations received by the Internal Revenue Service or the Inspector General during the period from taxpayers, Internal Revenue Service employees, and other sources;

        **(iii)** a summary of the status of such complaints and allegations; and

        **(iv)** a summary of the disposition of such complaints and allegations, including the outcome of any Department of Justice action and any monies paid as a settlement of such complaints and allegations.

    **(B)** Clauses (iii) and (iv) of subparagraph (A) shall only apply to complaints and allegations of serious employee misconduct.

**(3) Other responsibilities.--**The Treasury Inspector General for Tax Administration shall--

    **(A)** conduct periodic audits of a statistically valid sample of the total number of determinations made by the Internal Revenue Service to deny written requests to disclose information to taxpayers on the basis of section 6103 of this title or section 552(b)(7) of title 5, United States Code;

TD_0000222

**(B)** establish and maintain a toll-free telephone number for taxpayers to use to confidentially register complaints of misconduct by Internal Revenue Service employees and incorporate the telephone number in the statement required by section 6227 of the Omnibus Taxpayer Bill of Rights (Internal Revenue Service Publication No. 1); and

**(C)** not later than December 31, 2010, submit a written report to Congress on the implementation of section 6103(k)(10).

**(e) Independent Office of Appeals.--**

**(1) Establishment.--**There is established in the Internal Revenue Service an office to be known as the "Internal Revenue Service Independent Office of Appeals".

**(2) Chief of Appeals.--**

**(A) In general.--**The Internal Revenue Service Independent Office of Appeals shall be under the supervision and direction of an official to be known as the "Chief of Appeals". The Chief of Appeals shall report directly to the Commissioner of Internal Revenue and shall be entitled to compensation at the same rate as the highest rate of basic pay established for the Senior Executive Service under section 5382 of title 5, United States Code.

**(B) Appointment.--**The Chief of Appeals shall be appointed by the Commissioner of Internal Revenue without regard to the provisions of title 5, United States Code, relating to appointments in the competitive service or the Senior Executive Service.

**(C) Qualifications.--**An individual appointed under subparagraph (B) shall have experience and expertise in--

**(i)** administration of, and compliance with, Federal tax laws,

**(ii)** a broad range of compliance cases, and

**(iii)** management of large service organizations.

**(3) Purposes and duties of Office.--**It shall be the function of the Internal Revenue Service Independent Office of Appeals to resolve Federal tax controversies without litigation on a basis which--

**(A)** is fair and impartial to both the Government and the taxpayer,

**(B)** promotes a consistent application and interpretation of, and voluntary compliance with, the Federal tax laws, and

**(C)** enhances public confidence in the integrity and efficiency of the Internal Revenue Service.

TD_0000223

(4) **Right of appeal.**--The resolution process described in paragraph (3) shall be generally available to all taxpayers.

(5) **Limitation on designation of cases as not eligible for referral to Independent Office of Appeals.**--

(A) **In general.**--If any taxpayer which is in receipt of a notice of deficiency authorized under section 6212 requests referral to the Internal Revenue Service Independent Office of Appeals and such request is denied, the Commissioner of Internal Revenue shall provide such taxpayer a written notice which--

(i) provides a detailed description of the facts involved, the basis for the decision to deny the request, and a detailed explanation of how the basis of such decision applies to such facts, and

(ii) describes the procedures prescribed under subparagraph (C) for protesting the decision to deny the request.

(B) **Report to Congress.**--The Commissioner of Internal Revenue shall submit a written report to Congress on an annual basis which includes the number of requests described in subparagraph (A) which were denied and the reasons (described by category) that such requests were denied.

(C) **Procedures for protesting denial of request.**--The Commissioner of Internal Revenue shall prescribe procedures for protesting to the Commissioner of Internal Revenue a denial of a request described in subparagraph (A).

(D) **Not applicable to frivolous positions.**--This paragraph shall not apply to a request for referral to the Internal Revenue Service Independent Office of Appeals which is denied on the basis that the issue involved is a frivolous position (within the meaning of section 6702(c)).

(6) **Staff.**--

(A) **In general.**--All personnel in the Internal Revenue Service Independent Office of Appeals shall report to the Chief of Appeals.

(B) **Access to staff of Office of the Chief Counsel.**--The Chief of Appeals shall have authority to obtain legal assistance and advice from the staff of the Office of the Chief Counsel. The Chief Counsel shall ensure, to the extent practicable, that such assistance and advice is provided by staff of the Office of the Chief Counsel who were not involved in the case with respect to which such assistance and advice is sought and who are not involved in preparing such case for litigation.

(7) **Access to case files.**--

(A) **In general.**--In any case in which a conference with the Internal Revenue Service Independent Office of Appeals has been scheduled upon request of a specified taxpayer, the Chief of Appeals shall ensure that such taxpayer is provided

TD_0000224

access to the nonprivileged portions of the case file on record regarding the disputed issues (other than documents provided by the taxpayer to the Internal Revenue Service) not later than 10 days before the date of such conference.

**(B) Taxpayer election to expedite conference.**--If the taxpayer so elects, subparagraph (A) shall be applied by substituting "the date of such conference" for "10 days before the date of such conference".

**(C) Specified taxpayer.**--For purposes of this paragraph--

**(i) In general.**--The term "specified taxpayer" means--

**(I)** in the case of any taxpayer who is a natural person, a taxpayer whose adjusted gross income does not exceed $400,000 for the taxable year to which the dispute relates, and

**(II)** in the case of any other taxpayer, a taxpayer whose gross receipts do not exceed $5 million for the taxable year to which the dispute relates.

**(ii) Aggregation rule.**--Rules similar to the rules of section 448(c)(2) shall apply for purposes of clause (i)(II).

**(f) Internal Revenue Service Chief Information Officer.**--

**(1) In general.**--There shall be in the Internal Revenue Service an Internal Revenue Service Chief Information Officer (hereafter referred to in this subsection as the "IRS CIO") who shall be appointed by the Commissioner of Internal Revenue.

**(2) Centralized responsibility for Internal Revenue Service information technology.**--The Commissioner of Internal Revenue (and the Secretary) shall act through the IRS CIO with respect to all development, implementation, and maintenance of information technology for the Internal Revenue Service. Any reference in this subsection to the IRS CIO which directs the IRS CIO to take any action, or to assume any responsibility, shall be treated as a reference to the Commissioner of Internal Revenue acting through the IRS CIO.

**(3) General duties and responsibilities.**--The IRS CIO shall--

**(A)** be responsible for the development, implementation, and maintenance of information technology for the Internal Revenue Service,

**(B)** ensure that the information technology of the Internal Revenue Service is secure and integrated,

**(C)** maintain operational control of all information technology for the Internal Revenue Service,

**(D)** be the principal advocate for the information technology needs of the Internal Revenue Service, and

**(E)** consult with the Chief Procurement Officer of the Internal Revenue Service to ensure that the information technology acquired for the Internal Revenue Service is consistent with--

**(i)** the goals and requirements specified in subparagraphs (A) through (D), and

**(ii)** the strategic plan developed under paragraph (4).

**(4) Strategic plan.--**

**(A) In general.**--The IRS CIO shall develop and implement a multiyear strategic plan for the information technology needs of the Internal Revenue Service. Such plan shall--

**(i)** include performance measurements of such technology and of the implementation of such plan,

**(ii)** include a plan for an integrated enterprise architecture of the information technology of the Internal Revenue Service,

**(iii)** include and take into account the resources needed to accomplish such plan,

**(iv)** take into account planned major acquisitions of information technology by the Internal Revenue Service, and

**(v)** align with the needs and strategic plan of the Internal Revenue Service.

**(B) Plan updates.**--The IRS CIO shall, not less frequently than annually, review and update the strategic plan under subparagraph (A) (including the plan for an integrated enterprise architecture described in subparagraph (A)(ii)) to take into account the development of new information technology and the needs of the Internal Revenue Service.

**(5) Scope of authority.--**

**(A) Information technology.**--For purposes of this subsection, the term "information technology" has the meaning given such term by section 11101 of title 40, United States Code.

**(B) Internal Revenue Service.**--Any reference in this subsection to the Internal Revenue Service includes a reference to all components of the Internal Revenue Service, including--

**(i)** the Office of the Taxpayer Advocate,

**(ii)** the Criminal Investigation Division of the Internal Revenue Service, and

TD_0000226

**(iii)** except as otherwise provided by the Secretary with respect to information technology related to matters described in subsection (b)(3)(B), the Office of the Chief Counsel.

**CREDIT(S)**

(Aug. 16, 1954, c. 736, 68A Stat. 915; Pub.L. 92-310, Title II, § 230(e), June 6, 1972, 86 Stat. 209; Pub.L. 94-455, Title XIX, § 1906(a)(58), (b)(13)(A), Oct. 4, 1976, 90 Stat. 1833, 1834; Pub.L. 105-206, Title I, § 1102(a), July 22, 1998, 112 Stat. 697; Pub.L. 110-176, § 1(a), Jan. 4, 2008, 121 Stat. 2532; Pub.L. 110-428, § 2(c), Oct. 15, 2008, 122 Stat. 4840; Pub.L. 114-113, Div. Q, Title IV, § 401(a), Dec. 18, 2015, 129 Stat. 3117; Pub.L. 116-25, Title I, §§ 1001(a), 1301(a) to (b)(2), (3)(B) to (c), Title II, § 2101(a), July 1, 2019, 133 Stat. 983, 991, 992, 1008; Pub.L. 117-286, § 4(b)(46), Dec. 27, 2022, 136 Stat. 4348.)

Notes of Decisions (23)

26 U.S.C.A. § 7803, 26 USCA § 7803
Current through P.L. 119-36. Some statute sections may be more current, see credits for details.

---

**End of Document**                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:25-cv-00457-CKK    Document 48-4    Filed 10/29/25    Page 112 of 130

§ 301.6103(i)–1 Disclosure of returns and return..., 26 C.F.R. §...

Code of Federal Regulations
  Title 26. Internal Revenue
    Chapter I. Internal Revenue Service, Department of the Treasury
      Subchapter F. Procedure and Administration
        Part 301. Procedure and Administration (Refs & Annos)
          Information and Returns
            Returns and Records
              Miscellaneous Provisions

26 C.F.R. § 301.6103(i)–1, Treas. Reg. § 301.6103(i)–1

§ 301.6103(i)–1 Disclosure of returns and return information (including taxpayer return information) to and by officers and employees of the Department of Justice or another Federal agency for use in Federal grand jury proceeding, or preparation for proceeding or investigation, involving enforcement of Federal criminal statute not involving tax administration.

Currentness

**(a) Disclosure of returns and return information (including taxpayer return information) to officers and employees of the Department of Justice or another Federal agency.** Returns and return information (including taxpayer return information), as defined in section 6103(b)(1), (2), and (3) of the Internal Revenue Code, shall, to the extent provided by section 6103(i)(1), (2), and (3) and subject to the requirements of section 6103(i)(1) and (2), be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) or of another Federal agency (as defined in section 6103(b)(9)) personally and directly engaged in, and for their necessary use in, any Federal grand jury proceeding, or preparation for any administration or judicial proceeding (or their necessary use in an investigation which may result in such a proceeding), pertaining to enforcement of a specifically designated Federal criminal statute not involving or related to tax administration to which the United States or such agency is or may be a party.

**(b) Disclosure of returns and return information (including taxpayer return information) by officers and employees of the Department of Justice or another Federal agency. (1)** Returns and return information (including taxpayer return information), as defined in section 6103(b)(1), (2), and (3) of the Code, disclosed to officers and employees of the Department of Justice or other Federal agency (as defined in section 6103(b)(9)) as provided by paragraph (a) of this section may be disclosed by such officers and employees to other persons, including, but not limited to, persons described in subparagraph (2) of this paragraph, but only to the extent necessary in connection with a Federal grand jury proceeding, or the proper preparation for a proceeding (or in connection with an investigation which may result in such a proceeding), described in paragraph (a). Such disclosures may include, but are not limited to, disclosures where necessary—

   **(i)** To properly obtain the services of persons having special knowledge or technical skills (such as, but not limited to, handwriting analysis, photographic development, sound recording enhancement, or voice identification);

   **(ii)** To properly interview, consult, depose, or interrogate or otherwise obtain relevant information from, the taxpayer to whom such return or return information relates (or such taxpayer's legal representative) or any witness who may be called to give evidence in the proceeding; or

TD_0000228

Case 1:25-cv-00457-CKK    Document 48-4    Filed 10/29/25    Page 113 of 130

§ 301.6103(i)–1 Disclosure of returns and return..., 26 C.F.R. §...

**(iii)** To properly conduct negotiations concerning, or obtain authorization for, disposition of the proceeding, in whole or in part, or stipulations of fact in connection with the proceeding.

Disclosure of a return or return information to a person other than the taxpayer to whom such return or return information relates or such taxpayer's legal representative to properly accomplish any purpose or activity described in this subparagraph should be made, however, only if such purpose or activity cannot otherwise properly be accomplished without making such disclosures.

**(2)** Among those persons to whom returns and return information may be disclosed by officers and employees of the Department of Justice or other Federal agency as provided by subparagraph (1) of this paragraph are—

**(i)** Other officers and employees of the Department of Justice (including an office, board, division, or bureau of such department, such as the Federal Bureau of Investigation or the Drug Enforcement Administration) or other Federal agency described in subparagraph (1), such as clerical personnel (for example, secretaries, stenographers, docket and file room clerks, and mail room employees) and supervisory personnel (for example, in the case of the Department of Justice, Section Chiefs, Deputy Assistant Attorneys General, Assistant Attorneys General, the Deputy Attorney General, the Attorney General, and supervisory personnel of the Federal Bureau of Investigation or the Drug Enforcement Administration);

**(ii)** Officers and employees of another Federal agency (as defined in section 6103(b)(9)) working under the direction and control of such officers and employees of the Department of Justice or other Federal agency described in subparagraph (1); and

**(iii)** Court reporters.

(Authority: Secs. 6103 and 7805 of the Internal Revenue Code of 1954 (90 Stat. 1667, 68A Stat. 917; 26 U.S.C. 6103 and 7805))

**Credits**
[T.D. 7723, 45 FR 65568, Oct. 3, 1980]

SOURCE: 32 FR 15241, Nov. 3, 1967; T.D. 9610, 78 FR 5994, Jan. 28, 2013; T.D. 9628, 78 FR 49369, Aug. 14, 2013; T.D. 9679, 79 FR 41891, July 18, 2014; T.D. 9687, 79 FR 47264, Aug. 12, 2014; T.D. 9764, 81 FR 25334, April 28, 2016; T.D. 9768, 81 FR 27322, May 6, 2016; T.D. 9780, 81 FR 51797, Aug. 5, 2016; T.D. 9844, 84 FR 6530, Feb. 27, 2019; T.D. 9849, 84 FR 9239, March 14, 2019; T.D. 9860, 84 FR 24382, May 28, 2019; T.D. 9922, 85 FR 72074, Nov. 12, 2020; T.D. 9940, 85 FR 83447, Dec. 22, 2020; T.D. 9964, 87 FR 50244, Aug. 16, 2022; T.D. 9969, 87 FR 75489, Dec. 9, 2022; T.D. 9972, 88 FR 11766, Feb. 23, 2023; T.D. 9988, 89 FR 17595, March 11, 2024; T.D. 9995, 37774, May 6, 2024; T.D. 10011, 89 FR 87785, Nov. 5, 2024; T.D. 10013, 89 FR 93175, Nov. 26, 2024; T.D. 10017, 89 FR 104422, Dec. 23, 2024; T.D. 10026, 90 FR 3021, Jan. 14, 2025; T.D. 10030, 90 FR 3662, Jan. 15, 2025, unless otherwise noted.

AUTHORITY: 26 U.S.C. 7805.; Section 301.1474–1 also issued under 26 U.S.C. 1474(f).; Section 301.6011–2 also issued under 26 U.S.C. 6011(e).; Section 301.6011–3 also issued under 26 U.S.C. 6011.; Section 301.6011–5 also issued under 26 U.S.C. 6011.; Section 301.6011–6 also issued under 26 U.S.C. 6011(a).; Section 301.6011–7 also issued under 26 U.S.C. 6011(e).; Section 301.6011–10 also issued under 26 U.S.C. 6011.; Section 301.6011–11 also issued under 26 U.S.C. 6011.; Section 301.6011–12 also issued under 26 U.S.C. 6011.; Section 301.6011–13 also issued under 26 U.S.C. 6011.; Section 301.6011–

TD_0000229

Case 1:25-cv-00457-CKK   Document 48-4   Filed 10/29/25   Page 114 of 130

§ 301.6103(f)–1 Disclosure of returns and return..., 26 C.F.R. §...

14 also issued under 26 U.S.C. 6011.; Section 301.6011–15 also issued under 26 U.S.C. 6011.; Section 301.6012–2 also issued under 26 U.S.C. 6012.; Section 301.6033–4 also issued under 26 U.S.C. 6033.; Section 301.6036–1 also issued under 26 U.S.C. 6036.; Section 301.6037–2 also issued under 26 U.S.C. 6037.; Section 301.6039E–1 also issued under 26 U.S.C. 6039E.; Section 301.6050M–1 also issued under 26 U.S.C. 6050M.; Section 301.6057–3 also issued under 26 U.S.C. 6011 and 6057.; Section 301.6058–2 also issued under 26 U.S.C. 6011 and 6058.; Section 301.6059–2 also issued under 26 U.S.C. 6011 and 6059.; Section 301.6061–1 also issued under 26 U.S.C. 6061.; Section 301.6081–2 also issued under 26 U.S.C. 6081(a).; Section 301.6103(c)–1 also issued under 26 U.S.C. 6103(c).; Section 301.6103(h)(4)–1 also issued under 26 U.S.C. 6103(h)(4) and 26 U.S.C. 6103(q).; Section 301.6103(j)(1)–1 also issued under 26 U.S.C. 6103(j)(1) and 6103(q).; Section 301.6103(j)(5)–1 also issued under 26 U.S.C. 6103(j)(5).; Section 301.6103(k)(6)–1 also issued under 26 U.S.C. 6103(k)(6).; Section 301.6103(k)(6)–1T also issued under 26 U.S.C. 6103(k)(6).; Section 301.6103(k)(9)–1 also issued under 26 U.S.C. 6103(k)(9) and 26 U.S.C. 6103(q).; Section 301.6103(l)–1 also issued under 26 U.S.C. 6103(q).; Section 301.6103(l)(14)–1 also issued under 26 U.S.C. 6103(l)(14).; Section 301.6103(l)(21)–(1) also issued under 26 U.S.C. 6103(l)(21) and 6103(q).; Section 301.6103(m)–1 also issued under 26 U.S.C. 6103(q).; Section 301.6103(n)–1 also issued under 26 U.S.C. 6103(n).; Section 301.6103(n)–2 also issued under 26 U.S.C. 6103(q).; Section 301.6103(p)(2)(B)–1 also issued under 26 U.S.C. 6103(p)(2).; Section 301.6103(p)(2)(B)–1T also issued under 26 U.S.C. 6103(p)(2).; Sections 301.6103(p)(4)–1 and 301.6103(p)(7)–1T also issued under 26 U.S.C. 6103(p)(4) and (7) and (q).; Section 301.6104(a)–6(d) is also issued under 5 U.S.C. 552.; Section 301.6104(b)–1(d)(4) is also issued under 5 U.S.C. 552.; Section 301.6104(c)–1 also issued under 26 U.S.C. 6104(c).; Section 301.6104(d)–1(d)(3)(i) is also issued under 5 U.S.C. 552.; Section 301.6104(d)–2 also issued under 26 U.S.C. 6104(d)(3).; Section 301.6104(d)–3 also issued under 26 U.S.C. 6104(d)(3).; Section 301.6104(d)–4 also issued under 26 U.S.C. 6104(e)(3).; Section 301.6104(d)–5 also issued under 26 U.S.C. 6104(e)(3).; Section 301.6109–1 also issued under 26 U.S.C. 6109 (a), (c), and (d).

Section 301.6109–3 also issued under 26 U.S.C. 6109.; Section 301.6111–1T also issued under 26 U.S.C. 6111.; Section 301.6111–2T also issued under 26 U.S.C. 6111(f)(4).; Section 301.6111–3 also issued under 26 U.S.C. 6111.; Section 301.6111–3T also issued under 26 U.S.C. 6111.; Section 301.6112–1T also issued under 26 U.S.C. 6112.; Section 301.6114–1 also issued under 26 U.S.C. 6114.; Section 301.6213–2 also issued under 26 U.S.C. 6213.; Section 301.6221(a)–1 also issued under 26 U.S.C. 6221.; Section 301.6221(b)–1 also issued under sections 6221 and 6241.; Section 301.6222–1 also issued under 26 U.S.C. 6222 and 6223.; Section 301.6222(a)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6222(a)–2T also issued under 26 U.S.C. 6230(k).; Section 301.6222(b)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6222(b)–2T also issued under 26 U.S.C. 6230(k).; Section 301.6222(b)–3T also issued under 26 U.S.C. 6230 (i) and (k).; Section 301.6223(a)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6223(a)–2T also issued under 26 U.S.C. 6230(k).; Section 301.6223(b)–1T also issued under 26 U.S.C. 6230 (i) and (k).; Section 301.6223(b)–2T also issued under 26 U.S.C. 6230(k).; Section 301.6223(c)–1T also issued under 26 U.S.C. 6223(c) and 6230 (i) and (k).; Section 301.6223(e)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6223(e)–2T also issued under 26 U.S.C. 6230 (i) and (k).; Section 301.6223(f)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6223(g)–1T also issued under 26 U.S.C. 6223(g) and 6230 (i) and (k).; Section 301.6223(h)–1T also issued under 26 U.S.C. 6230 (i) and (k).; Section 301.6224(a)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6224(b)–1T also issued under 26 U.S.C. 6230 (i) and (k).; Section 301.6224(c)–1T also issued under 26 U.S.C. 6230 (i) and (k).; Section 301.6224(c)–2T also issued under 26 U.S.C. 6230(k).; Section 301.6224(c)–3T also issued under 26 U.S.C. 6230 (i) and (k).; Section 301.6225–1 also issued under 26 U.S.C. 6225.; Section 301.6225–2 also issued under 26 U.S.C. 6223 and 6225.; Section 301.6225–3 also issued under 26 U.S.C. 6225.; Section 301.6226–1 also issued under 26 U.S.C. 6223 and 6226.; Section 301.6226–2 also issued under 26 U.S.C. 6226.; Section 301.6226–3 also issued under 26 U.S.C. 6226.; Section 301.6226(a)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6226(b)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6226(f)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6227–1 also issued under 26 U.S.C. 6223 and 6227.; Section 301.6227–2 also issued under 26 U.S.C. 6227.; Section 301.6227–3 also issued under 26 U.S.C. 6227.; Section 301.6229(c)(2)–1 is also issued under 26 U.S.C. 6230(k).; Section 301.6229(c)(2)–1T is also issued under 26 U.S.C. § 6230(k).; Section 301.6231–1 also issued under 26 U.S.C. 6231.; Section 301.6231(a)(6)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6231(a)(7)–1 also issued under 26 U.S.C. 6230 (i) and (k).; Section 301.6231(a)(7)–2 also issued under 26 U.S.C. 6230 (i) and (k).

TD_0000230

Case 1:25-cv-00457-CKK    Document 48-4    Filed 10/29/25    Page 115 of 130

§ 301.6103(l)–1 Disclosure of returns and return..., 26 C.F.R. §...

Section 301.6231(a)(12)–1T also issued under 26 U.S.C. 6230(k) and 6231(a)(12).; Section 301.6231(c)–1 also issued under 26 U.S.C. 6231(c)(1) and (3).; Section 301.6231(c)–2 also issued under 26 U.S.C. 6231(c)(1) and (3).; Section 301.6231(c)–3T also issued under 26 U.S.C. 6230(k) and 6231(c).; Section 301.6231(c)–4T also issued under 26 U.S.C. 6230(k) and 6231(c).; Section 301.6231(c)–5T also issued under 26 U.S.C. 6230(k) and 6231(c).; Section 301.6231(c)–6T also issued under 26 U.S.C. 6230(k) and 6231(c).; Section 301.6231(c)–7T also issued under 26 U.S.C. 6230(k) and 6231(c).; Section 301.6231(c)–8T also issued under 26 U.S.C. 6230(k) and 6231(c).; Section 301.6231(d)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6231(e)–1T also issued under 26 U.S.C. 6230(k).; Section 301.6231(e)–2T also issued under 26 U.S.C. 6230(k).; Section 301.6231(f)–1T also issued under 26 U.S.C. 6230 (i) and (k) and 6231(f).; Section 301.6232–1 also issued under 26 U.S.C. 6232.; Section 301.6233–1T also issued under 26 U.S.C. 6230(k) and 6233.; Section 301.6233(a)–1 also issued under 26 U.S.C. 6233.; Section 301.6233(b)–1 also issued under 26 U.S.C. 6233.; Section 301.6234–1 also issued under 26 U.S.C. 6234.; Section 301.6235–1 also issued under 26 U.S.C. 6235.; Section 301.6241–1 also issued under sections 48D(d), 6241, and 6417.; Section 301.6241–2 also issued under 26 U.S.C. 6241.; Section 301.6241–3 also issued under 26 U.S.C. 6241.; Section 301.6241–4 also issued under 26 U.S.C. 6241.; Section 301.6241–5 also issued under 26 U.S.C. 6241.; Section 301.6241–6 also issued under 26 U.S.C. 6241.; Section 301.6241–7 also issued under sections 48D(d), 6241, and 6417.; Section 301.6311–2 also issued under 26 U.S.C. 6311.; Section 301.6323(f)–(1)(c) also issued under 26 U.S.C. 6323(f)(3).; Section 301.6325–1T also issued under 26 U.S.C. 6326.; Section 301.6335–1 also issued under 26 U.S.C. 6335(e)(2).; Section 301.6343–1 also issued under 26 U.S.C. 6343.; Section 301.6343–2 also issued under 26 U.S.C. 6343.; Section 301.6402–2(g) also issued under 26 U.S.C. 6402(n).; Section 301.6402–3 also issued under 95 Stat. 357 amending 88 Stat. 2351.; Section 301.6402–7 also issued under 26 U.S.C. 6402(i) and 6411(c).; Section 301.6404–2 also issued under 26 U.S.C. 6404.; Section 301.6404–3 also issued under 26 U.S.C. 6404(f)(3).; Section 301.6621–1 also issued under 26 U.S.C. 6230(k).; Section 301.6689–1 also issued under 26 U.S.C. 6689(a), 26 U.S.C. 6227(d), and 26 U.S.C. 6241(11).; Section 301.6689–1T also issued under 26 U.S.C. 6689(a).; Section 301.6708–1 also issued under 26 U.S.C. 6708.; Section 301.6721–1 also issued under 26 U.S.C. 6011 and 6721.; Section 301.6751(b)–1(a) (4) also issued under 26 U.S.C. 6751(b)(1).; Section 301.7216–2, paragraphs (o) and (p) also issued under 26 U.S.C. 7216(b) (3).; Section 301.7502–1 also issued under 26 U.S.C. 7502.; Section 301.7502–2 also issued under 26 U.S.C. 7502.; Section 301.7507–1 also issued under 26 U.S.C. 597.; Section 301.7507–9 also issued under 26 U.S.C. 597.; Section 301.7508–1 also issued under 26 U.S.C. 7508(a)(1)(K).; Section 301.7508A–1 also issued under 26 U.S.C. 7508(a)(1)(K) and 7508A(a).

Section 301.7605–1 also issued under Section 6228(b) of the Technical and Miscellaneous Revenue Act of 1988.; Sections 301.7623–1 through 301.7623–4 also issued under 26 U.S.C. 7623.; Section 301.7624–1 also issued under 26 U.S.C. 7624.; Section 301.7701–2 also issued under 26 U.S.C. 7701.; Sections 301.7701(b)–1 through 301.7701(b)–9 also issued under 26 U.S.C. 7701(b)(11).; Section 301.7701(i)–1(g)(1) also issued under 26 U.S.C. 7701(i)(2)(D).; Section 301.7701(i)–4(b) also issued under 26 U.S.C. 7701(i)(3).; Section 301.7705–1 also issued under 26 U.S.C. 7705(h).; Section 301.7705–2 also issued under 26 U.S.C. 7705(h).; Section 301.7803–2 is also issued under 26 U.S.C. 7803(e).; Section 301.7803–3 is also issued under 26 U.S.C. 7803(e).; Section 301.9000–1 also issued under 5 U.S.C. 301 and 26 U.S.C. 6103(q) and 7804.; Section 301.9000–2 also issued under 5 U.S.C. 301 and 26 U.S.C. 6103(q) and 7804.; Section 301.9000–3 also issued under 5 U.S.C. 301 and 26 U.S.C. 6103(q) and 7804.; Section 301.9000–4 also issued under 5 U.S.C. 301 and 26 U.S.C. 6103(q) and 7804.; Section 301.9000–5 also issued under 5 U.S.C. 301 and 26 U.S.C. 6103(q) and 7804.; Section 301.9000–6 also issued under 5 U.S.C. 301 and 26 U.S.C. 6103(q) and 7804.; Section 301.9100–1T also issued under 26 U.S.C. 6081.; Section 301.9100–2T also issued under 26 U.S.C. 6081.; Section 301.9100–3T also issued under 26 U.S.C. 6081.; Section 301.9100–4T also issued under 26 U.S.C. 168(f)(8)(G).; Section 301.9100–7T also issued under 26 U.S.C. 42, 48, 56, 83, 141, 142, 143, 145, 147, 165, 168, 216, 263, 263A, 448, 453C, 468B, 469, 474, 585, 616, 617, 1059, 2632, 2652, 3121, 4982, 7701; and under the Tax Reform Act of 1986, 100 Stat. 2746, sections 203, 204, 243, 311, 646, 801, 806, 905, 1704, 1801, 1802, and 1804.; Section 301.9100–8 also issued under 26 U.S.C. 1(i)(7), 41(h), 42(b)(2)(A)(ii), 42(d)(3), 42(f)(1), 42(g)(3), 42(i)(2)(B), 42(j)(5)(B), 121(d)(9), 142(i) (2), 165(l), 168(b)(2), 219(g)(4), 245(a)(10), 263A(d)(1), 263A(d)(3)(B), 263A(h), 460(b)(3), 643(g)(2), 831(b)(2)(A), 835(a), 865(f), 865(g)(3), 865(h)(2), 904(g)(10), 2056(b)(7)(c)(ii), 2056A(d), 2523(f)(6)(B), 3127, and 7520(a); the Technical and Miscellaneous Revenue Act of 1988, 102 Stat. 3324 [So in original; probably should read "102 Stat. 3342".], sections 1002(a) (23)(B), 1005(c)(11), 1006(d)(15), 1006(j)(1)(C), 1006(t)(18)(B), 1012(n)(3), 1014(c)(1), 1014(c)(2), 2004(j)(1), 2004(m)(5), 5012(e)(4), 6181(c)(2), and 6277; and under the Tax Reform Act of 1986, 100 Stat. 2746, section 905(a).; Sections 301.9100–9T, 301.9100–10T and 301.9100–11T also issued under 26 U.S.C. 1103 (g) and (h) and 6158(a).; Sections 301.9100–13T,

TD_0000231

Case 1:25-cv-00457-CKK    Document 48-4    Filed 10/29/25    Page 116 of 130

§ 301.6103(i)–1 Disclosure of returns and return..., 26 C.F.R. §...

301.9100–14T and 301.9100–15T also issued under 26 U.S.C. 108(d)(8) and 1017(b)(3)(E).; Section 301.9100–16T also issued under 26 U.S.C. 463(d).; Section 301.9100–22T is also issued under section 1101(g)(4) of Public Law 114–74.

### HISTORICAL NOTES

### Effective and Applicability Notes

The regulations apply to disclosures of returns and return information made after October 3, 1980.

Notes of Decisions (6)

Current through October 15, 2025, 90 FR 48266. Some sections may be more current. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

TD_0000232




Publication **1075**

# Tax Information Security Guidelines

## For Federal, State and Local Agencies

Safeguards for Protecting Federal Tax Returns and Return Information






TD_0000233

### IRS Mission Statement

Provide America's taxpayers top-quality service by helping them understand and meet their tax responsibilities and enforce the law with integrity and fairness to all.

### Office of Safeguards Mission Statement

The Mission of Safeguards is to promote taxpayer confidence in the integrity of the tax system by ensuring the confidentiality of IRS information provided to federal, state, and local agencies. Safeguards verifies compliance with Internal Revenue Code (IRC) § 6103(p)(4) safeguard requirements through the identification and mitigation of any risk of loss, breach or misuse of Federal Tax Information (FTI) held by external government agencies.

### Office of Safeguards Vision Statement

To serve as a trusted advisor to our Partners, ensuring they have full understanding and insight into FTI requirements and their risk profile, obtain consistent and timely guidance from a "single voice" and receive service and support that is aligned to their risk profile.

We will drive the customer experience and FTI compliance via a collaborative and empowered culture and a cross-trained workforce that is built around a risk-based operating model that integrates infrastructure and processes to enable efficient and effective operations.

TD_0000234

# Contents

*IRS Mission Statement*_____*2*

*Office of Safeguards Mission Statement* _____*2*

*Office of Safeguards Vision Statement* _____*2*

*Highlights for November 2021 Revision*_____*12*

*Security and Privacy Control Table* _____*17*

*INTRODUCTION* _____*23*

   General_____23

   Overview of Publication 1075_____24

*SAFEGUARD RESOURCES* _____*24*

   Safeguards Website_____24

   Safeguards Mailbox _____25

*KEY DEFINITIONS* _____*25*

   Federal Tax Information _____25

   Return and Return Information_____26

   Personally Identifiable Information (PII) _____26

   Information Received from Taxpayers or Third Parties _____27

   Access _____27

   Cloud Computing _____27

   Inadvertent Access_____27

   Inadvertent Disclosure _____27

   Incidental Access _____27

   Unauthorized Access _____27

   Unauthorized Disclosure _____28

   Need-to-Know _____28

   Adverse Action _____28

   Disciplinary Action _____28

   Personnel Sanction _____28

*1.0 FEDERAL TAX INFORMATION, REVIEWS and OTHER REQUIREMENTS* ____*29*

*1.1 General* _____*29*

*1.2 Authorized Use of FTI* _____*29*

*1.3 Secure Data Transfer* _____*30*

*1.4 State Tax Agency Limitations* _____*30*

TD_0000235

***1.5 Coordinating Safeguards within an Agency*** _____ **31**

***1.6 Safeguard Reviews*** _____ **31**

1.6.1 Before the Review _____ 31

1.6.2 During the Review _____ 32

1.6.3 After the Review _____ 32

***1.7 Termination of FTI*** _____ **33**

1.7.1 Agency Request _____ 33

**1.7.1.1 Termination Documentation** _____ **33**

**1.7.1.2 Archiving FTI Procedure** _____ **34**

1.7.2 FTI Suspension, Termination and Administrative Review _____ 34

***1.8 Reporting Improper Inspections or Disclosures*** _____ **34**

1.8.1 Terms _____ 34

**1.8.1.1 Data Incident** _____ **34**

**1.8.1.2 Data Breach** _____ **35**

1.8.2 General _____ 35

1.8.3 Office of Safeguards Notification Process _____ 36

1.8.4 Incident Response Procedures _____ 37

1.8.5 Incident Response Notification to Impacted Individuals _____ 37

***1.9 Disclosure to Other Persons*** _____ **38**

1.9.1 General _____ 38

1.9.2 Authorized Disclosure Precautions _____ 38

1.9.3 External Personnel Security _____ 38

1.9.4 Disclosing FTI to Contractors or Sub-Contractors _____ 38

1.9.5 Re-Disclosure Agreements _____ 40

***1.10 Return Information in Statistical Reports*** _____ **40**

1.10.1 General _____ 40

1.10.2 Making a Request under IRC § 6103(j) _____ 41

1.10.3 State Tax Agency Statistical Analysis _____ 41

***2.0 PHYSICAL SECURITY REQUIREMENTS*** _____ **42**

***2.A Recordkeeping Requirement – IRC § 6103(p)(4)(A)*** _____ **42**

2.A.1 General _____ 42

2.A.2 Logs of FTI (Electronic and Non-Electronic Receipts) _____ 42

Figure 1 – Sample FTI Logs _____ 43

2.A.3 Converted Media_____ 43

2.A.4 Recordkeeping of Disclosures to State Auditors_____ 43

***2.B Secure Storage – IRC § 6103(p)(4)(B)*** _____ **43**

2.B.1 General _____ 43

2.B.2 Minimum Protection Standards _____ 44

Table 1 – Minimum Protection Standards _____ 44

2.B.3 Restricted Area Access _____ 45
    **2.B.3.1 Visitor Access Logs** _____ **45**
    **Figure 2 – Visitor Access Log** _____ **46**
    **2.B.3.2 Authorized Access List** _____ **46**
    **2.B.3.3 Controlling Access to Areas Containing FTI** _____ **47**
    **2.B.3.4 Control and Safeguarding Keys and Combinations** _____ **47**
    **2.B.3.5 Locking Systems for Secured Areas** _____ **48**

2.B.4 FTI in Transit _____ 48
    **2.B.4.1 Security During Office Moves** _____ **48**

2.B.5 Physical Security of Computers, Electronic and Removable Media _____ 48

2.B.6 Media Off-Site Storage Requirements _____ 49

2.B.7 Alternate Work Site _____ 49
    **2.B.7.1 Equipment** _____ **49**
    **2.B.7.2 Storing Data** _____ **50**
    **2.B.7.3 Other Safeguards** _____ **50**

***2.C Restricting Access – IRC § 6103(p)(4)(C)*** _____ ***50***

2.C.1 General _____ 50

2.C.2 Policies and Procedures _____ 51

2.C.3 Background Investigation Minimum Requirements _____ 53
    **2.C.3.1 Background Investigation Requirement Implementation** _____ **54**

2.C.4 Personnel Actions _____ 54
    **2.C.4.1 Personnel Transfer** _____ **54**
    **2.C.4.2 Personnel Sanctions** _____ **55**
    **2.C.4.3 Personnel Termination** _____ **55**

2.C.5 Commingling of FTI _____ 55
    **2.C.5.1 Commingling of Electronic Media** _____ **56**

2.C.6 Access to FTI via State Tax Files or Through Other Agencies _____ 56

2.C.7 Offshore Operations _____ 57

2.C.8 Controls Over Processing _____ 57
    **2.C.8.1 Agency-owned and Operated Facility** _____ **57**
    **2.C.8.2 Agency, Contractor or Sub-Contractor Shared Facilities** _____ **57**

2.C.9 Service Level Agreements (SLA) _____ 58

2.C.10 Review Availability of Contractor and Sub-Contractor Facilities _____ 59

2.C.11 Restricting Access – Other Disclosures _____ 59
    **2.C.11.1 Child Support Agencies—IRC §§ 6103(l)(6), (l)(8) and (l)(10)** _____ **59**
    **2.C.11.2 Human Services Agencies—IRC § 6103(l)(7)** _____ **60**
    **2.C.11.3 Deficit Reduction Agencies—IRC § 6103(l)(10)** _____ **60**
    **2.C.11.4 Centers for Medicare and Medicaid Services—IRC § 6103(l)(12)(C)** ___ **60**
    **2.C.11.5 Disclosures under IRC § 6103(l)(20)** _____ **60**
    **2.C.11.6 Disclosures under IRC § 6103(l)(21)** _____ **60**
    **2.C.11.7 Disclosures under IRC § 6103(i)** _____ **61**

TD_0000237

**2.C.11.8 Disclosures under IRC § 6103(m)(2)** _____ **61**

## 2.D Other Safeguards - IRC § 6103(p)(4)(D) _____ 61

2.D.1 General _____ 61

2.D.2 Training Requirements _____ 61
    **Table 2 – Training Requirements** _____ **62**
    **2.D.2.1 Disclosure Awareness Training** _____ **62**
    **2.D.2.2 Disclosure Awareness Training Products** _____ **64**

2.D.3 Internal Inspections and On-Site Reviews _____ 64
    **2.D.4 Recordkeeping** _____ **65**
    **2.D.5 Secure Storage** _____ **65**
    **2.D.6 Limited Access** _____ **65**
    **2.D.7 Disposal** _____ **66**
    **2.D.8 Computer Systems Security** _____ **66**
    **2.D.9 Plan of Action and Milestones (POA&M)** _____ **66**

## 2.E Reporting Requirements – IRC § 6103(p)(4)(E) _____ 66

2.E.1 General _____ 66

2.E.2 Report Submission Instructions _____ 66

2.E.3 Encryption Requirements _____ 67

2.E.4 Safeguards Security Reports (SSR) _____ 67
    **2.E.4.1 Initial SSR Submission Instructions – New Agency Responsibilities** _____ **68**

Table 3 – SSR Evidentiary Documentation _____ 69
    **2.E.4.2 Agencies Requesting New FTI Data Streams** _____ **71**
    **2.E.4.3 Annual SSR Update Submission Instructions** _____ **72**
    **2.E.4.4 SSR Submission Dates** _____ **72**
    **Table 4 - SSR Submission Dates** _____ **73**

2.E.5 Corrective Action Plan _____ 73
    **2.E.5.1 CAP Submission Instructions** _____ **74**
    **2.E.5.2 CAP Submission Dates** _____ **75**
    **Table 5 – CAP Submission Dates** _____ **75**

2.E.6 Notification Reporting Requirements _____ 76
    **Table 6 – Notification Reporting** _____ **76**
    **2.E.6.1 Cloud Computing** _____ **76**
    **2.E.6.2 Contractor or Sub-Contractor Access** _____ **77**
    **2.E.6.3 Tax Modeling** _____ **77**
    **2.E.6.4 Live Data Testing** _____ **77**

## 2.F Disposing of FTI – IRC § 6103(p)(4)(F) _____ 77

2.F.1 General _____ 77

2.F.2 Returning IRS Information to the Source _____ 78

2.F.3 Destruction and Disposal _____ 78
    **Table 7 - FTI Destruction Methods** _____ **78**
    **2.F.3.1 Media Sanitization** _____ **79**

2.F.4 Other Precautions _____ 79

3.1 General _____ 81

3.2 Assessment Process _____ 81

TD_0000238

Table 8 – Assessment Methodologies _____ 82

3.3 Technology-Specific Requirements _____ 82
   3.3.1 Cloud Computing _____ 82
   3.3.2 Email Communications _____ 83
   3.3.3 Facsimile and Facsimile Devices _____ 84
   3.3.4 Mobile Devices _____ 85
   3.3.5 Multifunction Devices (MFDs) and High-Volume Printers (HVPs) _____ 85
   3.3.6 Network Boundary and Infrastructure _____ 85
   3.3.7 Virtual Desktop Infrastructure _____ 86
   3.3.8 Public-Facing Systems _____ 86

**4.0 NIST 800-53 SECURITY AND PRIVACY CONTROLS _____ 88**

4.1 ACCESS CONTROL _____ 88
   AC-1 Access Control Policy and Procedures _____ 88
   AC-2 Account Management _____ 88
   AC-3 Access Enforcement _____ 90
   AC-4 Information Flow Enforcement_____ 91
   AC-5 Separation of Duties _____ 91
   AC-6 Least Privilege _____ 91
   AC-7: Unsuccessful Logon Attempts _____ 92
   AC-8: System Use Notification _____ 93
   AC-11: Device Lock_____ 93
   AC-12: Session Termination _____ 94
   AC-14: Permitted Actions Without Identification or Authentication _____ 94
   AC-17: Remote Access _____ 94
   AC-18: Wireless Access _____ 95
   AC-19: Access Control for Mobile Devices _____ 96
   AC-20: Use of External Systems _____ 96
   AC-21: Information Sharing _____ 97
   AC-22: Publicly Accessible Content _____ 97
   AC-23: Data Mining Protection _____ 98

4.2 AWARENESS AND TRAINING _____ 99
   AT-1: Awareness and Training Policy and Procedures _____ 99
   AT-2: Awareness Training _____ 99
   AT-3: Role-Based Training _____ 100
   AT-4: Training Records _____ 101
   AT-6: Training Feedback _____ 101

4.3 AUDIT AND ACCOUNTABILITY _____ 102
   AU-1: Audit and Accountability Policy and Procedures _____ 102
   AU-2: Audit Events _____ 102
   AU-3: Content of Audit Records _____ 103
   AU-4: Audit Storage Capacity _____ 103
   AU-5: Response to Audit Processing Failures _____ 103
   AU-6: Audit Review, Analysis and Reporting_____ 104
   AU-7: Audit Reduction and Report Generation _____ 104
   AU-8: Time Stamps _____ 105
   AU-9: Protection of Audit _____ 105
   AU-11: Audit Record Retention _____ 105
   AU-12: Audit Generation _____ 105
   AU-16: Cross-Organizational Auditing Logging _____ 106

4.4 ASSESSMENT, AUTHORIZATION AND MONITORING_____ 107
   CA-1: Assessment, Authorization and Monitoring Policy and Procedures _____ 107
   CA-2: Control Assessments_____ 107

TD_0000239

**CA-3: Information Exchange** _____ **108**
**CA-5: Plan of Action and Milestones** _____ **108**
**CA-6: Authorization** _____ **109**
**CA-7: Continuous Monitoring** _____ **109**
**CA-8: Penetration Testing** _____ **110**
**CA-9: Internal System Connections** _____ **110**

**4.5 CONFIGURATION MANAGEMENT** _____ 112
**CM-1: Configuration Management Policy and Procedures** _____ **112**
**CM-2: Baseline Configuration** _____ **112**
**CM-3: Configuration Change Control** _____ **113**
**CM-4: Security and Privacy Impact Analyses** _____ **114**
**CM-5: Access Restrictions for Change**_____ **114**
**CM-6: Configuration Settings** _____ **115**
**CM-7: Least Functionality** _____ **115**
**CM-8: System Component Inventory** _____ **116**
**CM-9: Configuration Management Plan** _____ **117**
**CM-10: Software Usage Restrictions** _____ **117**
**CM-11: User-Installed Software** _____ **118**
**CM-12: Information Location** _____ **118**
**CM-13: Data Action Mapping** _____ **118**
**CM-14: Signed Components** _____ **118**

**4.6 CONTINGENCY PLANNING** _____ 119
**CP-1: Contingency Planning Policy and Procedures** _____ **119**
**CP-2: Contingency Plan** _____ **119**
**CP-3: Contingency Training**_____ **120**
**CP-4: Contingency Plan Testing** _____ **121**
**CP-9: System Backup** _____ **121**
**CP-10: System Recovery and Reconstitution** _____ **122**

**4.7 IDENTIFICATION AND AUTHENTICATION** _____ 123
**IA-1: Identification and Authentication Policy and Procedures**_____ **123**
**IA-2: Identification and Authentication (Organizational Users)** _____ **123**
**IA-3: Device Identification and Authentication** _____ **124**
**IA-4: Identifier Management** _____ **125**
**IA-5: Authenticator Management**_____ **125**
**IA-6: Authenticator Feedback** _____ **127**
**IA-7: Cryptographic Module Authentication**_____ **128**
**IA-8: Identification and Authentication (Non-Organizational Users)** _____ **128**
**IA-9: Service Identification and Authentication** _____ **128**
**IA-11: Re-Authentication** _____ **129**
**IA-12: Identity Proofing**_____ **129**

**4.8 INCIDENT RESPONSE** _____ 131
**IR-1: Incident Response Policy and Procedures** _____ **131**
**IR-2: Incident Response Training** _____ **131**
**IR-3: Incident Response Testing** _____ **132**
**IR-4: Incident Handling**_____ **132**
**IR-5: Incident Monitoring** _____ **133**
**IR-6: Incident Reporting** _____ **133**
**IR-7: Incident Response Assistance** _____ **134**
**IR-8: Incident Response Plan**_____ **134**
**IR-9: Information Spillage Response** _____ **135**

**4.9 MAINTENANCE** _____ 136
**MA-1: System Maintenance Policy and Procedures** _____ **136**
**MA-2: Controlled Maintenance** _____ **136**

TD_0000240

**MA-3: Maintenance Tools** _____ **137**
**MA-4: Nonlocal Maintenance** _____ **137**
**MA-5: Maintenance Personnel** _____ **138**
**MA-6: Timely Maintenance** _____ **139**

4.10 MEDIA PROTECTION _____140
**MP-1: Media Protection Policy and Procedures** _____ **140**
**MP-2: Media Access** _____ **140**
**MP-3: Media Marking** _____ **140**
**MP-4: Media Storage** _____ **140**
**MP-5: Media Transport** _____ **141**
**MP-6: Media Sanitization** _____ **141**
**MP-7: Media Use** _____ **142**

4.11 PHYSICAL AND ENVIRONMENTAL PROTECTION _____143
**PE-1: Physical and Environmental Policy and Procedures** _____ **143**
**PE-2: Physical Access Authorizations** _____ **143**
**PE-3: Physical Access Control** _____ **143**
**PE-4: Access Control for Transmission** _____ **144**
**PE-5: Access Control for Output Devices** _____ **144**
**PE-6: Monitoring Physical Access** _____ **145**
**PE-8: Visitor Access Records** _____ **145**
**PE-16: Delivery and Removal** _____ **145**
**PE-17: Alternate Work Site** _____ **145**

4.12 PLANNING _____147
**PL-1: Planning Policy and Procedures** _____ **147**
**PL-2: System Security and Privacy Plans** _____ **147**
**PL-4: Rules of Behavior** _____ **149**
**PL-8: Security and Privacy Architectures** _____ **149**

4.13 PROGRAM MANAGEMENT _____151
**PM-1: Information Security Program Plan** _____ **151**
**PM-2: Information Security Program Leadership Role** _____ **151**
**PM-3: Information Security and Privacy Resources** _____ **152**
**PM-4: Plan of Action and Milestones Process** _____ **152**
**PM-5: System Inventory** _____ **152**
**PM-7: Enterprise Architecture** _____ **153**
**PM-9: Risk Management Strategy** _____ **153**
**PM-10: Authorization Process** _____ **154**
**PM-12: Insider Threat Program** _____ **154**
**PM-14: Testing, Training and Monitoring** _____ **154**
**PM-18: Privacy Program Plan** _____ **155**
**PM-19: Privacy Program Leadership Role** _____ **155**
**PM-21: Accounting of Disclosures** _____ **156**
**PM-29: Risk Management Program Leadership Roles** _____ **156**

4.14 PERSONNEL SECURITY _____157
**PS-1: Personnel Security Policy and Procedures** _____ **157**
**PS-2: Position Risk Designation** _____ **157**
**PS-3: Personnel Screening** _____ **157**
**PS-4: Personnel Termination** _____ **158**
**PS-5: Personnel Transfer** _____ **158**
**PS-6: Access Agreements** _____ **158**
**PS-7: External Personnel Security** _____ **159**
**PS-8: Personnel Sanctions** _____ **159**
**PS-9: Position Descriptions** _____ **159**

TD_0000241

4.15 PERSONALLY IDENTIFIABLE INFORMATION PROCESSING AND TRANSPARENCY ___160
   PT-1: Personally Identifiable Information Processing and Transparency Policy and
   Procedures_____ 160
   PT-2: Authority to Process Personally Identifiable Information _____ 160

4.16 RISK ASSESSMENT _____161
   RA-1: Risk Assessment Policy and Procedures _____ 161
   RA-3: Risk Assessment _____ 161
   RA-5: Vulnerability Monitoring and Scanning _____ 162
   RA-7: Risk Response _____ 163
   RA-8: Privacy Impact Assessments _____ 163

4.17 SYSTEM AND SERVICES ACQUISITION _____163
   SA-1: System and Services Acquisition Policy and Procedures _____ 163
   SA-2: Allocation of Resources _____ 164
   SA-3: System Development Life Cycle _____ 164
   SA-4: Acquisition Process _____ 165
   SA-5: System Documentation _____ 166
   SA-8: Security Engineering Principles _____ 167
   SA-9: External System Services _____ 167
   SA-10: Developer Configuration Management_____ 168
   SA-11: Developer Testing and Evaluation _____ 169
   SA-15: Development Process, Standards and Tools _____ 169
   SA-22: Unsupported System Components _____ 170

4.18 SYSTEM AND COMMUNICATIONS PROTECTION_____171
   SC-1: System and Communications Protection Policy and Procedures _____ 171
   SC-2: Application Partitioning _____ 171
   SC-4: Information in Shared System Resources _____ 171
   SC-7: Boundary Protection _____ 171
   SC-8: Transmission Confidentiality and Integrity _____ 174
   SC-10: Network Disconnect _____ 174
   SC-12: Cryptographic Key Establishment and Management _____ 175
   SC-13: Cryptographic Protection _____ 175
   SC-15: Collaborative Computing Devices and Applications _____ 175
   SC-17: Public Key Infrastructure Certificates _____ 175
   SC-18: Mobile Code _____ 176
   SC-20: Secure Name/Address Resolution Service (Authoritative Source)_____ 176
   SC-21: Secure Name/Address Resolution Service (Recursive or Caching Resolver)_____ 176
   SC-22: Architecture and Provisioning for Name/Address Resolution Service _____ 177
   SC-23: Session Authenticity _____ 177
   SC-28: Protection of Information at Rest _____ 177
   SC-35: External Malicious Code Identification_____ 178
   SC-39: Process Isolation _____ 178
   SC-45: System Time Synchronization _____ 178

4.19 SYSTEM AND INFORMATION INTEGRITY _____179
   SI-1: System and Information Integrity Policy and Procedures _____ 179
   SI-2: Flaw Remediation_____ 179
   SI-3: Malicious Code Protection _____ 180
   SI-4: System Monitoring _____ 181
   SI-5: Security Alerts, Advisories and Directives _____ 183
   SI-7: Software, Firmware and Information Integrity _____ 183
   SI-8: Spam Protection_____ 184
   SI-10: Information Input Validation _____ 184
   SI-11: Error Handling _____ 184

SI-12: Information Management and Retention _____ 184
SI-16: Memory Protection _____ 185
4.20 SUPPLY CHAIN RISK MANAGEMENT _____ 186
SR-1: Supply Chain Risk Management Policy and Procedures _____ 186
SR-2: Supply Chain Risk Management Plan _____ 186
SR-3: Supply Chain Controls and Processes _____ 186
SR-6: Supplier Assessments and Reviews _____ 187
SR-10: Inspection of Systems and Components _____ 187
SR-11: Component Authenticity _____ 187

*Exhibit 1 IRC §§ 6103(a) and (b)* _____ 188

*Exhibit 2 IRC § 6103(p)(4)* _____ 192

*Exhibit 3 Code of Federal Regulations (CFR) § 301.6103(p)(7)-1 [T.D. 9445, 74 FR 6830, Feb. 11, 2009]* _____ 194

*Exhibit 4 IRC §§ 7213 and 7213A – Sanctions for Unauthorized Disclosure and Access* _____ 196

*Exhibit 5 IRC § 7431 - Civil Damages for Unauthorized Inspection or Disclosure of Returns and Return Information* _____ 198

*Exhibit 6 Contractor 45-Day Notification Procedures* _____ 200

*Exhibit 7 Safeguarding Contract Language* _____ 202

*Exhibit 8 Warning Banner Examples* _____ 205

*Exhibit 9 Record Retention Schedules* _____ 206
Table 9 - Record Retention Schedules _____ 206

*GLOSSARY AND KEY TERMS* _____ 207

*INDEX* _____ 214

TD_0000243

## Highlights for November 2021 Revision

This publication revises and supersedes Publication 1075 (November 2016) and is effective 6 months after the publication date. Feedback for Publication 1075 is highly encouraged. Please send any comments to SafeguardReports@irs.gov, using "Publication 1075 comment/feedback" in the subject line. Editorial changes have been made throughout to update references and terms. Web and citation references were added/updated throughout to make the text easier to research in electronic format. Following are the highlighted changes:

1) Publication 1075 has been reformatted, and all sections have been renumbered. Section 1.0 is Federal Tax Information, Reviews and Other Requirements; Section 2.0 is Physical Security Requirements and is numbered to include the applicable IRC § 6103 subsections, the key Safeguarding elements; Section 3.0 is CyberSecurity Requirements; and Section 4.0 is the NIST 800-53 Revision 5 Security and Privacy Controls.

2) Section 4.0, NIST (National Institutes of Standards and Technology) 800-53 Security and Privacy Controls has been updated to align with NIST 800-53 *Revision 5* Security and Privacy controls. Some controls have been added, but all have been reviewed and/or updated.

3) Privacy controls previously in NIST 800-53 Rev 4 Appendix J, are now fully integrated into the NIST controls.

4) NIST SP 800-63, Digital Identity Guidelines, requirements have been adapted into this revision.

5) Treasury Directive 85-01 defined requirements have been included in several Section 4.0 NIST 800-53 Security and Privacy Controls and are shown as *IRS-Defined*.

6) Security and Privacy Control Table has been added for reference. This table identifies the controls, which are privacy related, which overlap with physical controls and identifies those controls new to this revision of the Publication 1075.

7) Many instances of "should" throughout the document have been changed to "must".

8) Key Definitions "Information Spillage", Access, "Unauthorized Inadvertent Access and Incidental Access" have been added. "Unauthorized Disclosure and Need-to-Know have been updated for clarification. The term "Access" was also added.

9) Section 1.2, Authorized Use of FTI has been updated.

10) Section 1.6, Safeguards Reviews now includes the terms "on-site, remote, or a combination of both (hybrid)" as types of assessments and descriptions for on-site reviews and remote reviews.

11) Former Section 2.7, Conducting the Review, has been split into the current Sections 1.6.1, Before the Review, 1.6.2, During the Review and 1.6.3 After the Review, and updated to reflect current on-site review procedures.

12) Former Section 2.7.2, Computer Security Review has been removed and incorporated into Section 3.2 Assessment Process.

13) Former Tables 1 and 2 – Safeguard Review Cycle and IT Testing Techniques have been removed and incorporated into Section 3.2, Assessment Process.

14) Former Section 2.9, Termination of FTI, has been changed to Section 1.7, Termination of FTI-Agency Request.

TD_0000244

15) Sections <u>1.8, Reporting Improper Inspections or Disclosures</u>, <u>1.9 Disclosures to Other Persons</u> and <u>1.10 Return Information in Statistical Reports</u>, formerly Sections 10, 11 and 12 have been relocated to the front of Publication 1075.

16) Sections <u>1.8.1, Terms</u>, <u>1.8.1.1 Incident</u> and <u>1.8.1.2 Data Breach</u> are new items.

17) <u>Section 1.8.2, General – Reporting Improper Inspections or Disclosures</u>, was updated to include information regarding spillage and was also updated to reflect the NIST IR Control requirements.

18) <u>Section 1.8.4, Incident Response Procedures</u> now includes requirement for tabletop incident response testing from NIST IR-3 and the requirement to track and document incidents from NIST IR-5.

19) The requirement in former Section 3.1, General Recordkeeping Requirement (now <u>Section 2.A.1</u>), for an inventory of IT systems has been removed. Please see NIST Controls <u>CM-8, System Component Inventory</u> and <u>PM-5, System Inventory</u>, for guidance.

20) <u>Section 2.A.2, Logs of FTI (Electronic and Non-Electronic Receipts),</u> has been updated and references NIST Control AU-2, Audit Events. Additionally, <u>Figure 1 – Sample FTI Logs</u> was updated to include the Electronic Receipts Sample log.

21) <u>Section 2.B.2, Minimum Protection Standards</u>, was updated to include requirements for MFDs or High-Volume Printers.

22) Created new heading for <u>Section 2.B.3.1, Visitor Access Logs</u> and included previous Section 4.2 information.

23) <u>Section 2.B.3.1, Visitor Access Logs</u>, has been updated for clarity and adds retention requirement.

24) <u>Section 2.B.3.2, Authorized Access List</u> has been updated for clarity. The Authorized Access List must be reviewed monthly or upon occurrence or potential indication of an event such as a possible security breach or personnel change.

25) <u>Section 2.B.3.3, Controlling Access to Areas Containing FTI</u>, has been updated for clarity. The agency must maintain a policy addressing issuance of appropriate authorization credentials, including badges, identification cards or smart cards. This policy must include proper use and accountability requirements.

26) <u>Section 2.B.4.1, Security During Office Moves</u>, has been added.

27) <u>Section 2.B.7, Alternate Work Site</u> was formerly Section 4.7, Telework Locations.

28) <u>Section 2.B.7, Alternate Work Site,</u> no longer includes requirement for agency inspections of telework locations

29) <u>Section 2.C.1 General - Restricting Access</u> has been updated to include requirements for auditing controls.

30) <u>Section 2.C.2, Policies and Procedures</u> has been added and includes required policies and procedures related to physical controls. New policies and procedures include Access Control, Audit and Accountability, Media Protection, Privacy Authorization, Physical and Environmental Security, and Personnel Security. Insider Threat Program and Privacy Program plans have also been included.

TD_0000245

31) Section 2.C.3, Background Investigation Minimum Requirements has been changed to reflect updated requirement for *reinvestigations to be conducted every five (5) years* (previously 10 years).

32) Section 2.C.3, Background Investigation Minimum Requirements, was rearranged for clarity.

33) Section 2.C.3.1, Background Investigation Requirement Implementation – Removed first paragraph that referenced a one-year implementation period beginning with the last revision of the Publication 1075.

34) Added new Section 2.C.4, Personnel Actions, which includes new Section 2.C.4.1, Personnel Transfer (PS-5), Section 2.C.4.2 Personnel Sanctions (PS-8) and Section 2.C.4.3, Personnel Terminations (PS-4).

35) Added new Section 2.C.7, Offshore Operations, which contains some information that was previously included in former Section 5.3 Access to FTI via State Tax Files or Through Other Agencies.

36) Section 2.C.9, Service Level Agreements (SLA) was formerly Section 5.4.2.2, Consolidated Data Centers and has been updated to reflect more inclusive language, state support functions and includes requirement for Exhibit 7 language.

37) Section 2.D.2.1, Disclosure Awareness Training, has been updated to include the prohibition of FTI in training and a requirement to add role-based training and practical exercises. Training must also include security and privacy updates at least quarterly in addition to annual awareness. The Safeguards' Disclosure Awareness Training video can be used to supplement training but is not intended to fulfill all training requirements.

38) Section 2.D.2.1, Disclosure Awareness Training, has been updated to better align with NIST 800-53 Controls.

39) Section 2.D.2, Table 2, Training Requirements, has been updated to include Insider Threat Awareness Training.

40) Section 2.D.2.2, Disclosure Awareness Training Products, has been updated with current titles of available products.

41) Section 2.D.3, Internal Inspections, has been updated to include self-certification requirements.

42) Section 2.D.9, Plan of Action and Milestones (POA&M) has been updated for clarity.

43) Section 2.E.2 Report Submission Instructions, has been updated to include the Head of Agency may delegate authority to sign Safeguard report submissions.

44) Sections 2.E.4.4, SSR Submission Dates and 2.E.5.2 CAP Submission Dates, have been updated to reflect the correct postal code for CNMI and associated due dates.

45) Previous Section 7.3.1 CAP Submission Instructions and Submission Dates, has been split up into new Sections 2.E.5.1 CAP Submission Instructions and 2.E.5.2, CAP Submission Dates, for clarity.

46) Table 6 in Section 2.E.6, Notification Reporting Requirements has been updated.

47) Section 2.E.6.1 Cloud Computing, and Section 2.E.6.4 Live Data Testing have been updated for

TD_0000246