UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR TAXPAYER RIGHTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, *et al.*, <br><br> Defendants. | Civil Action No. 25-0457 (CKK) |

ORDER
(November 21, 2025)

For the reasons stated in the accompanying Memorandum Opinion, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' [26] Motion to Dismiss and **GRANTS** the [30] Motion for Stay under 5 U.S.C. § 705 or, in the Alternative, for a Preliminary Injunction, filed by Plaintiffs Center for Taxpayer Rights; Main Street Alliance; National Federation of Federal Employees, IAM AFL-CIO; and Communications Workers of America, AFL-CIO. The Court has held that Defendant IRS's August 7, 2025, disclosure of confidential taxpayer address information to ICE, pursuant to a new policy (the "Address-Sharing Policy"), was unlawful under the Administrative Procedure Act and Internal Revenue Code Section 6103(i)(2). Accordingly, it is hereby:

**ORDERED** that Defendants' [26] Motion to Dismiss is **GRANTED** as to Count One of Plaintiffs' [20] Amended Complaint, in which Plaintiffs assert a non-statutory challenge to allegedly *ultra vires* action, and **DENIED** as to Count Two, in which Plaintiffs assert claims under the Administrative Procedure Act and allege violations of the Internal Revenue Code and the Privacy Act. It is therefore **ORDERED** that Count One of Plaintiffs' [20] Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

1

It is further **ORDERED** that the new policy of the Internal Revenue Service ("IRS") to disclose the confidential address information of tens of thousands of taxpayers to Immigration and Customs Enforcement ("ICE") under Section 6103(i)(2) of the Internal Revenue Code, in reliance on representations from ICE that the addresses are relevant to and will be used for immigration-related criminal investigations and proceedings, even when ICE identifies only a single ICE employee (or a small number of ICE employees) as the employee(s) "personally and directly engaged" in each of the tens of thousands of relevant criminal investigations or proceedings (the "Address-Sharing Policy"), is **STAYED** pending further review. *See* 5 U.S.C. § 705.

It is further **ORDERED** that Defendants IRS; Department of the Treasury; and Scott Bessent, in both his official capacity as Secretary of the Treasury and his official capacity as Acting Commissioner of the IRS,[1] are **PRELIMINARILY ENJOINED** from disclosing any return information,[2] including taxpayer return information,[3] to the Department of Homeland Security ("DHS") or any of its component agencies pursuant to Section 6103(i)(2), except in strict compliance with the requirements of that Section, including that the recipients of the information be "officers and employees of [the receiving] agency who are personally and directly engaged in" a relevant nontax criminal investigation or proceeding and that the recipients will use the information "solely for" that criminal investigation or proceeding. *See* 26 U.S.C. § 6103(i)(2).

It is further **ORDERED** that, until further order of this Court, within 48 hours of receiving any future request from DHS or any of its component agencies for return information, including taxpayer return information, pursuant to Internal Revenue Code Section 6103(i)(2), Defendant IRS

---

[1] The Court takes judicial notice that Defendant Scott Bessent became Acting Commissioner of the IRS in August 2025. *See* Fed. R. Evid. 201(b). Accordingly, Defendant Bessent, in his official capacity as Acting Commissioner of the IRS, is automatically substituted as a party for Defendant Michael Faulkender, who Plaintiffs named as a Defendant in his official capacity a Acting Commissioner of the IRS. *See* Fed. R. Civ. P. 25(d).
[2] In this Order, "return information" has the meaning provided in 26 U.S.C. § 6103(b)(2).
[3] In this Order, "taxpayer return information" has the meaning provided in 26 U.S.C. § 6103(b)(3).

2

shall file a notice with the Court, under seal, informing the Court and the Plaintiffs that it has received such a request.

It is further **ORDERED** that, if Defendant IRS determines that disclosure to DHS or any of its component agencies in response to any such request would be lawful, Defendant IRS shall file a notice with the Court, under seal, at least 72 hours before providing such disclosure to the requesting agency, notifying the Court and Plaintiffs of (1) the type of information that was requested; (2) the number of individuals for whom information was requested; (3) the number of individuals for whom IRS expects to disclose any information, including any return information; (4) the statutory authority under which the relevant nontax criminal proceeding or investigation at issue is taking place; (5) the name(s) of the officer(s) and employee(s) whom the requesting agency has identified to be "personally and directly engaged" in the relevant nontax criminal proceeding or investigation at issue; and (6) the requesting agency's "specific reason or reasons why such disclosure is, or may be, relevant to [the] proceeding or investigation."  *See* 26 U.S.C. § 6103(i)(2)(A).  In any such filing, Defendant IRS shall not include the addresses or names of any taxpayers whose information has been requested.

Because ICE is not a party to this litigation, it is further **ORDERED** that, on or before November 24, 2025, Defendant IRS shall notify ICE in writing that this Court has held that Defendant IRS's August 7, 2025, disclosure of confidential taxpayer address information to ICE was unlawful under the Administrative Procedure Act and Internal Revenue Code Section 6103(i)(2).  It is further **ORDERED** that Defendant IRS shall promptly file with the Court a copy of Defendant IRS's notice to ICE pursuant to this Order.

It is further **ORDERED** that, on or before November 24, 2025, Defendant Bessent, in his official capacity as Secretary of the Treasury, or his designee, shall notify Secretary Kristi Noem,

3

in her official capacity as Secretary of Homeland Security, and Todd M. Lyons, in his official capacity as Senior Official Performing the Duties of the Director of ICE, that, consistent with Section 6103(p)(4) of the Internal Revenue Code, Defendant Bessent or his designee, in furtherance of his responsibilities under the Internal Revenue Code, shall require that ICE will:

1. "restrict . . . access to the returns or return information" disclosed on August 7, 2025, "only to persons whose duties and responsibilities require access and to whom disclosure may be made" consistent with the requirements of Section 6103(i)(2), including the requirement that such persons be "personally and directly engaged" in a relevant nontax criminal investigation or proceeding and that the information be used "solely for" such investigation or proceeding, *see* 26 U.S.C. § 6103(p)(4)(C); (i)(2)(A); and

2. "upon completion of use of" the confidential return information received from the IRS on August 7, 2025, cause that information to be "return[ed] to the Secretary" or his designee or otherwise made "undisclosable," *see id.* § 6103(p)(4)(F).

It is further **ORDERED** that Defendant Bessent, in his official capacity as Secretary of the Treasury, shall promptly file with the Court a copy of his notice to Secretary Noem and Mr. Lyons pursuant to this Order, and shall also file a copy of any response received from ICE within three days of receiving any such response.

**SO ORDERED.**

**Dated:** November 21, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge