IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR TAXPAYER RIGHTS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00457-CKK |

**CONSENT MOTION FOR STAY OF ALL DISTRICT COURT PROCEEDINGS
PENDING THE APPEAL OF THE COURT'S NOVEMBER 21, 2025 ORDER**

Defendants respectfully request the Court to stay all district court proceedings pending the appeal of the Court's Order dated November 21, 2025 (ECF No. 53). Defendants conferred with Plaintiffs regarding this motion, and they stated they consent to the motion.

In support of this motion, Defendants state as follows:

1. On November 21, 2025, this Court entered an order granting Plaintiffs' motion for stay under 5 U.S.C. § 705 or, in the alternative, for a preliminary injunction. ECF No. 53.

2. Defendants filed a notice of appeal of that order on January 5, 2026, ECF No. 59, and filed an amended notice of appeal on January 6. ECF No. 62.

3. On Defendant's motion, the U.S. Court of Appeals for the D.C. Circuit expedited the appeal of that order, setting a schedule so that briefing will conclude on April 9, 2026, and oral argument will be held in May 2026. *See* Order, *Center for Taxpayer Rights v. IRS*, No. 26-5006 (Jan. 16, 2026).

4.  This Court has broad discretion to stay proceedings under its inherent powers "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

5.  A stay is warranted here so that the D.C. Circuit can decide the relevant legal issues, while allowing the parties to conserve their resources, in a case where an administrative record has already been produced.

6.  The stay will not harm any party because—absent an order by this Court or the D.C. Circuit—the Court's preliminary injunction will remain in effect.

7.  Defendants conferred with Plaintiffs regarding this motion, and Plaintiffs stated that they did not oppose a stay in the district court proceedings as long as Defendants agreed to two conditions, to which Defendants agreed:

   a.  *First*, during the stay, Defendants agree to inform plaintiffs with 3 days advance notice before the IRS (1) creates a new Application Programming Interface ("API") that shares return information or taxpayer return information with agencies outside the IRS, or (2) uses an API created after February 2025 to share return information or taxpayer return information with agencies outside the IRS.

   b.  *Second*, each side can lift the stay at any time. But if either side chooses to ask the Court to lift the stay, the parties will submit a joint status report setting a proposed schedule for the next steps in the proceeding within ten days after the Court lifts the stay.

8.  If the Court grants this motion and no party chooses to lift the stay, the parties will confer about the next steps of the proceedings before this Court and submit a joint status report once the D.C. Circuit issues its decision in *Center for Taxpayer Rights v. IRS*, No. 26-5006.

Dated: January 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ J. Stephen Tagert*
J. STEPHEN TAGERT
Trial Attorney
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-5486
stephen.tagert@usdoj.gov

*Counsel for Defendants*