# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR TAXPAYER RIGHTS et al.,

*Plaintiffs*,

v.

INTERNAL REVENUE SERVICE et al.,

*Defendants*.

Civil Action No. 25-cv-457-CKK

**PLAINTIFFS' [PROPOSED] INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

Plaintiffs Center for Taxpayer Rights, Main Street Alliance, National Federation of Federal Employees, IAM AFL-CIO, and Communications Workers of America, AFL-CIO, through their undersigned attorneys, propound the following Interrogatories and Requests for Production of Documents ("RFPs") to Defendants the Internal Revenue Service ("IRS"), the U.S. Department of the Treasury, and Scott Bessent, in his capacities as Acting Commissioner of the IRS and as Secretary of the Treasury.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions shall apply to the Interrogatories and Requests for Production, set forth below:

"August 7, 2025 Disclosure" refers to the set of data the IRS transmitted to ICE in response to a request made pursuant to 26 U.S.C. § 6103(i)(2).

"Communications" means documents transmitting information by any means including through correspondence, electronic mail, electronic messages, memoranda, reports, and attachments to such documents when exchanged.

"Concern," "concerning," "relate to," or "relating to" have their commonly understood meanings, to include comprising, reflecting, evidencing, constituting, pertaining to, dealing with, referring to, respecting, consisting of, embodying, establishing, connected with, commenting on, describing, analyzing, and/or showing.

"DHS" refers to the U.S. Department of Homeland Security, including its component agencies, including but not limited to Immigration and Customs Enforcement ("ICE").

"Defendants" or "you" means the IRS, the Department of the Treasury, and Scott Bessent, in his official capacities as Acting Commissioner of the IRS and as Secretary of the Treasury.

"Documents" is synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s) but is not limited to electronically stored information.

"Identify" when used in connection with the term "individual" or "individuals" means to state the person's name, title, and employing agency. When identifying Documents, please provide the Bates label, docket entry, or other identifier where available.

"IRS" refers to Defendant Internal Revenue Service.

"MOU" refers to the Memorandum of Understanding pursuant to which the IRS has agreed to share information about taxpayers with ICE, docketed in the above-captioned case at Dkt. 30-6.

"Romo Declaration" refers to the Declaration of Dottie A. Romo, executed February 11, 2026, and filed at Dkt. 66-1 in the above-captioned case.

Each Interrogatory shall be answered separately and fully, under oath. In answering these Interrogatories, you are required to furnish all information that is available to you, including information that is in the possession and/or control of your attorneys, officers, agents, employees, and representatives. If you cannot answer any Interrogatory fully, you should so state and answer it to the fullest extent possible, specifying what part you are unable to answer and the reasons for the incomplete answer.

If you object to any Interrogatory, state all reasons for the objection. An objection to only part of an Interrogatory must specify which part is objected to, and you should respond to every other part of the Interrogatory or RFP. If you object to any term in an Interrogatory as vague or unclear, you should assume a usual and reasonable meaning for the term, explain the meaning you are using, and respond to the Request.

If you assert any claim of privilege regarding any of these Interrogatories, state with respect to each claim of privilege the identity of the item with respect to which the privilege is claimed with sufficient particularity to enable the matter to be brought before the Court for a ruling on such a claim, if needed, and state the alleged ground of privilege and the complete factual basis for such a claim.

If you object to any request or portion thereof on the ground that you contend that it calls for a document that is privileged, falls within the work product doctrine, or is otherwise protected from disclosure, provide a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5).

Unless otherwise specified, the time period covered by these discovery requests ("Relevant Time Period") is June 27, 2025, until the date of Defendants' responses. You are hereby requested

to supplement your responses on an ongoing basis, up to and including the end date of this discovery period.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

1. Identify the date when and describe the circumstances under which Defendants first became aware that the August 7, 2025, Disclosure may have included disclosures based on "incomplete or insufficient address information" in ICE's request, including but not limited to identifying the individual(s) who first identified such disclosures. Romo Decl. ¶18.

2. Identify (1) the date on which Defendants notified DHS that that the August 7, 2025 Disclosure, may have included disclosures based on "incomplete or insufficient address information" in ICE's request, (2) the individual(s) at the IRS who made such notification, and (3) the individual(s) at DHS to whom this notification was made.

3. Describe Defendants' knowledge regarding (1) any safeguards DHS put in place to protect the data provided in the August 7, 2025 Disclosure and ensure compliance with Section 6103, either before or after the discovery of a potentially improper disclosure, including the individual(s) responsible for putting those safeguards in place, (2) any efforts DHS (including but not limited to ICE) has taken to sequester, restrict usage of, or destroy data provided to ICE by the IRS "based on incomplete or insufficient address information" in ICE's request, Romo Decl. ¶18, and (3) whether and how DHS personnel accessed or used data that was provided "based on incomplete or insufficient address information."

4. Describe Defendants' factual basis for (1) its previous representations that IRS only provided taxpayer information to ICE in response to a request including a complete address, and (2) the statements in the Romo Declaration Concerning the process used to review and respond to ICE's information request (¶¶ 6-10) and the IRS's discovery that information had been provided "based on incomplete or insufficient address information" (¶¶ 11-17).

5. Identify the IRS office(s) or division(s) that carried out each step of the process used to review and respond to ICE's information request as described in the Romo Declaration (¶¶ 6-10).

6. Describe all quality control mechanisms or other safeguards or processes—manual and automated—used by the IRS, prior to on the August 7, 2025, Disclosure, that were intended to ensure each incoming request (including the "address" field) was complete and satisfied the requirements of Section 6103(i)(2). For each such quality control measure, please specify whether it was conducted on a sample or the full set of requests and responses and identify the IRS office(s) or division(s) responsible for carrying it out.

7. Describe (1) the basis for Defendants' estimate "that less than 5% of the 47,289 individuals for whom the IRS identified a match and provided ICE a last known address from IRS's systems had potentially incomplete or potentially insufficient ICE-provided address

information," Romo Decl. ¶16, including the methodology used to produce that estimate and the individual(s) who produced it, and (2) the process by which and timeline on which the IRS will complete its review and identify all such individuals, including the methodology that is being or will be used and the individual(s) conducting the review.

8. Describe all steps Defendants contend they took to ensure that ICE would "establish and maintain, to the satisfaction of the Secretary," safeguards to protect taxpayer data transferred to DHS under the MOU, at any time, including following the Court's November 21, 2025 order, Dkt. 54, Your response should include but not be limited to identifying (1) the individual(s) at the IRS who engaged in any such communications with DHS regarding those expectations, (2) the date(s) on which any such communications occurred, (3) the expectations conveyed by the IRS and any commitments or information provided by DHS, and (4) any steps the IRS took to verify DHS's compliance.

9. Describe any steps Defendants have taken to investigate the scope and cause(s) of the IRS's disclosure of information to ICE "based on incomplete or insufficient address information" identified in the Romo Declaration, including identifying the IRS office(s) or division(s) and specific individual(s) responsible for carrying out such investigation.

10. Describe any changes the IRS has made to its policies and practices governing the handling and inter-agency sharing of taxpayer information since the IRS's disclosure of information to ICE "based on incomplete or insufficient address information" identified in the Romo Declaration.

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All Documents referenced in your responses to Plaintiffs' First Set of Interrogatories or that you relied upon to provide your responses to Plaintiffs' First Set of Interrogatories.

2. All Documents relied upon to prepare the Romo Declaration.

3. All Documents Concerning the safeguards in place at DHS (including but not limited to ICE), as required by 26 U.S.C. § 6103(p), for the data provided in the August 7, 2025, Disclosure.

4. All Communications between the IRS and DHS Concerning (1) the taxpayer addresses supplied in ICE's requests for information under 26 U.S.C. § 6103(i)(2); (2) the requirement that a requesting agency include a complete address for the taxpayer about whom it seeks information; or (3) deficiencies in ICE's requests for information under 26 U.S.C. § 6103(i)(2) related to the requirement to provide an address for each taxpayer identified in the request.

5. All Documents Concerning when and how Defendants became aware of the disclosure of taxpayer information to DHS or ICE in response to requests containing missing or incomplete addresses.

6. All Documents (including Communications) Concerning (1) the process used to review and respond to ICE's information request as described in the Romo Declaration (¶¶ 6-10), and (2) any quality control mechanisms or other safeguards or processes—manual or automated—used by the IRS, prior to the August 7, 2025 Disclosure, to verify that each incoming request (including the "address" field) was complete and satisfied the requirements of Section 6103(i)(2).